**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00641-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG ELECTRONIC CO., LTD AND SAMSUNG ELECTRONICS
AMERICA, INC.'S ANSWER AND DEFENSES TO PLAINTIFF
HEADWATER RESEARCH LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.

("SEA") (collectively "Defendants" or "Samsung") respectfully submit this Answer to Headwater

Research LLC's ("Headwater") Complaint for Patent Infringement ("Complaint") filed on

December 29, 2023. Samsung denies the allegations and characterizations in Headwater's

Complaint unless expressly admitted in the following paragraphs, which correspond to the

numbered paragraphs in the Complaint.

**BACKGROUND[1]**

1.      Samsung admits that Headwater purports to bring a patent infringement action for

alleged infringement of United States Patent Nos. 8,588,110 ("the '110 patent"), 8,639,811 ("the

---

[1] Samsung repeats the headings set forth in the Complaint to simplify comparison of the Complaint
and this response. In doing so, Samsung makes no admissions regarding the substance of the
headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a
particular heading can be construed as an allegation, Samsung specifically denies all such
allegations.

'811 patent"), 9,179,359 ("the '359 patent"), and 9,647,918 ("the '918 patent") (collectively, the "Asserted Patents").  Samsung denies any remaining allegations contained in Paragraph 1 of the Complaint.

2.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11.     To the extent Paragraph 11 recites and implicates legal conclusions, no response is required.  Samsung admits that certain mobile devices can be used for communication and

entertainment and can exchange data via wireless and cellular networks.  Samsung denies any remaining allegations.

12.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15.     Denied.

## NOTICE OF THE ASSERTED PATENTS

16.     Denied.

17.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20.     Samsung admits that between 2013-2016, SEA worked with Sprint.  Samsung further admits that in instances during 2013-2016, SEA interacted with ItsOn in relation to SEA's work with Sprint.  Samsung is without knowledge or information sufficient to form a belief about the allegations concerning work between Sprint and ItsOn and on that basis denies them.  To the extent that Paragraph 20 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung denies the remaining allegations in Paragraph 20 of the Complaint.

21.     Samsung admits that certain ItsOn software was installed on certain end user Samsung wireless devices sold by Sprint.  To the extent that Paragraph 21 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23.     Samsung admits that in instances, SEA employees interacted with ItsOn employees concerning bugs in ItsOn technology.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.     Samsung admits that in instances, SEA employees interacted with ItsOn employees concerning bugs in ItsOn technology.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies them.

26.      To the extent that Paragraph 26 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 26 of the Complaint and therefore denies them.

27.      To the extent that Paragraph 27 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a

belief about the truth of any remaining allegations in Paragraph 27 of the Complaint and therefore denies them.

28.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29.     To the extent Paragraph 29 is purely argumentative and/or asserts legal conclusions, no response is required.  Samsung denies any remaining allegations.

30.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34.     To the extent that Paragraph 34 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 34 of the Complaint and therefore denies them.

35.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and therefore denies them.

36.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37.     To the extent that Paragraph 37 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 37 of the Complaint and therefore denies them.

38.     To the extent that Paragraph 38 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 38 of the Complaint and therefore denies them.

39.     Samsung admits that it has released various devices since 2016 having beneficial features.  Samsung denies all remaining allegations in Paragraph 39 of the Complaint.

### PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT

40.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 8,588,110.  Samsung admits that a purported copy of the '110 patent is attached to the Complaint as Exhibit 1.  Samsung admits that Exhibit 1 bears the title "Verifiable device assisted service usage billing with integrated accounting, mediation accounting, and multi-account" and a "Date of Patent" of November 19, 2013.  Samsung denies any remaining allegations in Paragraph 41 of the Complaint.

42.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 8,639,811.  Samsung admits that a purported copy of the '811 patent is attached to the Complaint as Exhibit 2.  Samsung admits that Exhibit 2 bears the title "Automated device provisioning and

activation" and a "Date of Patent" of January 28, 2014.  Samsung denies any remaining allegations in Paragraph 42 of the Complaint.

43.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,179,359.  Samsung admits that a purported copy of the '359 patent is attached to the Complaint as Exhibit 3.  Samsung admits that Exhibit 3 bears the title "Wireless end-user device with differentiated network access status for different device applications" and a "Date of Patent" of November 3, 2015.  Samsung denies any remaining allegations in Paragraph 43 of the Complaint.

