IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No. 2:23-cv-00641-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**HEADWATER'S CLAIM CONSTRUCTION REPLY BRIEF**

# TABLE OF EXHIBITS & ABBREVIATIONS

| Ex. | Description | Abbreviation |
|---|---|---|
| 1 | U.S. Patent 9,647,918 | '918 patent |
| 2 | Joint Claim Construction and Prehearing Statement, Dkt. 57 (Jan. 10, 2025) | JCCS |
| 3 | Ex. A to Joint Claim Construction and Prehearing Statement, Dkt. 57-1 (Jan. 10, 2025) | JCCS Ex. A |
| 4 | Samsung's Petition for *Inter Partes* Review of U.S. Patent No. 9,647,918, Paper 2, IPR2024-01396 (Sept. 9, 2024) | '918 IPR Pet. 1 |
| 5 | Declaration of Dr. Traynor in Support of Samsung's Petition for *Inter Partes* Review in IPR2024-01396 (Sept. 9, 2024) | Traynor Decl. 1 |
| 6 | Samsung's Petition for *Inter Partes* Review of U.S. Patent No. 9,647,918, Paper 2, IPR2024-01397 (Sept. 9, 2024) | '918 IPR Pet. 2 |
| 7 | Declaration of Dr. Traynor in Support of Samsung's Petition for *Inter Partes* Review in IPR2024-01397 (Sept. 9, 2024) | Traynor Decl. 2 |
|  | Plaintiff Headwater Research LLC | Headwater |
|  | Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. | Samsung |
|  | *Inter Partes* Review | IPR |
|  | Person of Ordinary Skill in the Art | POSITA |

**A.     The Claim Language Itself Makes Clear that "the calling device application" in Limitation [1.4] Refers to the "second call" of the *Same* Limitation**

Samsung's only argument is that it is allegedly unclear whether the term "the calling device application" in claim limitation [1.4] refers to the same limitation (the "second call" and "second API callable by" each application in claim [1.4]) or instead refers to an earlier limitation (the "first call" and "first network stack API callable by" each application in claim [1.3]). This is confirmed by page 6 of Samsung's responsive brief, which asserts:

- "A POSITA would not know with reasonable certainty what the 'the calling device application' is. Claim [1.3] requires a 'first network stack API callable by each of the plurality of device applications.' Claim [1.4] further requires a 'second API callable by each of the plurality of device applications.'"

- "In other words, a POSITA would not know with reasonable certainty whether the antecedent in the term 'the calling device application' refers to the 'first call' or the 'second call.'"

This argument is meritless. As an initial matter, Samsung doesn't really contend that the term "lacks" antecedent basis. Rather, it asserts an alleged ambiguity about whether the term refers to claim [1.4] versus claim [1.3]. But the term "the device calling application" *is recited in claim [1.4]*. And the claim language itself makes clear that the term refers to the same limitation:

| Identifier | Claim Language |
|---|---|
| [1.3] | *a first network stack Application Programming Interface (API), containing at least one first call* accessible to each of a plurality of device applications, *the first network stack API callable by each of the plurality of device applications* to open and use data packet flows via the network stack, the wireless modem, and the at least one wireless network; |
| [1.4] | *a second API containing at least one second call* accessible to each of the plurality of device applications, *the second API callable by each of the plurality of device applications* to make a data transfer request for a media object associated with a network resource identifier supplied by **the calling device application**; |

Claim [1.4] describes a "second call" and "second API callable by each of the plurality of device applications." The term "the calling device application" is part of the same limitation. It plainly refers to each of the plurality of device applications that makes a second call to the second API. When an application makes the second call, it is "the calling application." Claim [1.4] says that the second call is "to make a data transfer request for a media object associated with a network identifier supplied by the calling device application." Since this is describing the second call and second API, the network identifier is supplied by the application making the second call—i.e., "the calling device application." No other interpretation of the language is plausible.

Samsung's argument that "the calling device application" in claim [1.4] refers to the "first call" and "first network stack API" in claim [1.3] (but *not* the "second call" and "second API" in claim [1.4]) is nonsensical. That is not how claim language is read. The relevant language here is all part of limitation [1.4] and indeed part of the same *clause*. That clause is:

> "the second API callable by *each of the plurality of device applications* to make a data transfer request for a media object associated with a network resource identifier supplied by *the calling device application*"

Based on the claim language itself, "the calling device application" refers to "each of the plurality of device applications" that calls the second API—as recited in the same limitation and clause (not separated by any commas or semicolons). Samsung's alternative reading would require going back claim [1.3], which is separated by 48 words, a comma, and a semicolon. No POSITA, or even ordinary English speaker, would read claim 1 in this way.

