**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00641-JRG-RSP |

**DEFENDANTS' OPPOSED MOTION FOR LEAVE TO AMEND**
**ITS ANSWER TO ADD AN IMPROPER INVENTORSHIP DEFENSE**

Case 2:23-cv-00641-JRG-RSP   Document 82   Filed 03/17/25   Page 2 of 19 PageID #: 5766

# **TABLE OF CONTENTS**

I.   BACKGROUND .................................................................................................................. 1

II.  LEGAL STANDARD ......................................................................................................... 7

    A.   Rule 16 and Good Cause......................................................................................... 7

    B.   Rule 15 and Futility ................................................................................................ 8

III. ARGUMENT....................................................................................................................... 8

    A.   Each Good-Cause Factor Favors Granting Samsung Leave To Amend................. 9

        1.   Explanation: Samsung Diligently Sought Leave to Amend after Learning New Information During Discovery ........................................................ 9

        2.   Importance: The Additional Defenses Could Render One or More Asserted Patents Invalid........................................................................................ 10

        3.   Prejudice and Continuance.............................................................................. 10

    B.   The Rule 15(a) Factors Also Favor Granting Leave............................................. 11

IV.  CONCLUSION.................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Allergan, Inc. v. Teva Pharms. USA, Inc.*,
  No. 2:15-cv-1455-WCB, 2017 WL 119633 (E.D. Tex. Jan. 12, 2017) ...................................... 8

*Ciena Corp. v. Nortel Networks Inc.*,
  233 F.R.D. 493 (E.D. Tex. 2006) ............................................................................................. 9

*Dussouy v. Gulf Coast Inv. Corp.*,
  660 F.2d 594 (5th Cir. 1981) ................................................................................................... 8

*Fin. Acquisition Partners LP v. Blackwell*,
  440 F.3d 278 (5th Cir. 2006) ................................................................................................... 8

*Finjan, Inc. v. Blue Coat Systems, Inc.*,
  2014 WL 6626227 (N.D. Cal. 2014) ....................................................................................... 9

*Fortress Iron L.P., v. Digger Specialties, Inc.*,
  2024 WL 4220802 (N.D. Ind. 2024) ..................................................................................... 11

*Intel Corp. v. Tela Innovations, Inc.*,
  2019 WL 2476620 (N.D. Cal. 2019) ..................................................................................... 11

*Jebaco, Inc. v. Harrah's Operating Co., Inc.*
  587 F.3d 314 (5th Cir. 2009) ................................................................................................... 8

*Mirror Worlds, LLC v. Apple, Inc.*,
  No. 6:08-CV-88, 2009 WL 10685192 (E.D. Tex. June 2, 2009) ........................................... 10

*S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*,
  315 F.3d 533 (5th Cir. 2003) ............................................................................................. 7, 8

*Script Sec. Sols., LLC v. Amazon.com, Inc.*,
  No. 2:15-CV-1030-WCB, 2016 WL 5916627 (E.D. Tex. Oct. 11, 2016) .................... 9, 10, 11

*SimpleAir, Inc. v. AWS Convergence Techs.*,
  No. 2:09-CV-289, 2012 WL 12978325 (E.D. Tex. Jan. 31, 2012) ................................... 9, 10

*Sycamore IP Holdings LLC v. AT&T Corp.*,
  2:16-CV-588-WCB, 2017 WL 3394480 (E.D. Tex. Aug. 8, 2017) ..................................... 7, 8

*Trovan, Ltd. v. Sokymat SA, Irori*,
  299 F.3d 1292 (Fed. Cir. 2002) ................................................................................. 10, 11, 12

**Statutes**

35 U.S.C. § 101 .......................................................................................................................... 11

35 U.S.C. § 102(f) ................................................................................................................... 11

35 U.S.C. § 111 ....................................................................................................................... 11

35 U.S.C. § 256 ....................................................................................................................... 11

**Other Authorities**

Fed. R. Civ. P. 15(a) ......................................................................................................... 1, 8, 11

Fed. R. Civ. P. 16(b) ............................................................................................................. 7, 8

## EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| 1 | Excerpts from the Deposition of Vien-Phuong Nguyen, taken February 7, 2025 |
| 2 | LinkedIn of Vien-Phuong Nguyen |
| 3 | LinkedIn of Lisa Stark |
| 4 | Excerpts from the Deposition of James Lavine, taken February 13, 2025 |
| 5 | LinkedIn of Sharon Strelitz |
| 6 | Excerpts from the Deposition of Alireza Raissinia, taken February 14, 2025 |
| 7 | Excerpts from the Deposition of Jeffrey Green, taken February 22, 2025 |
| 8 | Email correspondence between counsel, dated between February 24, 2025 and March 3, 2025 |
| 9 | Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.'s Second Amended Answer and Defenses to Plaintiff Headwater Research LLC's Complaint For Patent Infringement |

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") seek leave to amend their answer to assert the affirmative defense of improper inventorship in response to Headwater Research LLC's (Headwater's) complaint. While the deadline to amend pleadings without leave ended on January 17, 2025, the deposition testimonies of several former ItsOn and Headwater employees in late February 2025 revealed that Samsung may plausibly allege that one of more of the Asserted Patents fail to list the correct inventors.

Each of the four good-cause factors weighs in favor of granting Samsung leave to add this defense: (1) Samsung has expeditiously moved for leave to amend, (2) the defense is important because it could invalidate one or more Asserted Patents; (3) amendment would not prejudice Headwater; and (4) a continuance is unnecessary.

There is also no reason under Federal Rule of Civil Procedure 15(a) to deny leave. Samsung promptly moved to add its improper inventorship defense, so it has not acted with undue delay, bad faith, or dilatory motive. Further, the proposed defense is not futile. Samsung thus respectfully requests that the Court grant its motion for leave to amend.

## I.     BACKGROUND

On December 29, 2023, Headwater filed its Complaint for Patent Infringement (Dkt. 1), alleging Samsung infringes U.S. Patent Nos. 8,588,110 ("the '110 patent"), 8,639,811 ("the '811 patent"), 9,179,359 ("the '359 patent"), and 9,647,918 ("the '918 patent"), (collectively, the "Asserted Patents"). Greg Raleigh is the sole named inventor of the '110 and '811 patents. Dkts. 1-1, -2. Raleigh, James Lavine, and Alireza Raissinia are the named inventors of the '359 patent. Dkt. 1-3. Raleigh, Lavine, Vien-Phuong Nguyen, and Jeffrey Green are the named inventors of the '918 patent. Dkt. 1-4.

January 17, 2025 was the deadline for the parties to amend their pleadings without leave. Dkt. 44 at 6. That day, Samsung filed its First Amended Answer. Dkt. 58.

1

Three weeks later, on February 7, 2025, Samsung deposed Vien-Phuong Nguyen, who is a former ItsOn software engineer (from 2010 to 2017)[1] and a named inventor on the '918 patent. Mr. Nguyen testified that other ItsOn engineers, including at least Nathan Hunsperger and James Fitzgerald, contributed to the ideas described in the '918 patent, but neither Mr. Hunsperger nor Mr. Fitzgerald were listed as inventors:

> Q. And then based off the fact that yourself, Mr. Nathan Huntsberger [*sic*], and James Fitzgerald were [the] first three early-on engineers at ItsOn, is that the basis for your recollection that Nathan Huntsberger [*sic*] and James Fitzgerald contributed some – to the ideas described in the '918 patent?
>
> A. Yes.

Ex. 1 at 78:19-25. Further, Mr. Nguyen was unable to identify any specific contribution of Gregory Raleigh to the ideas described in the '918 patent, but Dr. Raleigh is listed as an inventor.

> Q. [C]an you recall any specific thing that . . . Greg Raleigh contributed to the ideas described in the '918 patent? Any specific thing?
>
> A. No.

*Id.* at 76:8-11. Finally, Mr. Nguyen testified that ItsOn engineers, including himself, Mr. Hunsperger, and Lisa Stark,[2] developed network policies, which are required by the asserted claims of the '110, '811, and '359 patents (*e.g.*, '110 Pat. at Cl. 1 (requiring a "service policy"); '811 Pat. at Cl. 1 (requiring a "control policy"); '359 Pat. at Cl. 1 (requiring a "WWAN differential traffic control policy")):

> Q. What was Lisa Stark-Berryman's role at ItsOn?
>
> A. Very similar to mine . . . working on the device-side software.
>
> Q. Did Lisa Stark-Berryman . . . also work on the network policy and accounting -type functions that . . . you described for the device?

---

[1] Ex. 1 (Nguyen Tr.) at 9:19-10:1; Ex. 2.
[2] At ItsOn from 2010-2013. Ex. 3 at 2.

████████████

> A. Yes.
>
> Q. Was there any distinction in the specific responsibilities that you had as opposed to Nathan Huntsberger [*sic*] and Lisa Stark-Berryman?
>
> A. It's a small team start-up, so everybody d[id] everything essentially.

Ex. 1 at 45:2-15. Despite these contributions at ItsOn, none of Mr. Nguyen, Mr. Hunsperger, or Lisa Stark is listed as an inventor on the '110, '811, or '359 patents.

The next week, on February 13, 2025, Samsung deposed James Lavine, who is a named inventor on the '359 and '918 patents and a former ItsOn (joined in 2009)[3] and Headwater employee. Samsung asked Mr. Lavine questions about the information disclosed during Mr. Nguyen's deposition the prior week. Mr. Lavine testified ████████████

████████████

████████████████████████. Ex. 4 at ████

██. ████████████

████████ ████:

- ████████████
  ████████████
  ████████████
  ████████

- ████

- ████████████
  ████████████

- ████████████
  ████████████
  ████████ ████████
  ████████████

---

[3] Ex. 4 (Lavine Tr.) at ████████.
[4] At ItsOn from 2009 to 2012. Ex. 5 at 1.

███████████

███████

- ████████████████████████████████████████████████████████████
- ████████
- ████████████████████████████████████████████████████████████
- ██████████████████████████

███████

- ████████████████████████████████████████████████████████████
- ██████████████████████████

██████

- ████████████████████████████████████████████████████████████
- ████████
- ████████████████████████████████████████████████████████████
- ██████████████████████████████████

████████  Despite these contributions, Dr. Raleigh is listed as the sole inventor of the '110 patent. Mr. Lavine also testified that ████████████████████████████████████████

████████████████████████

- ████████████████████████████████████████████████████████████
- ██ ██

███████

The next day, February 14, 2025, Samsung deposed Alireza Raissina, who is a former ItsOn and Headwater (from 2009 to 2011)[5] employee and a named inventor on the '359 and '918 patents. Mr. Raissina also testified that Dr. Raleigh was never part of any engineering team at ItsOn, never worked as an engineer at ItsOn, and never developed any ItsOn product:

> Q. Greg Raleigh was an executive at ItsOn but did not work as an engineer at ItsOn, correct?
>
> A. Correct.

Ex. 6 at 130:21-23.

> Q. Greg Raleigh did not develop the ItsOn technology that Headwater's patents were covering, correct?
>
> . . .
>
> A. You're talking about he, himself, developing them?
>
> Q. He, himself, yes.
>
> A. No. He didn't do that, no. That's to my knowledge. Unless he did it over the weekend. He did a lot of work, I know that for sure.
>
> Q. All right. Let me just re-ask that because there was a back-and-forth. Greg Raleigh did not develop the ItsOn technology that Headwater's patents were covering, correct?
>
> . . .
>
> A. He didn't develop any ItsOn product, to my knowledge, himself.

*Id.* at 130:24-131:16.

The next week, on February 22, 2025, Samsung deposed Jeffrey Green, who is a former ItsOn employee (from 2010-2013)[6] and a named inventor on the '918 patent. When asked about contributors to the Asserted Patents' key inventive aspects, Mr. Green provided names Messrs. Nguyen ▮▮▮ brought up in their depositions.

---

[5] Ex. 6 (Raissinia Tr.) at 36:8-15.
[6] Ex. 7 (Green Tr.) at 40:16-22.

> Q. Who else on the engineering teams at ItsOn would have worked on control policies for controlling access to the wireless network and services based on user input?
>
> A. That part of the client handset software would have been worked on by most likely Laurent [Nguyen], James and Nathan [Hunsperger], and that is James Fitzgerald.

Ex. 7 at 41:11-17 (testifying as to the '811 patent).

> Q. Who in the ItsOn engineering teams would have contributed to work regarding how policies could be applied specifically to wireless wide area networks?
>
> A. It would be the same set of folks that I mentioned earlier, Phuong [Nguyen], Nathan [Hunsperger], maybe James Fitzgerald. They would have contributed to some of the coding around that.

*Id.* at 44:20-45:2 (testifying as to the '359 patent).

> Q. Would it surprise you if some of your former colleagues at ItsOn described Mr. Phuong Nguyen as a capable, competent and knowledgeable software engineer?
>
> A. It wouldn't surprise me if he was described that way.
>
> Q. Would you expect Mr. Nguyen to give honest and truthful testimony in a deposition?
>
> . . .
>
> A. I have no reason to believe he wouldn't based on my interactions with him.

*Id.* at 25:14-25.

> Q. Would it surprise you if your former ItsOn colleagues described Mr. Lavine as a capable, competent and knowledgeable software engineer?
>
> A. It would not surprise me.

*Id.* at 27:17-20.

Two days later, on February 24, 2025, Samsung emailed Headwater about Samsung's intent to file an amended answer raising an additional defense of improper inventorship. Ex. 8.

6

Samsung told Headwater that the basis for this amendment is new deposition testimony from Messrs. Lavine, Nguyen, Raissina, and Green regarding the inventorship of one or more of the Asserted Patents which revealed information previously unknown to Samsung prior to these depositions. *Id.* at 2. Samsung provided Headwater with a copy of its contemplated Second Amended Answer. Samsung asked whether Headwater would oppose. *Id.* at 2. Headwater did not respond. *Id.* at 1-2.

On February 27, 2025, Samsung followed up, asking for HW's position and a meet and confer. *Id.* at 1-2. Again, Headwater did not respond. *Id.* at 1.

On March 3, 2025, Samsung followed-up again, asking for a response and a meet and confer. *Id.* at 1. That day, Headwater responded as follows:

> We oppose Samsung's proposed amendment as futile because it has no basis in fact or law. Please let us know if you wish to discuss, otherwise we can deem the meet and confer completed.

*Id.* at 1. This motion follows.

## II.   LEGAL STANDARD

### A.   Rule 16 and Good Cause

"Rule l6(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA,* 315 F.3d 533, 536 (5th Cir. 2003); *Sycamore IP Holdings LLC v. AT&T Corp.*, 2:16-CV-588-WCB, 2017 WL 3394480, at *4 (E.D. Tex. Aug. 8, 2017). Under Rule 16(b)(4), a motion to modify the scheduling order (by permitting the filing of an amended pleading after the scheduling order's deadline) may be granted "for good cause." *S&W*, 315 F.3d at 535.

The Fifth Circuit has established four factors that the Court should consider when evaluating good cause: "(1) the explanation for the party's failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the

7

[amendment]; and (4) the availability of a continuance to cure such prejudice." *Sycamore*, 2017 WL 3394480, at *2 (quoting *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016)). The "most important" of these factors is the first one ("explanation"), namely "whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims, but despite its diligence could not reasonably have met the scheduling deadline." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-cv-1455-WCB, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017).

### B. Rule 15 and Futility

Once a movant shows good cause, the Court then determines leave to amend should be granted under "the more liberal standard of Rule 15(a)." *S&W*, 315 F.3d at 536. Fed. R. Civ. P. 15(a)(2) states that the Court "should freely give leave when justice so requires." Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). "Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

To that end, the Fifth Circuit "has stated that leave to amend is to be granted liberally ***unless*** the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co., Inc.* 587 F.3d 314, 322 (5th Cir. 2009) (emphasis added).

### III. ARGUMENT

Each good-cause factor under Rule 16(b)(4) favors granting Samsung leave to amend its answer to add an improper inventorship defense. For the same reasons, Samsung should be granted leave to amend under Rule 15(a), and because the improper inventorship defense is not futile.

### A.     Each Good-Cause Factor Favors Granting Samsung Leave To Amend

#### 1. Explanation: Samsung Diligently Sought Leave to Amend after Learning New Information During Discovery

This factor favors granting Samsung leave to amend, as Samsung acted diligently in seeking leave once it learned new information in discovery. *First,* Samsung could not have included the proposed defense by the January 14, 2025 amended pleadings deadline because it did not learn of the facts on which the defense is based until the February 2025 witness depositions. *See Finjan, Inc. v. Blue Coat Systems, Inc*., 2014 WL 6626227, *1-*2 (N.D. Cal. 2014) (granting leave to amend answer to add new defenses where the defendant did not learn what formed the bases of its new defenses until after the amended pleading deadline); *Ciena Corp. v. Nortel Networks Inc*., 233 F.R.D. 493, 494-95 (E.D. Tex. 2006) (granting accused infringer leave to amend to add a defense after the amended pleading deadline where it did not have the information to plead the defense until after the pleading deadline).

*Second,* Samsung is filing this motion within a month of these February 2025 witness depositions.[7] Courts in this District have granted motions for leave to amend to assert defenses after the amended pleading deadline under similar circumstances. *See, e.g., Script Sec. Sols., LLC v. Amazon.com, Inc*., No. 2:15-CV-1030-WCB, 2016 WL 5916627, at *2-*4 (E.D. Tex. Oct. 11, 2016) (granting leave to amend nearly six months after the amended pleading deadline, despite finding the defendant "should not have waited nearly three months" after receiving notice of the facts underlying the defenses); *see also SimpleAir, Inc. v. AWS Convergence Techs*., No. 2:09-CV-289, 2012 WL 12978325, at *2-*4 (E.D. Tex. Jan. 31, 2012) (granting leave to amend six weeks after the amended pleading deadline, even though plaintiff had produced documents supporting

---

[7] And Samsung would have filed earlier, but Headwater did not respond to Samsung's emails seeking Headwater's position and a meet and confer. *See* Ex. 8.

the defenses "well before the pleading deadline"); *Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08-CV-88, 2009 WL 10685192, at *1-*4 (E.D. Tex. June 2, 2009) (granting leave to amend, noting "the relative shortness of the delay lessens the weight of this consideration").

### 2. Importance: The Additional Defenses Could Render One or More Asserted Patents Invalid

The importance of the proposed defense also favors granting Samsung leave to amend. Improper inventorship of any Asserted Patent would render that patent invalid (*e.g.*, *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002)), which is potentially dispositive of Headwater's pleaded claims, and thus critically important. *See, e.g., Script Sec. Sols.*, 2016 WL 5916627, at *3 (finding that this factor favored amendment where the proposed defense was "an important one that bear[ed] directly on the merits of the dispute between the parties and the scope of relief that may be available"); *SimpleAir*, 2012 WL 12978325, at *3 (finding the proposed "amendment important and necessary for the proper resolution of this case" where that amendment could result in "reduced liability").

### 3. Prejudice and Continuance

Headwater will not be prejudiced if the Court grants Samsung leave to amend. Discovery does not close until May 12, 2025 (Dkt. 44 at 4), so there is sufficient time for the parties to engage in discovery regarding the proposed improper inventorship defense. Indeed, Headwater has yet to take a single deposition in this case. Thus, this factor weighs in favor of granting Samsung leave to amend. *See, e.g.*, *SimpleAir*, 2012 WL 12978325, at *3 ("Although Defendants raised this issue after the pleading deadline, they raised it before the close of discovery. As such, Plaintiff had an opportunity to inquire about Defendants' position in a timely manner."); *Script Sec. Sols.*, 2016 WL 5916627, at *4 (any "claimed prejudice can be cured by allowing [plaintiff] limited additional discovery"); *Mirror Worlds*, 2009 WL 10685192, at *2 (stating that even if the discovery and

10

docket control orders needed to be modified and additional discovery may be needed, "these are not such onerous burdens as to weigh against allowing the amendment").

Further, because there is sufficient time to engage in discovery on Samsung's proposed defense, there is no need to adjust the case schedule via a continuance. *See, e.g.*, *Script Sec. Sols.*, 2016 WL 5916627, at *5 ("[T]he Court notes that there is sufficient time between now and the trial date to ensure that the curative discovery sought by Script can be completed and used, to the extent needed, in trial preparation. This factor therefore cuts in favor of granting the motion for leave to amend.").

### B. The Rule 15(a) Factors Also Favor Granting Leave

The Rule 15(a) factors similarly favor granting Samsung's motion. As discussed with the good-cause factors, Samsung diligently sought to amend its answer to add its improper inventorship defense. Thus, Samsung has not acted with undue delay, bad faith, or dilatory motive in asserting its improper inventorship defense.

The remaining Rule 15(a) factor—the proposed amendment's futility—favors granting leave because the legal requirements for the improper inventorship defense are or will be met here.

A person is not entitled to a patent if he or she "did not himself invent the subject matter sought to be patented." 35 U.S.C. § 102(f) (pre-AIA).[8] Further, 35 U.S.C. § 111 requires that a patent application be prosecuted in the name of the actual inventor, with the named inventor's authority. Therefore, "[a] patent is invalid if more or less than the true inventors are named." *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002).

---

[8] Since each Asserted Patent was effectively filed before March 2013, pre-AIA § 102 applies. Even if this were not the case, the improper inventorship defense is still available post-AIA per 35 U.S.C. §§ 101, 256. *See, e.g.*, *Fortress Iron L.P., v. Digger Specialties, Inc.*, 2024 WL 4220802, *4–5 (N.D. Ind. 2024) (granting summary judgment of invalidity due to improper inventorship); *Intel Corp. v. Tela Innovations, Inc.*, 2019 WL 2476620, *7 n.5 (N.D. Cal. 2019).

11

As shown above, based on recent testimony, it is sufficiently plausible that the Asserted Patents do not list the correct inventors. *See* § I, *supra*. *First,* the patents fail to name one or more inventors who made significant contributions to the asserted claim/s of the Asserted Patents. *Id. Second*, the testimony of multiple engineers suggests that one or more Asserted Patents include an inventor—Raleigh—who did not actually contribute to the claimed inventions. Therefore, Samsung seeks leave to assert an improper inventorship affirmative defense. *Id.*

## IV.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung leave to file its proposed Amended Answer (Ex. 9) to add an improper inventorship defense.


Dated: March 10, 2025                             Respectfully submitted,

By:   */s/ Thad C. Kodish*

Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com

Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Sara C. Fish
sfish@fr.com
GA Bar No. 873853
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Steffen C. Lake
GA Bar No. 512272
lake@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
State Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
*Samsung Electronics Co., LTD and*
*Samsung Electronics America, Inc.*

13

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h).  Plaintiff opposes this motion.

*/s/ Thad C. Kodish*
Thad C. Kodish

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 10, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*
Thad C. Kodish

*/s/ Thad C. Kodish*
Thad C. Kodish