# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Case No. 2:23-cv-00641-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO DEFENDANTS' OPPOSED MOTION TO AMEND ITS ANSWER TO ADD AN <u>IMPROPER INVENTORSHIP DEFENSE (DKT. NO. 76)</u>**

1

I.  **<u>INTRODUCTION</u>**

Defendants' Motion to Amend Its Answer Add an Improper Inventorship Defense should be denied as futile. Tellingly, the motion quotes neither: (1) the standard for pleading an improper inventorship defense; or (2) the allegations of the proposed defense, which are buried in Exhibit 9 to Motion. The reason for this glaring absence is that Samsung's defense does not plausibly allege incorrect inventorship, and, for this reason, its motion should be denied.

Pleading a defense of improper inventorship requires showing that the unnamed inventor contributed something "significant" and "essential" to the invention and show that the contribution was not insignificant when measured against the dimension of the full invention. *In re VerHoef*, 888 F.3d 1362, 1366 (Fed. Cir. 2018), Samsung does not come close to meeting this standard. Instead, it pleads only that others "worked on" or "contributed to" the invention, or otherwise measure this contribution against the dimension of the invention.

Indeed, Samsung does not even allege if this "work" or "contribution" pre-dates the relevant conception date. Only work prior to such date is relevant to the issue of inventorship. Yet, Samsung fails to make any allegations in this regard.

The litany of deposition quotes in Samsung's motion only highlights that Samsung cannot plausibly allege incorrect inventorship. Samsung attempts to use these deposition quotes to conflate software and technology created by *ItsOn* with patents and inventions that are created by Headwater. Moreover, the deposition testimony does not even establish which was created first – the inventions of the patent or the software that purportedly embodied the invention. Also, at least one of the deponents confirmed that was not familiar with all of the ideas of the patents, and thus, simply does not know who contributed the "significant" and "essential" ideas.

Finally, Samsung's attempt to allege that Dr. Gregory Raleigh did not invent *any* of the inventions of the asserted patents on which he is the named inventor fails. The primary basis for this allegation is that Dr. Raleigh was not an employee or engineer of *ItsOn*. This allegation provides no plausible basis for establishing that Dr. Raliegh was not the inventor of a patent assigned to *Headwater*, especially given the legal presumption that he is the true inventor by virtue of his being named as the inventor on the face of the issued patent.

Samsung's motion should be denied.

## II.  SAMSUNG'S MOTION SHOULD BE DENIED

### A.  Legal Standard

"A motion for leave to amend may be denied if the proposed amendment would be futile." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 3852715, at *3 (E.D. Tex. Aug. 14, 2008). *See also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000); *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F.Supp.2d 620, 626 (E.D.Tex. 2007). A proposed amendment is futile if it "would fail to state a claim upon which relief could be granted." *Stripling*, 234 F.3d at 873. "In other words, if the revision would not survive a motion made under Rule 12(b)(6), the motion for leave to amend should be denied." *Raytheon Co.*, 2008 WL 3852715, at *3 (E.D. Tex. Aug. 14, 2008).

"There is a presumption that the named inventors on a patent are the true and only inventors under 35 U.S.C. § 282." *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:16-CV-475-KNM, 2018 WL 4261195, at *2 (E.D. Tex. July 5, 2018). Accordingly, an improper inventorship defense must "plead each of the[] elements plausibly and with sufficient notice such that it is not immediately apparent that this claim or affirmative defense would be subject to dismissal." *Entangled Media, LLC v. Dropbox Inc.*, No. 23-CV-03264-PCP, 2025 WL 315305, at *5 (N.D.

Cal. Jan. 27, 2025). Properly pleading an improper inventorship defense requires showing the purportedly missing inventor "(1) contribute[d] in some significant manner to the conception or reduction to practice of the invention, (2) ma[d]e a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) d[id] more than merely explain to the real inventors well-known concepts and/or the current state of the art." *In re VerHoef*, 888 F.3d 1362, 1366 (Fed. Cir. 2018), as amended (May 7, 2018). "The basic exercise of the normal skill expected of one skilled in the art, without an inventive act, also does not make one a joint inventor." *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997). While a joint inventor "need not contribute equally" to conception of the invention he or she must contribute "'an essential feature of the invention'" in order to qualify. *Entangled Media, LLC v. Dropbox Inc.*, 2025 WL 315305, at *5

Samsung's proposed "Thirteenth Additional Defense" for "Incorrect Inventorship" fails to plead essential elements of the defense. Accordingly, the amendment is futile and the Motion should be denied.

### B. Samsung Fails to Properly Allege A Defense Of Failure To Name a Joint Inventor

In support of it defense of failure to name a joint inventor, Samsung alleges only the following:

> On information and belief, and subject to further amendment as Samsung obtains more information during discovery, one or more of the asserted patents are invalid and/or unenforceable because the named inventor(s) did not invent the subject matter claimed in the patent and/or because an inventor(s) was omitted from the patent.
>
> According to named inventor, James Lavine, Headwater filed patent applications on technology developed by engineers employed at its failed sister company, ItsOn. *See, e.g.*, Lavine Dep. Tr. (2/13/25). On information and belief, this practice resulted in the omission of one or more inventors from one or more of the asserted

4

> patents. For example, the '918 patent identifies Gregory Raleigh, Jeffery Green, James Lavine, and Vien-Phuong Nguyen as named inventors, but Mr. Nguyen testified that other ItsOn engineers, including at least Nathan Hunsberger and James Fitzgerald, ***contributed to the ideas*** described in the '918 patent yet were not listed as inventors. *See, e.g.*, Nguyen Dep. Tr. (2/7/25). On information and belief, the other asserted patents suffer from the same or similar deficiencies. For example, Mr. Lavine testified that multiple ItsOn engineers, including Mr. Nguyen, James Fitzgerald, Justin James, Nathan Hunsberger, and Sharon Strelitz contributed to, and ***worked on technology relating to***, device assisted controls for billing and policy agents, the focus and field of invention of the '110 patent. *See, e.g.*, Lavine Dep. Tr. (2/13/25). Despite these contributions, Dr. Raleigh is listed as the sole named inventor of the '110 patent. Mr. Nguyen also testified that ItsOn engineers, including himself, Nathan Hunsberger, and Lisa Stark, ***worked on technology relating to network policies***, which are relevant to at least the claims of the asserted '110, '811, and '359 patents. *See, e.g.*, Nguyen Dep. Tr. (2/7/25). Despite these contributions at ItsOn, none of Mr. Nguyen, Nathan Hunsberger, nor Lisa Stark are listed as inventors on the '110, '811, or '359 patents.

Dkt. No. 76-9 (emphasis added). These allegations do not meet the standard for pleading improper inventorship under *In re VerHoef*.

Samsung at most alleges that individuals not named as inventors "contributed to the ideas" in the patent or "worked on technology relating to the inventions." Samsung does not allege (because it cannot), that these individuals "(1) contribute[d] in some ***significant manner*** to the conception or reduction to practice of the invention, (2) ma[d]e a contribution to the claimed invention that is ***not insignificant in quality***, when that contribution is measured against the dimension of the full invention, and (3) d[id] more than merely explain to the real inventors well-known concepts and/or the current state of the art." *In re VerHoef*, 888 at 1366. Moreover, Samsung does not allege that the any of these individuals' "work" or "contributions" provided "an essential feature of the claimed invention." Indeed, the words "significant" and "essential," as well as the underlying concepts, are absent from Samsung's defense and not plausible based on Samsung's allegations. Moreover, Samsung makes no attempt to "measured against the dimension of the full invention"

5

any the contribution of any unnamed inventor. Samsung's attempt to claim lack of inventorship merely because others "worked on" the invention fails as a matter of law.

Also tellingly, Samsung's proposed defense is devoid of any allegation of timing as it relates to the inventions of the patent—it does not establish that work was performed prior to the patents' application dates, as would be required for that work to be relevant to joint inventorship. Samsung makes no attempt to allege that any contribution by the joint inventors pre-dates the application for the patents. That ItsOn engineers continued to perfect the ideas after conception, has no bearing on inventorship.

Nor does the litany of deposition quotes in Samsung's brief provide the missing requirements for such a defense. As with Samsung's allegations, the deposition testimony, at most, shows that others "worked on" or "contributed to" the technology similar to that disclosed in the patents. The testimony does not relate to the quality, significance, or essentiality of the work as it relates to the invention such that any of this work would rise to the level of inventorship.

Samsung's defense is also deficient in that it seeks to conflate work done by *ItsOn* engineers to implement solutions in ItsOn software with inventorship of *Headwater* patents. Moreover, Mr. Nguyen, whose testimony is a significant basis of both Samsung's amendment and motion, testified that he did not know "all of the ideas" in the '918 patent or the "differences between the ideas in the '918 Patent and the ItsOn Software":

> Q. … [A]re you aware of all of the ideas that are in the '918 patent?
>
> ….
>
> THE WITNESS: I don't know what the remaining parts say because I haven't read it.
>
> Q Okay. And when you were talking about the ideas in the '918 patent, were you comparing it to your memories of the ItsOn software?

6

> A Yes.
>
> Q And if there are differences between the ideas in the '918 patent and the ItsOn software, do you know what -- what those are, sitting here today?
>
> ….
>
> THE WITNESS: I mean, it's -- it's a loose mapping between what was written there and, you know, what we built. So I -- I can't describe what we built in exact detail, but I can only make a fuzzy mapping to what was written here.

Ex. A., Nguyen Depo at 110:11-111:5. Noteworthy, Mr. Nguyen is a named inventor on the '918 Patent and Samsung does not contend that he should be listed as an inventor on any other patent. Because Mr. Nguyen did not know the all of the ideas in the '918 patent, his testimony cannot support that any supposed co-inventor's alleged contribution was "not insignificant in quality, *when that contribution is measured against the dimension of the full invention*" as the law requires. *See VerHoef*, 888 F.3d at 1366. Accordingly this testimony fails to provide any plausibility to Samsung's claim that the inventors listed in the patents are incorrect.

In sum, Samsung's attempt to allege improper inventorship simply by pointing to the fact that others worked on technology related to the patents is insufficient as a matter of law. Accordingly, its motion is futile and should be denied.

### C. Samsung Fails to Properly Allege That Dr. Gregory Raleigh Did Not Invent The Asserted Patents

Samsung likewise fails to allege that Dr. Raleigh is improperly named as an inventor on the asserted patents. Here, Samsung alleges:

> In addition, one or more of the asserted patents is invalid and/or unenforceable because named inventor Gregory Raleigh did not invent, either alone or in conjunction with other parties, the subject matter claimed in the patents. Testimony from named inventors and former ItsOn and Headwater employees, Mr. Lavine and Mr. Raissinia, confirms that Dr. Raleigh was never part of any engineering team at ItsOn, never worked as an engineer at ItsOn, and never developed any ItsOn product. *See, e.g.*, Lavine Dep. Tr. (2/13/25); Raissina Dep. Tr. (2/14/25). In

7

addition, Mr. Nguyen was unable to identify any specific contribution of Gregory Raleigh to the ideas described in the '918 patent despite Dr. Raleigh being listed as an inventor. See, e.g., Nguyen Dep. Tr. (2/7/25).

These allegations are insufficient to overcome the "presumption" that Dr. Raleigh, by being named on the patent, is "the true … inventor[]."*Cellular Commc'ns Equip. LLC v. HTC Corp.*, 2018 WL 4261195, at *2. Nothing about the fact that "Dr. Raleigh was never part of any engineering team at ItsOn, never worked as an engineer at ItsOn, and never developed any ItsOn product" plausibly alleges that Dr. Raleigh did not invent the patents. Again, this allegation improperly conflates products developed by ItsOn with patents assigned to Headwater. Moreover, as Mr. Nguyen did not know "all of the ideas that are in the '918 patent," the fact that he "was unable to identify any specific contribution of Gregory Raleigh to the ideas described in the '918 patent" does not plausibly allege lack of inventorship.

### III.  CONCLUSION

Samsung's attempt to plead incorrect inventorship is legally deficient and not plausible. Samsung's motion to amend should be denied as futile.

Dated: March 24, 2025                             /s/ Marc Fenster

Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Adam Hoffman

CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
James A. Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of March 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster