# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00641-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANTS' MOTION TO STAY PENDING
# *INTER PARTES* REVIEW OF ALL ASSERTED PATENTS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | ARGUMENT | 3 |
| | A. A Stay Will Not Unduly Prejudice Headwater, But the Absence of a Stay Will Prejudice Samsung. | 3 |
| | B. The Case is in the Earlier Stages. | 6 |
| | C. The IPRs are Highly Likely to Simplify or Eliminate Issues, Streamline the Litigation, and Reduce the Burden on the Court and the Parties. | 7 |
| IV. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co., Ltd.*,
   No. 2:19-cv-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) ..............................9

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)..........................................................................................7

*Chart Trading Dev., LLC v. Tradestation Grp., Inc.*,
   No. 6:15-cv-1136-JDL, 2016 WL 1246579 (E.D. Tex. Mar. 29, 2016)...................................6

*Clinton v. Jones*,
   520 U.S. 681 (1997)..............................................................................................................3

*Customedia Techs., LLC, v. DISH Network Corp.*,
   No. 2:16-cv-129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) ......................................3

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
   Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14,
   2019) .....................................................................................................................................6

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
   No. 2:15-cv-11, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ..............................................7

*In re Etter*,
   756 F.2d 852 (Fed. Cir. 1985)...............................................................................................8

*Headwater Research LLC v. Samsung Electronics Co., Ltd.*,
   No. 2:22-cv-00422-JRG-RSP, Dkt. No. 67 (E.D. Tex. Oct. 11, 2023) .............................1, 2, 5

*Headwater Research LLC v. Samsung Electronics Co., Ltd.*,
   No. 2:23-cv-00103-JRG-RSP, Dkt. No. 70 (E.D. Tex. Jan. 25, 2024)...............................1, 2

*Headwater Research LLC v. Samsung Electronics Co., Ltd.*,
   No. 2:24:cv-00228-JRG-RSP, Dkt. 1 (E.D. Tex. April 3, 2024)..............................................2

*Headwater Research LLC v. Samsung Electronics Co., Ltd.*,
   No. 2:24-cv-00627-JRG-RSP (E.D. Tex. August 2, 2024) ......................................................2

*Image Processing Techs., LLC v. Samsung Electronics Co., Ltd.*,
   No. 2:16-cv-505, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017).........................................7, 9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..............................................................................................................3

*Landmark Tech., LLC v. iRobot Corp.*,
   No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ........................................6

*Motion Games, LLC v. Nintendo Co., Ltd.*,
  No. 6:12-cv-878, 2015 WL 13404313 (E.D. Tex. June 8, 2015) ............................................7

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)........................ *passim*

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  No. 6:13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)........................................8

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
  No. 2:13-cv-213-JRG-RSP, 2015 WL 627887 (E.D. Tex. Jan 29, 2015) ................................5

*Smartflash LLC v. Apple Inc.*,
  621 F. App'x 995 (Fed. Cir. 2015) ........................................................................................6

*Solas OLED Ltd. v. Samsung Display Co., Ltd.*,
  2:19-cv-00152-JRG, 2020 WL 4040716 (E.D. Tex. July 17, 2020) .........................................5

*Stragent LLC v. BMW of N. Am., LLC*,
  No. 6:16-cv-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) ..............................................5

*SynQor, Inc. v. Vicor Corp.*,
  No. 2:14-cv-287, 2015 WL 12916396 (E.D. Tex. Nov. 24, 2015)............................................7

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
  No. 3:18-cv-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020)......................................4, 5

*Versata Software, Inc. v. Callidus Software, Inc*.,
  771 F.3d 1368 (Fed. Cir. 2014) *vacated, on other grounds by* 780 F.3d 1134
  (Fed. Cir. 2015)...................................................................................................................7

*Vill. Green Techs., LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:22-cv-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023)....................................8

*VirtualAgility Inc. v. Salesforce.com, Inc*.,
  759 F.3d 1307 (Fed. Cir. 2014)..........................................................................................3, 4

**Other Authorities**

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings,
and Transitional Program for Covered Business Method Patents*,
77 Fed. Reg. 48680 (Aug. 14, 2012)......................................................................................6

IPR2024-01051, Paper No. 11 (Dec. 17, 2024).............................................................................2

IPR2024-01407, Paper No. 9 (March 20, 2025)............................................................................2

I.  **INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") respectfully move the Court to stay this case until the Patent Trial and Appeal Board ("PTAB") concludes *inter partes* review ("IPR") of the Asserted Patents.[1] Samsung has filed at least one IPR petition for each of the four Asserted Patents,[2] and the PTAB instituted IPR on each Asserted Patent, and on all currently asserted claims. Now Samsung moves to stay having received the PTAB's institution decisions.

The factors that the Court typically considers in determining whether to stay strongly favor one here.  First, a stay will not unduly prejudice Plaintiff Headwater Research LLC ("Headwater")—who already had its day in Court and lost in *Headwater I* where it asserted similar patents and accused similar technology—because money damages would adequately compensate Headwater for the alleged infringement, and Headwater showed no urgency in delaying at least six years in filing this infringement suit. Second, this case is in its earlier stages, with the most burdensome parts of the case still to come. Third, the IPR proceedings will likely simplify, if not eliminate, several issues related to the Asserted Patents. Samsung therefore respectfully submits that a stay pending the IPRs' resolutions is warranted.

II. **FACTUAL BACKGROUND**

This case is the third case in a string of five cases that Headwater has asserted against

---

[1] Samsung filed corresponding motions to stay in the related cases *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-00422-JRG-RSP, Dkt. No. 67 (E.D. Tex. Oct. 11, 2023) ("*Headwater I*") and *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-cv-00103-JRG-RSP, Dkt. No. 70 (E.D. Tex. Jan. 25, 2024) ("*Headwater 2*"). The instant motion is similar to Samsung's previous motions, although the relevant facts have been updated and additional arguments have been made. Importantly, this motion comes earlier in fact discovery than in the prior cases and IPR has been instituted with respect to all Asserted Patents.
[2] U.S. Patent Nos. 8,588,110, 8,639,811, 9,179,359, and 9,647,918.

Samsung in this District.[3] At the start of this campaign, Headwater filed its first complaint against Samsung in the *Headwater 1* matter in October 2022, alleging that Samsung's "mobile phones and tablets" infringe the asserted patents.[4] Fourteen months later, on December 29, 2023, Headwater filed its Complaint against Samsung in the instant case, alleging that the same Samsung "mobile electronic devices, including mobile phones and tablets," infringe the four Asserted Patents. Dkt. 1, ¶ 48. The Asserted Patents issued between 2013 and 2017. *Id.* at ¶¶ 41-44, Exs. 1-4.

On May 15, 2024, Headwater served initial infringement contentions, identifying the claims it contends that Samsung infringes. Headwater later served updated infringement contentions on August 20, 2024 and October 31, 2024.

Between August 2024 and September 2024, Samsung filed IPR petitions as to all four of the Asserted Patents, challenging the validity of more than 51 claims, including all of the currently asserted claims that have not already been disclaimed by Headwater in the IPRs.[5] The PTAB has now instituted IPR on all four Asserted Patents, and on all asserted claims:

|    | **Asserted Patent** | **IPR No.**    | **Date Filed**    | **Date Instituted** |
|----|---------------------|----------------|-------------------|---------------------|
| **1.** | 8,588,110       | IPR2024-01337  | August 28, 2024   | March 13, 2025      |
| **2.** | 8,639,811       | IPR2024-01051  | June 18, 2024     | December 17, 2024   |
| **3.** | 9,179,359       | IPR2024-01407  | September 6, 2024 | March 20, 2025      |
| **4.** | 9,647,918       | IPR2024-01396  | September 9, 2024 | April 1, 2025       |

---

[3] *Headwater 1*; *Headwater 2*; the instant case; *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:24:cv-00228-JRG-RSP, Dkt. 1 (E.D. Tex. April 3, 2024) ("*Headwater 4*"); and *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-00627-JRG-RSP (E.D. Tex. August 2, 2024) ("*Headwater 5*").
[4] *See Headwater 1*, Dkt. 1 ¶ 47 (E.D. Tex. Oct. 26, 2022).
[5] In response to two of the IPR petitions, Headwater disclaimed a number of claims. *See, e.g.*, IPR2024-01051, Paper No. 11 at 2 (Dec. 17, 2024) (institution decision referencing Headwater's disclaiming of claims 1-3 and 5-30 of the '811 patent); IPR2024-01407, Paper No. 9 at 2 (March 20, 2025) (institution decision referencing Headwater's disclaiming of claims 1-25 and 27-29 of the '359 patent).

Samsung promptly filed this motion *within one day* after receiving institution decisions for all four Asserted Patents. The parties are currently in fact discovery, having exchanged written discovery responses and taken some, but far from all, of the noticed or subpoenaed depositions. In fact, while the parties have taken five depositions as of the filing date of this motion, approximately 20 depositions remain outstanding, including all 30(b)(6) depositions. And, while the parties are currently negotiating an ESI Order, one has not yet been entered in this case. The parties have also engaged in *Markman* exchanges and briefing, and the Court is scheduled to hold a *Markman* hearing concerning the indefiniteness of a single claim term this week on April 3, 2025. *See* Dkt. Nos. 72, 75, 81, and 86.

## III.    ARGUMENT

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Customedia Techs., LLC, v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In doing so, the court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Courts in this District typically consider the following factors when deciding whether to stay a case pending IPR proceedings: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* Each of these factors favor granting a stay here.

### A.    A Stay Will Not Unduly Prejudice Headwater, But the Absence of a Stay Will Prejudice Samsung.

"[W]hether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307,

3

1318 (Fed. Cir. 2014). In this case, all four Asserted Patents issued between eight to twelve years ago. Dkt. 1, ¶¶ 41-44; Exs. 1-4. And Headwater began contemplating litigation against Samsung at least eight years ago, in 2017. *See* Dkt. No. 58 at 37; Dkt. No. 59 at 3. Yet, despite the Asserted Patents' issuance and Headwater's anticipation of litigation by 2017, Headwater waited more than *six years* to file the present suit. *See* Dkt. No. 1, ¶¶ 41-44; Exs. 1-4; Dkt. No. 59 at 3. Headwater clearly felt no urgency in bringing these infringement assertions, and will thus not suffer any undue prejudice from having the litigation momentarily paused while the PTAB considers Samsung's IPRs. *See VirtualAgility*, 759 F.3d at 1319 (finding a one-year delay between the asserted patent's issuance and the infringement suit's filing weighed against undue prejudice).

Further, Headwater and Samsung are not competitors. Headwater does not have—nor has it ever had—products that practice the Asserted Patents, which Headwater asserts against functionality in Samsung products that existed for at least eight years before Headwater filed this suit. *See* Ex 1 2025-03-26 Pl.'s Resp. to Defs.' RFA 7 (admitting "Headwater has never sold any physical devices"). And Headwater does not appear to have any current business operations other than maintaining and asserting a patent portfolio. Ex. 2 (-422 Trial Tr.) at 231:1-6 ("Q…you told this jury that your main focus now is licensing. Correct? A. Yes, ma'am. Q. All right. A. That's our business model."). This fact likewise weighs against any finding of undue prejudice. *See NFC Tech.*, 2015 WL 1069111, at *3 (finding a "generalized claim of injury is entitled to little weight" where plaintiff and defendant do not compete and "monetary relief will be sufficient to compensate it for any injury to its patent rights"); *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-cv-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("While 'competition between parties can weigh in favor of finding undue prejudice,' Uniloc and Defendants are not competitors.") (quoting *VirtualAgility*, 759 F.3d at 1318).

Finally, monetary damages would adequately compensate Headwater if it were granted some relief. A "stay will not diminish the monetary damages to which [Headwater] will be entitled if it

4

succeeds in its infringement suit—it only delays realization of those damages." *Id*. "[M]ere delay in collecting those damages does not constitute undue prejudice." *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017); *see also NFC Tech*., 2015 WL 1069111, at *2 ("[D]elay in the vindication of patent rights" is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion.").[6]

Samsung, however, will face significant prejudice without a stay. In *Headwater I*, Headwater asserted ***nine*** patents, all of which are related to one or more of the Asserted Patents here and shared overlapping inventors with those of the currently Asserted Patents (e.g., Gregory Raleigh, James Lavine, and Alireza Raissinia). There, like here, Headwater accused Samsung mobile phones and tablets of infringement based on their inclusion of various Google Android features, including at least Power Saving Mode, Doze Mode, App Standby, and Data Saver. After two years of litigation (during which Headwater was sanctioned for egregious discovery violations)[7] and millions spent by Samsung to defend itself, "the case was submitted to the jury, which returned its ***unanimous verdict on January 17, 2025, finding that Samsung does not infringe***[.]" *Headwater I*, Dkt. No. 511 at 2. Despite similar (and related) patents being asserted and the same technology being accused here, Headwater waited an additional 14 months after filing *Headwater I* to file this case. Under these particular circumstances, a stay is warranted.

---

[6] These facts are not comparable to other non-practicing entity cases where stays have been denied due to the proximity of trial. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan 29, 2015); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 2:19-cv-00152-JRG, 2020 WL 4040716, at *2 (E.D. Tex. July 17, 2020). Trial in this case is not scheduled until October 6, 2025. Dkt. No. 44 at 1. Regardless, as shown below, even proximity to trial does not necessarily negate a stay.

[7] *Headwater I*, Dkt. No. 401 at 5 ("The Court finds that Plaintiff and its counsel committed an egregious violation of the Discovery Order.").

5

Furthermore, should this case proceed, Samsung will incur significant litigation expenses defending itself against allegations based on the four Asserted Patents—when substantial aspects of those allegations may be materially simplified, if not eliminated, by Headwater's representations during the IPRs and/or by the IPRs' outcomes. A stay will benefit both parties by allowing them to take advantage of the IPR process and its creation of "a more efficient and streamlined patent system [to] improve patent quality and limit unnecessary and counterproductive litigation costs." U.S. Patent and Trademark Office, *Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680 (Aug. 14, 2012).

### B. The Case is in the Earlier Stages.

"Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims." *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) (internal quotations omitted); *see also Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:15-cv-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (same). While this case is not in its infancy, "the most burdensome parts of the case"—all ESI production, approximately 20 fact and corporate witness depositions, expert discovery, summary judgment proceedings, and pre-trial motions—"lie in the future." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019). Therefore, a stay at this stage would conserve significant judicial and party resources. *See, e.g., Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come. A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial.").

Even cases that were much further along than the present case, with fact and expert discovery completed and trial weeks or months away, have been stayed, given "there is little doubt that substantial

6

amount of pretrial, trial and post-trial resources have yet to be expended." *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-cv-878, 2015 WL 13404313, at *1 (E.D. Tex. June 8, 2015); *see also Image Processing Techs., LLC v. Samsung Electronics Co., Ltd.*, No. 2:16-cv-505, 2017 WL 7051628, at *1 (fact and expert discovery completed and stay granted three weeks before trial) (E.D. Tex. Oct. 25, 2017); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-11, 2016 WL 1162162, at *2 (E.D. Tex. Mar. 23, 2016) (stay granted two months before trial); *SynQor, Inc. v. Vicor Corp.*, No. 2:14-cv-287, 2015 WL 12916396, at *4 (E.D. Tex. Nov. 24, 2015) (stay granted seven weeks before pretrial conference).

Removing any need to address summary judgment motions, *Daubert* motions, motions *in limine*, or other pre-trial issues based on Headwater's arguments before the PTAB will avoid unnecessary time and expense by the Court and parties. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer"). The parties will also avoid substantial litigation expenses that may well be eliminated, streamlined, or further defined via the PTAB proceedings. *See, e.g., Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) *vacated, on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015) ("[W]e must also be mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial.").

### C.     The IPRs are Highly Likely to Simplify or Eliminate Issues, Streamline the Litigation, and Reduce the Burden on the Court and the Parties.

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try

7

infringement issues." *Id.* at \*1. "Indeed, 'an auxiliary function of the proceeding is to free the court from any need to consider prior art without the benefit of the [PTAB]'s initial consideration.'" *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at \*2 (E.D. Tex. Oct. 8, 2014) (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

The four instituted IPRs – challenging all four Asserted Patents and more than 51 claims (including all asserted claims) – will likely simplify issues in this case, if not resolve it altogether.

*First*, the PTAB's record shows that it will likely cancel some, if not all, of Headwater's patent claims. Instituted IPRs often lead to claim cancellation, with a rate of 49% of instituted claims found unpatentable in a Final Written Decision. *See* Ex. 3 at 13. Given that all asserted claims are now subject to IPR, it is likely that some of these claims will either be disclaimed by Headwater or found unpatentable by the PTAB. Indeed, since the filing of Samsung's IPR petitions, Headwater has disclaimed **57** claims from the asserted '811 and '359 patents (including many that it previously asserted in this litigation). *See* Section II, n. 5, *supra*. And, with respect to the asserted '811 patent in particular, Headwater failed to even file a Patent Owner Response, greatly increasing the likelihood that the PTAB cancel the challenged claims of that patent.

*Second*, given that the PTAB has instituted IPR petitions for all Asserted Patents, judicial economy favors a stay given the likelihood that the IPRs will streamline or simplify the case. The IPR proceedings will simplify case issues, including issues relating to prosecution history estoppel and invalidity. As this Court noted previously, "[s]taying the litigation pending the PTAB's determination of the validity of all the asserted claims of the [] patents-in-suit could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal." *Norman IP Holdings, LLC*, 2014 WL 5035718, at \*3. Recognizing the efficiencies gained by a stay pending IPR, this Court has granted motions to stay when all, or almost all, of the asserted claims were subject to PTAB review. *See Vill. Green Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00099-

JRG, 2023 WL 416419, at *3 (E.D. Tex. Jan. 25, 2023) (granting a stay pending IPR when all of the asserted claims were subject to IPR); *Arbor Glob. Strategies LLC v. Samsung Elecs. Co., Ltd.*, No. 2:19-cv-00333-JRG-RSP, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021) (granting a stay pending IPR when all of the asserted claims were subject to IPR); *Image Processing Techs.*, 2017 WL 7051628, at *1 (granting a stay pending IPR when all of the asserted claims, except for one, were subject to IPR).

Given the likely scenarios and outcomes of the IPR petitions and related proceedings, this "most important factor" clearly favors a stay. *See NFC Tech.*, 2015 WL 1069111, at *4.

### IV. CONCLUSION

Because all relevant factors favor a stay, Samsung respectfully requests that the Court grant its motion to stay this case pending the IPRs' final resolutions.

Dated: April 2, 2025

Respectfully submitted,

By: */s/ Jared Hartzman*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman
DC Bar No. 1034255
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272

Ashley A. Bolt
GA Bar No. 231197
Erin P. Alper
GA Bar No. 940408
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants met and conferred on April 2, 2025 in compliance with Local Rule CV-7(h). Plaintiff opposes this motion.

>                               */s/Jared Hartzman*
>                               Jared Hartzman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 2, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

>                               */s/ Jared Hartzman*
>                               *Jared Hartzman*