# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 2:23-CV-00641-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. and | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., | § | |
| | § | |
| Defendant. | § | |

## CLAIM CONSTRUCTION ORDER

In this patent case, Headwater Research LLC asserts infringement by Samsung Electronics, Co., Ltd., and Samsung Electronics America, Inc., (together, "Samsung") of claims from four patents related to wireless systems and devices. *See* Dkt. No. 72 at 1. The parties present a single claim construction dispute—whether Claims 1 and 14 of U.S. Patent 9,647,918 are indefinite based on a common term that, according to Samsung, has no antecedent basis in the claims. Having considered the parties' briefing, along with arguments of counsel at an April 3, 2025 hearing, the Court holds these claims are not indefinite on that basis.

## I.   LEGAL STANDARDS

### A.   Generally

"[T]he claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*). As such, if the parties dispute the scope of the claims, the court must determine their meaning. *See, e.g., Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1317 (Fed. Cir. 2007) (Gajarsa, J.,

concurring in part); *see also Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 390 (1996), *aff'g,* 52 F.3d 967, 976 (Fed. Cir. 1995) (*en banc*).

Claim construction, however, "is not an obligatory exercise in redundancy." *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). Rather, "[c]laim construction is a matter of [resolving] disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims . . . ." *Id.* A court need not "repeat or restate every claim term in order to comply with the ruling that claim construction is for the court." *Id.*

When construing claims, "[t]here is a heavy presumption that claim terms are to be given their ordinary and customary meaning." *Aventis Pharm. Inc. v. Amino Chems. Ltd.,* 715 F.3d 1363, 1373 (Fed. Cir. 2013) (citing *Phillips,* 415 F.3d at 1312–13). Courts must therefore "look to the words of the claims themselves . . . to define the scope of the patented invention." *Id.* (citations omitted). The "ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, *i.e.,* as of the effective filing date of the patent application." *Phillips,* 415 F.3d at 1313. This "person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Id.*

Intrinsic evidence is the primary resource for claim construction. *See Power-One, Inc. v. Artesyn Techs., Inc.*, 599 F.3d 1343, 1348 (Fed. Cir. 2010) (citing *Phillips,* 415 F.3d at 1312). For certain claim terms, "the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips,* 415 F.3d at 1314; *see also Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1319 (Fed.

Cir. 2005) ("We cannot look at the ordinary meaning of the term . . . in a vacuum. Rather, we must look at the ordinary meaning in the context of the written description and the prosecution history."). But for claim terms with less-apparent meanings, courts consider "those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean . . . [including] the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." *Phillips,* 415 F.3d at 1314.

### B. Indefiniteness

"[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). The claims "must be precise enough to afford clear notice of what is claimed" while recognizing that "some modicum of uncertainty" is inherent due to the limitations of language. *Id.* at 908. "Indefiniteness must be proven by clear and convincing evidence." *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017).

## II. THE LEVEL OF ORDINARY SKILL IN THE ART

The level of ordinary skill in the art is the skill level of a hypothetical person who is presumed to have known the relevant art at the time of the invention. *In re GPAC*, 57 F.3d 1573, 1579 (Fed. Cir. 1995). In resolving the appropriate level of ordinary skill, courts consider the types of and solutions to problems encountered in the art, the speed of innovation, the sophistication of the technology, and the education of workers active in the field. *Id.* Importantly, "[a] person of ordinary skill in the art is also a person of ordinary creativity, not an automaton." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007).

Here, Samsung says a skilled artisan "would have had (1) at least a bachelor's degree in computer science, computer engineering, electrical engineering, or a related field, and (2) at least two years of industry experience in wireless communication network applications and software." Dkt. No. 75 at 4. Headwater does not dispute this level of skill for purposes of claim construction, Dkt. No. 72 at 5, which the Court adopts for its analysis.

### III. THE DISPUTED TERM

#### A. "the calling device application" ('918 Patent, Claims 1, 14)

| Plaintiff's Construction | Defendants' Construction |
|---|---|
| Not indefinite; plain and ordinary meaning | Indefinite |

In Claim 1, using Headwater's identifiers for its limitations, the two most relevant limitations recite:

> [1.3] a first network stack Application Programming Interface (API), containing at least one first call accessible to each of a plurality of device applications, the first network stack API callable by each of the plurality of device applications to open and use data packet flows via the network stack, the wireless modem, and the at least one wireless network;
>
> [1.4] a second API containing at least one second call accessible to each of the plurality of device applications, the second API callable by each of the plurality of device applications to make a data transfer request for a media object associated with a network resource identifier supplied by **the calling device application** . . . .

'918 Patent at 124:32–45 (disputed term in bold). Claim 14 includes similar language. *See id.* at 126:35–46. Samsung says "the calling device application" in these claims has no antecedent basis and a skilled artisan would not know with reasonable certainty whether "the calling device application" is calling the first API or the second API. Dkt. No. 75 at 6. In other words, Samsung

interprets the claim language as actually requiring a call. *See id.* (asserting "the identity of 'the calling device application' is unknown").

That is not how a skilled artisan would read the claim language. Instead, the first clause of Limitation [1.4] recites the requirement of a second API, and everything that comes after the comma simply limits the second API: (1) it's callable by multiple applications, (2) it makes data-transfer requests for media objects associated with a parameter (a network resource identifier), and (3) that parameter comes from whatever application calls the second API. In other words, "by the calling device application" limits the source of the network resource identifier when the second API is called, but does not itself require a call. Even the Abstract makes this clear. Accordingly, the Court rejects Samsung's indefiniteness challenge and will give this term a plain and ordinary meaning construction.

## IV. CONCLUSION

| Disputed Term | The Court's Construction |
|---|---|
| "the calling device application" ('918 Patent, Claims 1, 14) | Plain and ordinary meaning. |

The Court **ORDERS** each party not to refer, directly or indirectly, to its own or any other party's claim-construction positions in the presence of the jury. Likewise, the Court **ORDERS** the parties to refrain from mentioning any part of this opinion, other than the actual positions adopted by the Court, in the presence of the jury. Neither party may take a position before the jury that contradicts the Court's reasoning in this opinion. Any reference to claim construction proceedings is limited to informing the jury of the positions adopted by the Court.

**SIGNED this 7th day of April, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE