IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00641-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSED MOTION FOR ENTRY OF ESI ORDER**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") respectfully file this motion for entry of an ESI Order. Samsung and Plaintiff Headwater Research LLC ("Headwater") have conferred regarding the Court's default ESI Order, and the parties have agreed to several changes and additions. However, the parties have been unable to reach agreement on two provisions regarding whether Headwater may unilaterally screen its ESI for alleged relevance before production. Headwater's pattern of problematic discovery tactics in this and prior cases between the parties raises questions as to whether Headwater can truly and accurately review ESI documents for "relevance." Accordingly, Samsung attaches to this motion as Exhibit A (Samsung's Proposed ESI Order – Clean Version) its proposed ESI order and respectfully requests that it be entered.

**I.     FACTUAL BACKGROUND**

This is the third case in this Court between Samsung and Headwater. *See* Civil Action Nos. 2:22-cv-00422 and 2:23-cv-00103 (the "-422 case" and "-103 case," respectively). Throughout September and October of 2024, the parties attempted to negotiate an ESI order

1

consistent with the prior cases. On November 5, 2024, Headwater proposed revisions to the parties' working draft, in which it added the following language:

> Nothing in this protocol shall be interpreted to require disclosure of ***irrelevant information or relevant*** information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

(emphasis added). Following additional discussions and communications, on January 28, 2025, Samsung agreed to the following revision shown in strikethrough, removing the ability for either party to unilaterally determine relevance:

> Nothing in this protocol shall be interpreted to require disclosure of ***~~irrelevant information or relevant~~*** information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

*See* Ex. B (Samsung's Proposed ESI Order – Redlined Version) (emphasis added). At the same time, Samsung proposed an additional clause clarifying that any document for an identified custodian including identified search term(s) must be presumed relevant and produced unless a privilege attaches, in which case it must be documented on a privilege log:

> For every e-mail in a producing party's possession, custody, or control for the identified custodians and search terms, the producing party shall either (1) produce the e-mail, or (2) document the withheld e-mail on a privilege log.

*See* Ex. B. On February 4, 2025, Headwater indicated that it would not agree to either of these provisions as revised by Samsung. Headwater reiterated on February 10, 2025 that it would "not agree to forego a relevance screen." *See* Ex. C (Feb. 10, 2025 email from Kristopher Davis). The parties met and conferred on February 17, 2025 and confirmed an impasse has been reached.

## II.    ARGUMENT

The parties agree that an ESI Order is necessary. The parties also agree on the appropriate number of custodians and search terms. The only remaining dispute is whether a party should be permitted to withhold non-privileged documents from production based on "relevance" when the documents belong to an ESI custodian and includes identified search term(s). Headwater's actions

in prior cases show that its standard for "relevance" is unreliable, thus requiring a different approach from what Headwater proposes.

### A. Headwater Withheld Relevant Emails in the -422 and -103 Cases, Forcing Motion Practice

In the -422 case, Headwater withheld emails and attachments that hit on Samsung's search terms. Samsung moved to compel withheld responsive ESI. *See* Dkt. 96 in No. 2:22-cv-00422. The parties ultimately reached agreement on a relevance standard, which the Court adopted in its Order. *See* Dkt. 198 in No. 2:22-cv-00422. More specifically, the Court issued the following order:

> At the hearing the parties **agreed** Headwater will not withhold as irrelevant any documents generated by the keyword search that fall within the following categories:
> 1. Documents concerning the ItsOn technology referenced in Headwater's Complaint
> 2. Documents concerning ItsOn's relationship with Samsung
> 3. Documents discussing valuations of Headwater Patents
> 4. Documents concerning the accused features in Headwater's infringement contentions
> 5. Documents concerning Sprint and patent marking obligations
> 6. Documents concerning Qualcomm
> 7. Emails about ItsOn and Headwater patents, and
> 8. Emails about problems with ItsOn software (which Headwater contends to have practiced the asserted patents).

*Id.* Yet Headwater continued to withhold documents meeting these criteria.

After this order issued, Samsung deposed Headwater founder and named inventor Dr. Greg Raleigh in the normal course of discovery in the -103 case. Dr. Raleigh testified that his former employer, Qualcomm, contacted him in 2009 via an email that insinuated he had conceived of Headwater technology while at Qualcomm. *See* Ex. D at 3-5. This type of document falls squarely within one of the categories in this Court's Order. Dkt. 198 in No. 2:22-cv-00422 ("7. Documents concerning Qualcomm"). Dr. Raleigh testified that he gave this 2009 email to Headwater's

counsel, Ex. D at 3-5, but Headwater had not (at the time) produced that email in either of the -422 case or the -103 case.

### B. Only After the Court's Order Did Headwater Produce Additional Non-Privileged Documents Hitting on Samsung's Search Terms

After Dr. Raleigh's deposition, Headwater produced <u>seven (7)</u> new documents, at least <u>five (5)</u> of which would have hit on Samsung's ESI search terms due to its inclusion of "ItsOn" and "patent," and all of which were clearly relevant to the parties' standing dispute. When asked to explain why it withheld these documents, Headwater claimed that—despite the ***extensive motion practice before this Court*** regarding Headwater's insufficient privilege logs and improper withholding of documents as privileged—the documents were nevertheless still "inadvertently tagged as privileged". Ex. D at 1. These tagging mistakes were especially surprising considering that (1) during the April 24, 2024 hearing concerning, among other things, Headwater's privilege log, Headwater explicitly discussed "a number of communications between Qualcomm and Headwater . . . in the 2009/2010 time frame" and represented that it "produced those" (Dkt. 201 at 119-121 in No. 2:22-cv-00422); and (2) Headwater also failed to include on its privilege log at least one of these documents supposedly withheld for privilege. *See* Ex. E (did not appear on a privilege log).

\* \* \*

Given Headwater's prior conduct, including withholding of documents that met an agreed-upon (and Court-ordered) parameters of a relevance screen, Headwater should not be allowed to continue to unilaterally withhold documents on the basis of relevance. Despite this, Headwater has made clear that it intends to continue to apply the very same "relevance screen" in this case *See* Ex. C. This pattern of behavior violates the letter and the spirit of this Court's Discovery Order, Patent Rules, ESI Orders entered in the -422 case and the -103 case, and Order issued after

the April 24 hearing.  Instead, Samsung respectfully requests that this Court order the parties to abide by the following parameters:

> For every e-mail in a producing party's possession, custody, or control for the identified custodians and search terms, the producing party shall either (1) produce the e-mail, or (2) document the withheld e-mail on a privilege log.
>
> . . .
>
> Nothing in this protocol shall be interpreted to require disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Accordingly, Samsung respectfully requests that this Court enter its Proposed ESI Order (Exhibit A) as the governing ESI Order in this action.

Dated: April 16, 2025

Respectfully submitted,

By: */s/ Ashley A. Bolt*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Erin P. Alper
GA Bar No. 940408
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## **CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff and counsel for Defendants met and conferred on March 17, 2025 in compliance with Local Rule CV-7(h).  Plaintiff opposes this motion.

>                                             */s/Ashley A. Bolt*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 16, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

>                                             */s/ Ashley A. Bolt*
>                                             Ashley A. Bolt