UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>          Defendants. | Case No. 2:23-cv-00641-JRG-RSP |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO SAMSUNG'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARD ............................................................................................................ 1

III. ARGUMENT .......................................................................................................................... 2

    A. Headwater Would Be Substantially Prejudiced by Delaying this Case Potentially for Years Until the IPRs Are Resolved ............................................................................. 2

    B. The Parties Have Already Invested Substantial Resources into This Case and the Stage of the Case Weighs Against a Stay ................................................................... 5

    C. Simplification of the Issues Is Speculative and Does Not Support Delaying Resolution of the Parties' Patent Infringement Dispute ............................................... 6

IV. CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*,
  No. 2:21-CV-00446-JRG 108 (E.D. Tex. Jan. 20, 2023) .................................................. 2, 4, 7

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
  No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ........................................ 2

*DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*,
   No. 15-CV-01362-BLF, 2015 WL 12859346 (N.D. Cal. Oct. 13, 2015) ................................. 7

*Facebook, Inc. v. Blackberry Limited*,
  No. 4:18-cv-05434-JSW, Dkt. 125 (N.D. Cal. June 15, 2020) ................................................. 7

*Force Mos Tech., Co. v. ASUSTek Computer, Inc.*,
   No. 2:22-CV-00460-JRG, 2024 WL 1586266 (E.D. Tex. Apr. 11, 2024) ............................... 5

*JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*,
  No. 2:20-CV-02299-CAS (SKx), 2020 WL 6203555 (C.D. Cal. Oct. 19, 2020) ...................... 9

*Kirsch Rsch. & Dev., LLC v. Epilay Inc.*,
  No. 2:20-cv-03773-RGK-RAO, 2021 WL 4704721 (C.D. Cal. Aug. 18, 2021) ....................... 8

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
  No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ............................... 3

*Longhorn HD LLC. v. NetScout Sys., Inc.*,
  No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ....................................... 6

*Netlist, Inc. v. Samsung Elecs. Co. Ltd.*,
  No. 2:22-cv-00293-JRG, Dkt. 689 at 5 (E.D. Tex. Mar. 11, 2024) ........................................... 7

*Polaris Powerled Techs., LLC v. Samsung Elecs. Am.,
   Inc.*, No. 2:22-CV-00469-JRG, 2024 WL 1149223 (E.D. Tex. Mar. 15, 2024) ....................... 9

*Realtime Data LLC v. Actian Corp.*,
  No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016) ...................... 2, 3

*Sable Networks, Inc. v. Splunk Inc.*,
  No. 5:21-CV-00040-RWS, Dkt. 77 (E.D. Tex. Nov. 1, 2021) ................................................... 3

*Soverain Software LLC v. Amazon.Com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) ...................................................................................... 2

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*,
  No. 2:17-CV-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19, 2018) ................................. 4

*Village Green Techs., LLC v. Samsung Elecs. Co.*,
   No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ................................... 9

I.       **INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") have failed to meet their burden to show that a stay pending *inter partes* review (IPR) is warranted. The parties have been litigating this case for nearly 16 months, and trial is just six months away in October 2025. Samsung's IPRs were only recently instituted, and the final written decisions on the latest IPRs are not expected until April 2026—*six months* after the scheduled trial. Delaying resolution of this patent infringement dispute, potentially for years, will substantially prejudice plaintiff Headwater Research LLC ("Headwater"), especially given the substantial time and resources it has invested in this case. This prejudice was exacerbated by Samsung's delay in filing IPR petitions. Samsung filed the first IPR petitions six months after the complaint was filed, and then inexplicably waited almost three more months to file IPRs on the remaining two asserted patents. Had Samsung filed sooner, the parties and the Court could have avoided some of this investment.

The potential for issue simplification is speculative at best and does not outweigh the prejudice to Headwater that will result from a stay. Indeed, any potential for issue simplification is diminished by the fact that claim construction is already completed, and the fact discovery deadline and open expert reports deadline are in just a few weeks. It simply makes no sense to stay the proceedings at this advanced stage for the mere possibility that some of the asserted claims will be invalidated.

All three factors strongly weigh against a stay, and Samsung's motion should be denied.

II.      **LEGAL STANDARD**

"Courts have the inherent power to manage their dockets and stay proceedings." *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *1 (E.D. Tex. June

1

14, 2016). Accordingly, there is "no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Id.* (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *see also Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.").

In determining whether to grant a stay, courts consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Realtime*, 2016 WL 3277259, at *1 (citing *Soverain*, 356 F. Supp. 2d at 662). As discussed below, all three factors weigh against a stay.

### III. ARGUMENT

#### A. Headwater Would Be Substantially Prejudiced by Delaying this Case Potentially for Years Until the IPRs Are Resolved

In denying Samsung's motion to stay pending IPR in Case No. 23-cv-00103-JRG-RSP, this Court rejected Samsung's argument that Headwater cannot be prejudiced and found "this factor weighs against stay" because "[a]ll parties have an interest in the timely vindication of their patent rights, regardless of their practicing status." *Headwater v. Samsung*, No. 2:23-cv-00103-JRG-RSP, Dkt. 290 at 3 (E.D. Tex. Dec. 11, 2024). Similarly, in *Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, the Court found that a stay would "unduly prejudice" plaintiff even though it did not practice the asserted patents. *Id.*, Dkt. 108 at 3–4 (E.D. Tex. Jan.

2

20, 2023).[1] The Court further explained that "despite Samsung's assertions, both parties have already expended significant time and resources," and that "[a]ny further delay would require the parties to sink additional resources into the case, all the while postponing [plaintiff's] vindication of its patent rights." *Id.* at 4.

The same reasoning applies here. Headwater will be substantially prejudiced by delaying resolution of this patent infringement dispute potentially for years. The Court rejected Samsung's argument that Headwater cannot be prejudiced due to its NPE status in the -103 case, and should reject it here too. Further, as set forth in detail in the complaint, Headwater is not a mere NPE with no connection to the asserted patents. Headwater was formed in 2008 by Dr. Gregory Raleigh, the primary inventor of the asserted patents who has a has a long and distinguished record of significant contributions and advancements in wireless communications. Dkt. 1 ¶¶ 2–15. While Headwater may not directly compete with Samsung in the sense that it does not manufacture and sell mobile devices, it licenses its technology to companies that do. There is still a lot of life left in the asserted patents, and allowing Samsung to continue its infringement is harmful to its business.

Samsung's delay in filing the IPRs exacerbated this prejudice. This case was filed in December 2023, and Samsung did not even start filing IPRs until June 2024. Samsung then delayed almost *three more months* to file IPRs on the '359 and '918 patents, which were filed in September 2024—nearly 10 months after the complaint was filed (and four months after Headwater served its infringement contentions). As a result, the last final written decisions are not until April 2026,

---

[1] *See also Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) ("a patent holder has 'an interest in the timely enforcement of its patent right'"); *Sable Networks, Inc. v. Splunk Inc.*, No. 5:21-CV-00040-RWS, Dkt. 77 at 3 (E.D. Tex. Nov. 1, 2021) (finding this factor weighed against a stay even though plaintiff was "not currently practicing the patents," as "the time allowed for the IPR decision as well as a potential appeal could cause a lengthy delay that would significantly prejudice [plaintiff]"); *Realtime,* 2016 WL 3277259, at *2 ("The fact that Realtime is a non-practicing entity and is merely pursuing monetary damages would not preclude Realtime from experiencing prejudice if the Court granted Defendants' motion to stay.").

and could come as late as October 2026—six months to a year after the trial in this case, which is set for October 6, 2025. Samsung offers no explanation for its delay or for why it filed the IPR petitions in piecemeal fashion. In fact, it appears that this delay is simply part of Samsung's litigation strategy. Samsung has demonstrated a pattern of waiting until nearly the end of the statutory period to file serial IPRs, as it did in the -103 case. This is improper and further weighs against a stay.

While Samsung ignores its own delay, it argues that the prejudice to Headwater is diminished because it purportedly "waited more than six years to file the present suit." Mot. at 3. But any purported delay in filing suit was reasonable given the sheer number of infringing devices on the market sold by Samsung alone, some of which were only released in the last couple years. As just one example, the Galaxy Tab A7 10.4 was released in 2022.

Samsung also wrongly asserts that it will "face significant prejudice without a stay" because it "will incur significant litigation expenses defending itself against allegations based on the four Asserted Patents." Mot. at 5–6. Merely having to defend a lawsuit is not prejudice. Samsung cites no authority to support this assertion. Indeed, this Court rejected this exact argument in denying another motion to stay brought by Samsung. The Court explained that "Samsung's argument is inapposite, as the present factor in the stay analysis looks to 'whether a stay will unduly prejudice or present a clear tactical disadvantage *to the nonmoving party*.'" *Cal. Tech. v. Samsung*, slip op. at 4 (quoting *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018)); *see also Resonant v. Samsung*, slip op. at 2–3 (implicitly rejecting the same argument by declining to address it in the Court's order denying Samsung's motion to stay). In other words, the only relevant consideration under this factor is the prejudice to Headwater. That Samsung obtained a favorable verdict in another

4

case involving different patents does not make the purported speculative prejudice to Samsung relevant to the stay analysis.

This factor weighs against a stay.

### B. The Parties Have Already Invested Substantial Resources into This Case and the Stage of the Case Weighs Against a Stay

Unable to credibly claim that this case is in the early stages, Samsung instead asserts that this case is in the "earlier" stages. Mot. at 6. Samsung is wrong. It is clear that this case is approaching if not already in the advanced stages, as claim construction is completed, and the fact discovery and export report deadlines are in just a few weeks. *See Force Mos Tech., Co. v. ASUSTek Computer, Inc.*, No. 2:22-CV-00460-JRG, 2024 WL 1586266, at *3 (E.D. Tex. Apr. 11, 2024) (finding the stage of the proceedings weighed against a stay where, as here, "the original complaint had been filed (1) over a year before Defendant filed the Motion and (2) nearly a year before Petitioner filed the IPR petitions," explaining that the "state of discovery as of the filing of the Motion and the length of time between filing of the original complaint and the Motion indicate that this case reached a relatively advanced state"). And regardless of the particular descriptor assigned to the stage of the case, it is clear that the parties and the Court have already invested substantial time and resources into the litigation.

Headwater filed this case nearly *16 months ago* in December 2023. In addition to claim construction, the parties have engaged in motion practice, including Headwater's motion to amend infringement contentions (Dkt. 50), Samsung's motion for Rule 37 sanctions (Dkt. 59), Samsung's motion to amend its answer to add a new defense (Dkt. 76), and two motions to compel filed by Samsung (Dkt. 83, 85). The Court granted Headwater's motion to amend (Dkt. 54), and denied Samsung's motions to compel (Dkt. 97). The other motions are fully briefed and remain pending. The Court set an evidentiary hearing on Samsung's sanctions motion for June 18. The jury trial is

5

less than six months away on October 6, 2025. Meanwhile, a final written decision in IPR2024-01396 on the '918 patent is not expected until April 2026—six months after the trial.

The parties have also engaged in substantial discovery, including written discovery (interrogatories and RFAs) and depositions. Samsung has already deposed three inventors (Vien-Phuong Nguyen, James Lavine, and Jeffrey Green). In addition, 25+ depositions taken in other cases are part of discovery in this case pursuant to the parties' cross-use agreement. This factor strongly weighs against a stay. *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *4 (E.D. Tex. Jan. 6, 2022) ("Although it is true that the parties, and the Court, will still invest additional resources in this case, all dates for remaining case events—including trial—have been set and the Court intends to maintain those dates. Accordingly, the Court finds this factor does not favor a stay.").

Samsung's purported (speculative) concern about potentially expending unnecessary resources on this litigation is belied by its own conduct. Rather than timely file IPR petitions on all asserted patents, Samsung aggressively sought to take early depositions of the named inventors, including while Headwater's counsel was in the middle of trial, asserting that they "have plenty of bandwidth available to cover the other cases simultaneously." Ex. 1. Perhaps a better use of this bandwidth would have been to file timely IPR petitions instead of forcing the parties to expend time and resources into a case that Samsung would ultimately seek to have stayed months before trial.

## C. Simplification of the Issues Is Speculative and Does Not Support Delaying Resolution of the Parties' Patent Infringement Dispute

Simplification of the issues is speculative and does not support a stay. Contrary to Samsung's assertions, the mere fact of institution is no guarantee of issue simplification. Indeed,

6

the Court denied a motion to stay filed by Samsung in another case where IPRs were instituted on all asserted patents, explaining:

> While the Court agrees with Samsung that there is a possibility that resolution of the IPRs could simplify the issues of this case, such is not a given. The only scenario in which the IPRs dispose of the entire case is if the PTAB invalidated all claims of all three asserted patents in suit and the Federal Circuit affirmed all these decisions on appeal.

*Netlist, Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:22-cv-00293-JRG, Dkt. 689 at 5 (E.D. Tex. Mar. 11, 2024).

As in *Netlist*, Samsung has failed to identify any specific facts or circumstances to support that simplification of the issues in this case is likely. For example, Samsung has not identified any specific issues for which the Court would find the PTAB's guidance helpful. Nor has Samsung pointed to anything in the PTAB's institution decisions indicating that its invalidity arguments are particularly strong and likely to succeed. Instead, Samsung relies on generic statistics and the general possibility that some or all of the claims may be invalidated because "[i]nstituted IPRs often lead to claim cancellation." Mot. at 8. But the PTAB's overall rate of cancellation says nothing about the merits of the petitions at issue *in this case*. *See, e.g.*, *Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 6 (E.D. Tex. Jan. 20, 2023) (rejecting Samsung's reliance on "generic statistics" regarding the PTAB's institution rates and stating that "[t]he Court is not persuaded by such speculation"); *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) (denying stay and explaining that "reliance on the PTAB's past performance with respect to invalidating patents does not give the Court any concrete information about how the PTAB will analyze the asserted patent in this case"); *Facebook, Inc. v. Blackberry Limited*, No. 4:18-cv-05434-JSW, Dkt. 125 at 6 (N.D. Cal. June 15, 2020) ("group statistics are not indicative of individual probabilities"); *Kirsch Rsch. & Dev., LLC v. Epilay Inc.*, No. 2:20-cv-03773-RGK-

7

RAO, 2021 WL 4704721, at *3 (C.D. Cal. Aug. 18, 2021) (denying motion to stay even after institution and finding it "inappropriate for the Court to speculate as to the outcome of the instituted IPRs").

But even if the Court were to consider Samsung's cited statistics, more than 50% of instituted claims *survive* IPR. Thus, as a general matter, is far more likely that at least some of the challenged claims survive IPR and that this case will proceed to trial. *See, e.g.*, Dkt. 96-3 at 15 (noting that only "10% of challenged patents were fully invalidated by PTAB"). A stay would only serve to prolong the litigation and delay resolution of this patent infringement dispute.

Further, Headwater filed a petition for director review in IPR2024-01407 on the '359 patent on the ground that the Board improperly granted institution based on a new theory not asserted in Samsung's petition. The Board also erred in its analysis of the *Fintiv* factors for discretionary denial. Accordingly, Headwater has requested that this IPR be terminated. *See* Ex. 2. Headwater's request is being considered by the Board (*see* Ex. 3), and therefore simplification with respect to the '359 patent remains speculative.

Samsung's assertion that Headwater disclaimed 57 claims from the asserted '811 and '359 patents (Mot. at 8) does not support simplification. Rather, it proves that the issues have already been streamlined without the need for a stay. Samsung's reliance on the fact that Headwater declined to file a *preliminary* patent owner response (POPR) to the '811 petition also fails. POPRs are only relevant to *institution*, and are not required. Contrary to Samsung's assertion, Headwater's decision not to file a POPR says nothing about the merits of Samsung's invalidity arguments and does not somehow increase the likelihood of cancellation. Headwater will be filing its response to the petition on or before the March 11, 2025 deadline set by the PTAB.

8

Samsung's argument that the IPRs will streamline issues "relating to prosecution history estoppel and invalidity" (Mot. at 8) also fails. This Court has rejected similar arguments as "far too speculative" where the IPRs were instituted *before* claim construction and there was at least a chance that prosecution history estoppel could be relevant to those proceedings. *See Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:22-CV-00469-JRG, 2024 WL 1149223, at *6 (E.D. Tex. Mar. 15, 2024). But here, claim construction is already completed. The Court issued its claim construction order over a week ago on April 7. Dkt. 105. This forecloses Samsung's argument that prosecution history estoppel will streamline any issues.

As to validity, the PTAB will only be considering the specific § 103 grounds presented in Samsung's petitions. Only a small percentage of prior art identified in Samsung's invalidity contentions is asserted in the IPRs. Therefore, after the IPRs are concluded, the Court will still have to consider the numerous other invalidity grounds asserted in Samsung's contentions, in addition to infringement, damages, and other issues. *See JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*, No. 2:20-CV-02299-CAS (SKx), 2020 WL 6203555, at *8 (C.D. Cal. Oct. 19, 2020) ("it is unclear that the IPR process will meaningfully simplify this litigation" given that "IPR proceedings will not resolve all of the issues—or even all of the patent issues—before this Court"). Indeed, Samsung filed stipulations indicating its intent to "reserve[] the right to assert in the District Court proceedings prior art that is not eligible for PTAB consideration," including system art. Exs. 4–7. In other words, a stay will only serve to delay, not simplify.

The cases cited by Samsung are distinguishable. For instance, in *Village Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023), the Court granted a stay largely because the Defendants' IPR petition and the PTAB institution decision were "timely—where timely means a final written decision is expected in the ordinary

9

course before the trial in this case would otherwise take place." *Id.* at *3. The plaintiff's "dilatory conduct," including failing to appear at a scheduling conference, also supported the Court's decision to grant a stay. *Id.* at *2, *3. None of these facts are present here. As discussed above, Samsung's petitions were not timely as they will not be concluded until well after the trial in this case. And Headwater has not engaged in any dilatory conduct.

This factor weighs against a stay.

## IV.   CONCLUSION

For the foregoing reasons, Samsung's motion to stay should be denied.

Dated:  April 17, 2025

Respectfully submitted,

/s/ *Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com

Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
James A. Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

***ATTORNEYS FOR PLAINTIFF***
*Headwater Research LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Marc Fenster*
Marc Fenster