# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00641-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING
<u>*INTER PARTES* REVIEW OF ALL ASSERTED PATENTS [DKT. D96]</u>**

Hoping that the Court refrains from engaging with the facts of this case, Headwater's opposition largely focuses on arguments made in ***prior litigations*** between the parties. But in so doing, Headwater fails to rebut facts showing that a stay is appropriate *in this particular case*. Principally, Headwater's routine and significant delays and refusals to engage in discovery have significantly slowed this case's progress, such that the requested stay will not disrupt any substantive activity in this case. Despite arguing that its 6-year delay in filing this suit was due to its alleged pre-suit diligence (Dkt. 110 ("Opp.") at 4), Headwater has failed to produce basic discovery, substantively engage regarding ESI, respond to emails, or schedule depositions.

Here, Headwater faces no undue prejudice from the proposed stay, especially given its leisurely approach to bringing and maintaining this action. In contrast, Samsung's efforts in filing the IPRs and requesting a stay gives the Court an opportunity to streamline this litigation. Notably, given the stage of this case in light of Headwater's delinquency, there is much to be gained and very little to be lost from staying this case now. Indeed, as this Court has repeatedly held, where—as here—"the PTAB found that Defendants established a reasonable likelihood that they would prevail as to least one of their challenged claims and instituted *inter partes* review as to ***all of the challenged claims on all of the grounds of unpatentability asserted in the petitions***, . . . the likelihood of simplification of issues is high." *Vill. Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *3 (E.D. Tex. Jan. 25, 2023). Given the facts here, a stay is warranted.

**I.    HEADWATER FAILS TO SHOW ANY UNDUE PREJUDICE.**

Headwater does not articulate any specific need for an expeditious resolution of its claims, such that it would face ***undue*** prejudice from a stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Rather, the only purported prejudice Headwater would face is an alleged inability to obtain "timely vindication" of its patent rights. Opp. at 2. But as this Court has held, "delay in vindication of patent rights, while inherently prejudicial to any plaintiff, is not so

1

unduly prejudicial" as "to warrant denying a stay." *Broadphone LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00001-JRG-RSP, 2024 WL 3524022, at *3 (E.D. Tex. July 24, 2024); *see also Vill. Green Techs.*, 2023 WL 416419, at *2 ("While a delay in enforcement of patent rights is certainly an interest entitled to weight, 'that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion.'" (internal citations omitted)). Indeed, the temporary deferral of litigation does ***not*** create undue prejudice, because a "stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *VirtualAgility*, 759 F.3d at 1318; *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).[1]

Moreover, Headwater cannot credibly dispute its own lack of diligence—waiting ***over six years*** to bring this suit—which shows that it did not feel a need for any particularly expeditious enforcement of its alleged rights. No such need now arises simply because Samsung has filed its IPRs.[2] *See CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *4 (E.D. Tex. Feb. 14, 2019) ("Further undermining [plaintiff's] suggestion as to the urgency of obtaining judicial relief is the fact that [it] delayed for more than three years after the issuance of the [asserted] patents before bringing suit against Samsung."). Indeed, in these intervening years: ItsOn—the company also founded by Dr. Raleigh and on which Headwater's

---

[1] To be clear, any claim by Headwater that it is not an NPE but really somehow a competitor of Samsung (Opp. at 3) should be disregarded. Samsung and Headwater are not competitors and, contrary to what is stated in Headwater's opposition, Headwater currently has zero licensees, let alone licensees that compete with Samsung. Indeed, the only company to ever license the Asserted Patents was ItsOn, which company has not existed since 2017. *See* Ex. 1 at Headwater Resp. to RFA No. 9 (admitting that "Headwater has never licensed the Asserted Patents to anyone other than ItsOn").

[2] Headwater's argument that Samsung delayed in filing IPRs, Opp. at 1, 3-4, should be rejected. It ignores that Samsung filed its IPRs within the statutory window all while fending off ***four other litigations*** filed by Headwater against Samsung in this District involving over a dozen other patents, and that Samsung filed this motion within ***1 day*** or receiving the final institution decision.

"story" against Samsung relies—ceased to exist (Dkts. 59 and 74) and ItsOn's at-issue source code and documents were lost (i.e., spoliated). *Id.* These intervening years were plainly indicative of self-imposed delay and should not now be disregarded to thwart Samsung's stay motion.

## II. THE CASE IS IN THE EARLIER STAGES.

Neither the parties nor the Court have engaged in the most costly and time consuming parts of the case, including (1) all ESI production;[3] (2) fact witness depositions; (3) expert reports and depositions; (4) the Court's scheduled June 18, 2025 evidentiary hearing to address Headwater's spoliation of ItsOn technical documents and source code; (5) dispositive motions; and (6) pretrial disclosures. *See Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1004 (Fed. Cir. 2015). Indeed, "the most burdensome parts of the case" "lie in the future." *CyWee*, 2019 WL 11023976, at *6; *see also Broadphone*, 2024 WL 3524022, at *2 (granting stay where final written decisions would occur three months after scheduled trial date); *Cobblestone Wireless, LLC v. Cisco Sys., Inc.*, No. 2:23-CV-00454-JRG-RSP, 2024 WL 5047854, at *2 (E.D. Tex. Dec. 9, 2024) (granting stay where "large parts of discovery and many other important deadlines" remained); Mot. at 6-7.

Headwater cannot—and does not—dispute that all of these substantive stages remain ahead. Instead, it points to a handful of motions, most of which were filed by Samsung, minimal discovery,[4] and a largely inconsequential claim construction process,[5] Opp. at 5, in which the Court determined that a single term was not indefinite (an issue that could not have been addressed in IPR). Dkt. 105. Unsurprisingly, Headwater does not point to any document production. Nor could it, as Headwater

---

[3] Samsung recently filed an opposed motion for entry of an ESI Order. *See* Dkt. 107.
[4] Unable to credibly state that it has "invested substantial resources," Opp. at 5-6, Headwater instead attempts to rely on **Samsung's** own discovery relating to "Vien-Phuong Nguyen, James Lavine, and Jeffrey Green," *id.* at 6. Headwater's reliance on Samsung's investments, rather than its own, only further shows that Headwater would not be unduly prejudiced by a stay at this time.
[5] "[T]he Court evaluates the stage of the case as of the time the motion was filed." *Cellspin Soft, Inc., v. ByteDance Ltd., et al.*, 2:23-cv-00496-JRG-RSP, Dkt. 106 at 4 (E.D. Tex. Jan. 26, 2025) (internal quotations and citations omitted). When this motion was filed, a *Markman* hearing had not occurred.

3

has produced only *eight new documents* (the Asserted Patents and their file histories) in this case.

### III.   THE SIMPLIFICATION FACTOR STRONGLY FAVORS A STAY.

Finally, the "most important" simplification factor *strongly* favors a stay. "[T]he PTAB found that Defendants established a reasonable likelihood that they would prevail as to least one of their challenged claims and instituted *inter partes* review as to **all of the challenged claims** on all of the grounds of unpatentability asserted in the petitions." *Vill. Green Techs.*, 2023 WL 416419, at *3[6]; *see also Broadphone*, 2024 WL 3524022, at *2 (rejecting Plaintiff's reliance on *Netlist* and finding "that the likelihood of simplification weighs in favor of a stay" where "IPRs have been instituted on all claims for all the asserted patents"); *Cellspin*, 2:23-cv-00496-JRG-RSP, Dkt. 106 at 5 (finding fact that the Board "instituted a trial covering all asserted claims" demonstrated "that every asserted claim has a reasonable likelihood of being invalidated"); *Cobblestone*, 2024 WL 5047854, at *2 (finding "the simplification factor weighs in favor of a stay" where "the Board has instituted a trial covering all asserted claims"). And while Headwater's opposition focuses on a single outlier case in which this Court denied a motion to stay even where the PTAB instituted IPR as to all asserted claims, Opp. at 7, Headwater's brief is filled with various mischaracterizations and outright falsities.

*First*, Headwater attempts to downplay the merits of Samsung's invalidity arguments in IPR but concedes that—with respect to the '811 and '359 patents—Headwater was forced to disclaim 57 of the 59 challenged claims. Opp. at 8. And despite these disclaimers, the PTAB still instituted IPR on those patents. Rather than "prove[] that the issues have already been streamlined," *id.*, this shows that Samsung's invalidity arguments were so meritorious that, rather than fight them, Headwater

---

[6] Headwater's argument that "after the IPRs are concluded, the Court will still have to consider the numerous other invalidity grounds asserted in Samsung's contentions" is wrong. Opp. at 9. As the Court knows, if any of the asserted claims survive IPR, Samsung will be estopped from putting forth "any ground that [they] raised or reasonably could have raised" during *inter partes* review. *Vill. Green Techs.*, 2023 WL 416419, at *3 (citing 35 U.S.C. § 315(e)(2)).

disclaimed the majority of the claims in two of the four Asserted Patents to avoid IPR—and still lost.

*Second*, Headwater seemingly fails to realize that it missed the deadline to file a Patent Owner Response ("POR") in the '811 patent IPR proceeding (IPR2024-01051). Opp. at 8. Headwater's argument that Samsung is relying on Headwater's failure to file a "preliminary" patent owner response ("POPR"), *id.*, is false. Mot. at 8 ("Headwater failed to even file a **Patent Owner Response**"). In fact, Headwater *did* file a POPR in the '811 patent proceeding—that is where Headwater disclaimed most of the challenged claims. What Headwater failed to do was file the POR, greatly increasing the likelihood that the PTAB cancels the only remaining claim of that patent. *Id.* And unless Headwater has a secret time machine, it will not "be filing its response to the petition on or before the **March 11, 2025 deadline set by the PTAB**," which was over a month ago. Opp. at 8.

*Third*, regardless of Samsung's cited statistics, Headwater ignores that—on April 21, 2025— it will be forced to narrow its election of Asserted Claims in this litigation to a maximum of 12 claims. Dkt. 80 at 5.[7] Given the small number of claims that remain, and the fact that the PTAB need only invalidate a single claim for multiple of the Asserted Patents to entirely invalidate those patents, it is highly likely one or more of the patents will be eliminated from this case. This strongly favors a stay.

*Finally*, it is unlikely that Headwater will receive Director Review in IPR2024-01407 on the '359 patent, and even more unlikely that the Director will reverse the PTAB's institution decision. Opp. at 8. Regardless, whether the Director will review the PTAB's institution decision in IPR2024-01407 is entirely speculative. What is not speculative is the fact that the PTAB instituted IPR on all asserted claims of the '359 patent and rejected all of Headwater's arguments in its POPR. Given that just one claim of the '359 patent remains after Headwater's disclaimer, it is highly likely it will be invalidated and the '359 patent removed from the case. Again, this favors a stay.

---

[7] Only one claim from the '359 and '811 patents remain given Headwater's disclaimers in IPR.

5

Dated: April 18, 2025                                  Respectfully submitted,

                                                                  By:   */s/ Jared Hartzman*
                                                                                Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman
DC Bar No. 1034255
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Erin P. Alper
GA Bar No. 940408
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

>Harry L. Gillam, Jr.
>State Bar No. 07921800
>**GILLAM & SMITH, LLP**
>102 N. College, Ste. 800
>Tyler, Texas 75702
>Telephone: (903) 934-8450
>
>Jon Hyland
>Texas Bar No. 24046131
>jhyland@hilgersgraben.com
>Grant K. Schmidt
>Texas Bar No. 24084579
>gschmidt@hilgersgraben.com
>**HILGERS GRABEN PLLC**
>7859 Walnut Hill Lane, Suite 335
>Dallas, Texas 75230
>Telephone: (972) 645-3097
>
>**ATTORNEYS FOR DEFENDANTS
>SAMSUNG ELECTRONICS CO., LTD. AND
>SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 18, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

>*/s/ Jared Hartzman*
>Jared Hartzman