44.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,647,918.  Samsung admits that a purported copy of the '918 patent is attached to the Complaint as Exhibit 4.  Samsung admits that Exhibit 4 bears the title "Mobile device and method attributing media services network usage to requesting application."  Samsung denies that the "Date of Patent" is May 5, 2017.  Samsung further denies any remaining allegations of Paragraph 44 of the Complaint.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

45.     Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea. Samsung denies any remaining allegations in Paragraph 45 of the Complaint.

46.     Samsung admits that SEA is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung admits that SEA is a wholly owned subsidiary of SEC.  Samsung admits that SEA distributes certain Samsung consumer electronics products in the United States.  Samsung denies any remaining allegations in Paragraph 46 of the Complaint.

47.     Samsung admits that SEA has corporate offices at 6625 Excellence Way, Plano, Texas 75023.  Samsung further admits that SEA may be served through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Samsung denies any remaining allegations in Paragraph 47 of the Complaint.

48.     Samsung admits that Headwater, through its Complaint, accuses various Samsung mobile electronic devices of allegedly infringing the Asserted Patents.  Samsung denies any alleged infringement.  Samsung denies the remaining allegations in Paragraph 48 of the Complaint.

## JURISDICTION AND VENUE

49.     Samsung admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Samsung denies any allegations of infringement.

50.     Samsung admits that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Samsung denies that Headwater is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise.  Samsung further denies any allegations of infringement.

51.     Samsung does not contest, solely for the purpose of the present litigation, whether personal jurisdiction properly lies in this District.  SEA admits that it engages in offering and selling certain products to customers in Texas.  However, Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.  Samsung denies any remaining allegations in Paragraph 51 of the Complaint.

52.     Denied.

53.     Samsung does not contest, solely for the purposes of the present action, whether venue over them properly lies in this District.  However, Samsung denies that venue in this District is convenient.  Samsung admits that SEA has transacted business in this District but denies that Samsung has committed acts of infringement in this District or elsewhere in the State of Texas, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint in Paragraph 53.

54.     Samsung admits that SEA has a place of business at 6625 Excellence Way, Plano, Texas 75023.  Samsung denies the remaining allegations in Paragraph 54 of the Complaint.

55.     Samsung admits that SEC is a foreign corporation and that for purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung admits that the Complaint's alleged venue as to SEC is proper under 28 U.S.C. § 1391(c).  Samsung denies any remaining allegations in Paragraph 55 of the Complaint.

56.     Samsung admits that in certain prior cases, based on the specific and unique facts of those cases, Samsung has either admitted or not contested proper venue in this District. Samsung denies any suggestion that this is a convenient forum to resolve this dispute.  Samsung denies any remaining allegations in Paragraph 56 of the Complaint.

## COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '110 PATENT

57.     Samsung incorporates by reference its responses in the preceding paragraphs as if fully stated herein.

58.     Samsung admits that Exhibit 1 bears the title "Verifiable device assisted service usage billing with integrated accounting, mediation accounting, and multi-account" and a "Date of Patent" of November 19, 2013.  Samsung denies any remaining allegations in Paragraph 58 of the Complaint.

59.     Samsung admits that Headwater purports to be the owner of the '110 patent. Samsung denies any remaining allegations in Paragraph 59 of the Complaint.

60.     To the extent paragraph 60 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 60 of the Complaint.

61.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 of the Complaint and therefore denies them.

62.     Denied.

63.     Denied.

64.     Samsung admits Headwater attaches an Exhibit 5 to its Complaint that purports to show alleged infringement of the '110 patent.   Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 64 of the Complaint.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

## COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '811 PATENT

71.     Samsung incorporates by reference its responses in the preceding paragraphs as if fully stated herein.

72.     Samsung admits that Exhibit 2 bears the title "Automated device provisioning and activation" and a "Date of Patent" of January 28, 2014.  Samsung denies any remaining allegations in Paragraph 72 of the Complaint.

73.     Samsung admits that Headwater purports to be the owner of the '811 patent. Samsung denies any remaining allegations in Paragraph 73 of the Complaint.

74.     To the extent Paragraph 74 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 74 of the Complaint.

75.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 75 of the Complaint and therefore denies them.

76.     Denied.

77.     Denied.

78.     Samsung admits Headwater attaches an Exhibit 6 to its Complaint that purports to show alleged infringement of the '811 patent.  Samsung denies any alleged infringement. Samsung further denies all remaining allegations in Paragraph 78 of the Complaint.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

## COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '359 PATENT

85.     Samsung incorporates by reference its responses in the preceding paragraphs as if fully stated herein.

86.     Samsung admits that Exhibit 3 bears the title "Wireless end-user device with differentiated network access status for different device applications" and a "Date of Patent" of November 3, 2015.  Samsung denies any remaining allegations in Paragraph 86 of the Complaint.

87.    Samsung admits that Headwater purports to be the owner of the '359 patent. Samsung denies any remaining allegations in Paragraph 87 of the Complaint.

88.    To the extent paragraph 88 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 88 of the Complaint.

89.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89 of the Complaint and therefore denies them.

90.    Denied.

91.    Denied.

92.    Samsung admits Headwater attaches an Exhibit 7 to its Complaint that purports to show alleged infringement of the '359 patent.  Samsung denies any alleged infringement. Samsung further denies all remaining allegations in Paragraph 92 of the Complaint.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

## COUNT 4 – CLAIM FOR INFRINGEMENT OF THE '918 PATENT

99.    Samsung incorporates by reference its responses in the preceding paragraphs as if fully stated herein.

100.    Samsung admits that Exhibit 4 bears the title "Mobile device and method attributing media services network usage to requesting application" and a "Date of Patent" of May 9, 2017. Samsung denies any remaining allegations in Paragraph 100 of the Complaint.

12

101.    Samsung admits that Headwater purports to be the owner of the '918 patent. Samsung denies any remaining allegations in Paragraph 101 of the Complaint.

102.    To the extent Paragraph 102 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 102 of the Complaint.

103.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 103 of the Complaint and therefore denies them.

104.    Denied.

105.    Denied.

106.    Samsung admits Headwater attaches an Exhibit 8 to its Complaint that purports to show alleged infringement of the '918 patent.  Samsung denies any alleged infringement. Samsung further denies all remaining allegations in Paragraph 106 of the Complaint.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

## **JURY DEMAND**

113.    Samsung is not required to provide a response to Headwater's request for a trial by jury.

## RELIEF REQUESTED

Samsung denies that Headwater is entitled to any relief it seeks in its Complaint.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Samsung denies them.

****

## SAMSUNG'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Samsung, without waiver, limitation, or prejudice, hereby asserts the additional defenses listed below.  Samsung reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Samsung, as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

Samsung does not and has not infringed, under any theory of infringement, (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

### SECOND ADDITIONAL DEFENSE
### (Invalidity)

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

One or more claims of the '110 patent fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '811 patent fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '359 patent fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '918 patent fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

### THIRD ADDITIONAL DEFENSE
### (Laches, Equitable Estoppel, Waiver, and/or Unclean Hands)

Headwater's attempted enforcement of the Asserted Patents against Samsung is barred by laches, equitable estoppel, waiver, acquiescence, and/or unclean hands.

### FOURTH ADDITIONAL DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

Headwater's claims are barred by the doctrine(s) of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents.

### FIFTH ADDITIONAL DEFENSE
### (Notice, Damages, Marking, and Costs)

Headwater's claims for damages are statutorily limited or wholly barred under 35 U.S.C. §§ 286 and 287.

**SIXTH ADDITIONAL DEFENSE**
**(Covenant Not to Sue, License, and/or Estoppel)**

Headwater's claims are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized.  Moreover, Headwater's claims are barred because it entered an agreement providing Samsung the protection of a covenant not to sue, a license (express or implied), and/or agreement (contractual or otherwise) that legally estops Headwater from bringing this lawsuit against Samsung.

**SEVENTH ADDITIONAL DEFENSE**
**(Failure to State a Claim)**

Headwater's Complaint fails to state a claim upon which relief can be granted.

**EIGHTH ADDITIONAL DEFENSE**
**(Inequitable Conduct / Infectious Unenforceability)**

The Asserted Patents are unenforceable due to the doctrines of inequitable conduct and infectious unenforceability because the patent applicant(s) knowingly and intentionally failed to disclose known bases for invalidity under pre-AIA 35 U.S.C. § 102 and/or 103.  *See, e.g.,* Samsung's Amended Answer and Defenses to Plaintiff Headwater Research LLC's Second Amended Complaint for Patent Infringement in *Headwater Research LLC v. Samsung Electronics Co., Ltd, et al.*, No. 2:22-cv-00422-JRD-RSP, Dkt. No. 81 at 28-41 (E.D. Tex. Dec. 8, 2023) ("*Headwater I*"), a copy of which is attached hereto as Exhibit A.  As detailed in Exhibit A, the Asserted Patents are unenforceable at least because a named inventor and prosecuting attorney committed inequitable conduct in connection with the prosecution of the asserted patents in *Headwater I* by knowingly and intentionally failing to disclose known bases for invalidity under pre-AIA 35 U.S.C. § 102 and/or § 103, with the intent to deceive the patent office.  *Id.*

The inequitable conduct in connection with the prosecution of the asserted patents in *Headwater I* renders the Asserted Patents in this case unenforceable under the doctrine of

infectious unenforceability.  *See Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2011 WL 13134896, at \*6 (E.D. Tex. Dec. 13, 2011) ("[I]nequitable conduct in the prosecution of a parent application may render the parent and its progeny unenforceable" (i.e., "infectious unenforceability"), report and recommendation adopted, No. 6:10-CV-379-LED-JDL, 2012 WL 12893881 (E.D. Tex. Jan. 18, 2012)); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288–89 (Fed. Cir. 2011) ("[T]he taint of a finding of inequitable conduct can spread from a single patent to render unenforceable other related patents and applications in the same technology family.").  An immediate and necessary relationship exists here between the enforcement of the claims of the Asserted Patents in this case and the asserted patents in *Headwater I* that were obtained via inequitable conduct.  For example, all of the asserted patents in both cases allegedly claim priority to, *inter alia*, four provisional patent applications, i.e., provisional application No. 61/206,354, filed on January, 28, 2009; provisional application No. 61/206,944, filed on February 4, 2009; provisional application No. 61/207,393, filed on February 10, 2009; and provisional application No. 61/207,739, filed on February 13, 2009.

### NINTH ADDITIONAL DEFENSE
#### (No Standing)

Headwater's claims are barred because Headwater lacks standing to bring this suit. Specifically, Headwater cannot prove that it is the rightful owner of the Asserted Patents.

### TENTH ADDITIONAL DEFENSE
#### (Prosecution Laches)

Headwater's Asserted Patents issued after an unreasonable, inexcusable, and prejudicial delay amounting to an egregious misuse of the statutory patent system under the totality of the circumstances.  Thus, the Asserted Patents are unenforceable under the doctrine of prosecution laches.

The Federal Circuit has explained that "the doctrine of prosecution laches places an additional, equitable restriction on patent prosecution conduct beyond those imposed by statute or PTO regulation," and that "[a]n applicant must therefore not only comply with the statutory requirements and PTO regulations but must also prosecute its applications in an equitable way that avoids unreasonable, unexplained delay that prejudices others."  *Hyatt v. Hirshfield*, 998 F.3d 1347, 1366 (Fed. Cir. 2021).

Headwater chose to pursue a "shoot first, aim later" strategy in prosecuting each of the Asserted Patents as well as dozens of related patents.  Headwater filed the provisional application from which the Asserted Patents allegedly claim priority, U.S. Patent Application No. 61/206,354 ("the '354 Application"), on January 28, 2009, but it did not file applications for the Asserted Patents until many years later, ranging from more than three years to more than seven years of delay.

Headwater's unreasonable delays are inexcusable.  Samsung has been prejudiced insofar as it has invested in, worked with, and used the technology that is now being accused of infringing the Asserted Patents during the time in which Headwater delayed its prosecution.  The features accused of infringing the Asserted Patents are primarily part of the Android operating system ("Android OS") employed by Samsung's accused products.  While Samsung was investing significant time and expense integrating the Android OS into its mobile devices, Headwater was serially prosecuting the claims it now asserts.

## **RESERVATION OF ADDITIONAL DEFENSES**

Samsung reserves the right to assert additional defenses that may surface through discovery in this action.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays that this Court enter judgment in Samsung's favor against Headwater and requests the following relief.

A.  A complete denial of Headwater's requests for damages, costs, expenses, injunction, and any other form of relief;

B.  Dismissal with prejudice of all claims in Headwater's Complaint against Samsung;

C.  A permanent injunction restraining Headwater and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from charging, suing or threatening, orally or in writing, that any of the Asserted Patents have been infringed by Samsung under any subsection of 35 U.S.C. §§ 271 or 281;

D.  A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding to Samsung its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees;

E.  An award to Samsung of its costs and disbursements in defending in this action brought by Headwater; and

F.  An award to Samsung of any and all further relief as this Court may deem just and proper.

Dated: April 22, 2024                Respectfully submitted,

                              By:   /s/ Thad C. Kodish
                                    Ruffin B. Cordell
                                    TX Bar No. 04820550
                                    rbc@fr.com

Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 22, 2024.

*/s/ Thad C. Kodish*

Thad C. Kodish