**B.   Samsung's Responsive Brief Confirms It Has No Evidence of Indefiniteness and Boils Down to One Page of Attorney Argument**

As discussed in opening, Samsung failed to present an expert declaration, or any relevant intrinsic or extrinsic evidence, to show that "the calling device application" is indefinite. Op. Br. at 9. Headwater didn't argue (contrary to Samsung's strawman attack) that "Samsung cannot prove

2

indefiniteness without an expert declaration." Resp. Br. at 8. Rather, the point is that *in this case* and for this term, no sufficient evidence was offered. As a result, Samsung fails to prove that "the calling device application" is indefinite by clear and convincing evidence.

Indeed, although Samsung's responsive brief is 10 pages, it boils down to one page of attorney argument (page 6 of its brief). On that page, Samsung advances a tortured reading of the claim and argues that "a POSITA would not know with reasonable certainty" whether the calling application refers to claim [1.4] or [1.3]. Samsung is wrong based on the claim language itself. But it also offered no evidence a POSITA would understand the claim in the way Samsung proposes. No POSITA supported such a view or was subject to deposition.

**C.     Samsung Ignores the Substance of Its IPRs, Which Undermine Its Current Assertion that "the calling device application" Is Indefinite**

As discussed in opening, Samsung submitted two IPRs on the '918 patent that undermine its current assertion that "the calling device application" in claim 1 is indefinite. Op. Br. at 9-11. Contrary to Samsung's argument, the PTAB can (and often does) assess indefiniteness issues may even decline to institute IPR on that basis. *See Samsung Elec. America, Inc. v. Prisua Eng'g Corp.*, 948 F.3d 1342, 1350-53 (Fed. Cir. 2020) ("the proper course for the Board to follow, if it cannot ascertain the scope of a claim with reasonable certainty for purposes of assessing patentability, is to decline to institute the IPR or, if the indefiniteness issue affects only certain claims, to conclude that it could not reach a decision on the merits with respect to . . . those claims").

As to the substance of the IPRs, Samsung offers no response at all. This shows that the discussion in Headwater's opening brief was correct, and the Court should credit it. *See* Op. Br. at 10 ("Samsung and its expert's entire discussion of claim [1.4] and the limitation "a network identifier supplied by the calling device application" supports Headwater's understanding of 'the calling device application' above. *See* '918 IPR Pet. 1 at 38-41. The calling device application is

3

simply each of the plurality of device applications that call the second API . . . That is how Samsung's IPR understand the term and how it attempts to apply it to the prior art.").

Indeed, Samsung's IPRs identify "*SA API 210*" as the alleged first call / first network stack API for claim [1.3]. *See* '918 IPR Pet. 1 at 29. And the IPRs identify "*MA API 212*" as the alleged second call / second API for claim [1.4]. *See id.* at 36. And when it comes to the term "the calling device application," Samsung only discusses *MA API 212* as allegedly supplying the claimed network resource identifier. *See id.* at 38-41. This confirms that Samsung understood "the calling device application" to refer to *only* claim [1.4]. And it contradicts Samsung's current assertion that it is "unclear" whether the term refers to claim [1.4] or [1.3].

4

| | |
|---|---|
| Dated: March 14, 2025 | */s/ Marc Fenster* |
| | Marc Fenster |
| | CA State Bar No. 181067 |
| | Email: mfenster@raklaw.com |
| | Reza Mirzaie |
| | CA State Bar No. 246953 |
| | Email: rmirzaie@raklaw.com |
| | Brian Ledahl |
| | CA State Bar No. 186579 |
| | Email: bledahl@raklaw.com |
| | Ben Wang |
| | CA State Bar No. 228712 |
| | Email: bwang@raklaw.com |
| | Adam Hoffman |
| | CA State Bar No. 218740 |
| | Email: ahoffman@raklaw.com |
| | Dale Chang |
| | CA State Bar No. 248657 |
| | Email: dchang@raklaw.com |
| | Paul Kroeger |
| | CA State Bar No. 229074 |
| | Email: pkroeger@raklaw.com |
| | Neil A. Rubin |
| | CA State Bar No. 250761 |
| | Email: nrubin@raklaw.com |
| | Kristopher Davis |
| | CA State Bar No. 329627 |
| | Email: kdavis@raklaw.com |
| | James S. Tsuei |
| | CA State Bar No. 285530 |
| | Email: jtsuei@raklaw.com |
| | Philip Wang |
| | CA State Bar No. 262239 |
| | Email: pwang@raklaw.com |
| | James A. Milkey |
| | CA State Bar No. 281283 |
| | Email: jmilkey@raklaw.com |
| | Jason M. Wietholter |
| | CA State Bar No. 337139 |
| | Email: jwietholter@raklaw.com |
| | Qi (Peter) Tong |
| | TX State Bar No. 24119042 |
| | Email: ptong@raklaw.com |
| | **RUSS AUGUST & KABAT** |
| | 12424 Wilshire Blvd., 12th Floor |
| | Los Angeles, CA 90025 |

Telephone: 310-826-7474

Andrea L. Fair
TX State No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster