UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Case No. 2:23-cv-00641-JRG-RSP |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Samsung's arguments on reply are unavailing and do not support a stay here, where simplification is speculative, claim construction is completed, and trial is just six months away. Samsung's vague, unsubstantiated accusations of Headwater's purported "refusals to engage in discovery" (Reply at 1) do not change the fact that, due to Samsung's dilatory strategy of filing serial IPRs in the final months of the statutory period, final written decisions are not expected until six months after the trial in this case. This Court should deny Samsung's requested stay as it did in the -103 case.

## I. This Court Has Already Determined that Headwater Would Be Unduly Prejudiced by a Stay

Samsung does not dispute that a stay prejudices Headwater's right to the timely enforcement of its patent rights, and instead argues this does not constitute *undue* prejudice. Reply at 1. Samsung is wrong. This Court has repeatedly found that such delay is unduly prejudicial such that this factor weighs against stay, including in another case *involving both Samsung and Headwater*. *Headwater v. Samsung*, No. 2:23-cv-00103-JRG-RSP, Dkt. 290 at 3 (E.D. Tex. Dec. 11, 2024). Samsung fails to explain why this case is any different—because it is not. In fact, Samsung does not address the Court's order in the -103 case at all, and instead focuses on other cases that do not involve Headwater. Absent any evidence or argument from Samsung—who bears the burden on a motion to stay—distinguishing the -103 case, the Court should apply the same reasoning and likewise find that this factor weighs against a stay. *See also MyPort, Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:22-CV-00114-JRG, Dkt. 73 at 3–4 (E.D. Tex. June 12, 2023) (rejecting Samsung's argument that mere delay in collecting such damages does not constitute undue prejudice, and finding that delaying plaintiff's enforcement of its patent rights "disfavors a stay"); *Croga Innovations Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00065-JRG, 2025 WL 1117472, at *2 (E.D. Tex. Apr. 15, 2025) (delay in non-practicing plaintiff's timely enforcement of its patent

1

rights weighs against stay); *Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 3–4 (E.D. Tex. Jan. 20, 2023) (same).

Samsung continues its attempt to distract from its own delay in filing IPRs by pointing to Headwater's purported delay in filing this case. But as explained Headwater's opposition, the timing of this suit was reasonable given the large number of infringing devices sold by Samsung and the fact that many were only released in the last couple years—facts that Samsung *does not dispute*. Meanwhile, Samsung still fails explain why it waited nearly 10 months to file IPRs on two of the four asserted patents—just as it did in the -103 case, where a stay was denied. Tellingly, Samsung does not deny that its pattern of waiting until nearly the end of the statutory period to file serial IPRs is simply part of a calculated litigation strategy.

Contrary to Samsung's assertion (in a footnote), the mere fact that its petitions were filed within the statutory period does not make them timely. Reply at 2 n.2. This Court has held that "timely means a final written decision is expected in the ordinary course before the trial in this case would otherwise take place." *Vill. Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *3 (E.D. Tex. Jan. 25, 2023). Samsung's IPRs fail this simple test, as final written decisions for all four petitions are not expected until well after the trial in this case. *See MyPort*, Dkt. 73 at 3–4 (finding undue prejudice where FWDs were not due until two months after the jury trial). Samsung's attempt to justify its delay by arguing that it has been "fending off four other litigations filed by Headwater" (Reply at 2 n.2) should be rejected. This after-the-fact justification is directly contradicted by Samsung's own assertion that they "have plenty of bandwidth available to cover the other cases simultaneously." Dkt. 110-2.

**II.    The Advanced Stage of the Case Weighs Against a Stay: Claim Construction Is Completed and Expert Reports Are Due in a Few Weeks**

Samsung's attempts to downplay the substantial resources that the parties and Court have already invested in this case are without merit and should be rejected. Samsung first suggests that the Court should disregard the significant motion practice that has already taken place because most of the motions were filed by Samsung. Mot. at 3. This is nonsensical. Headwater still had to spend significant time and resources opposing said motions, and the Court spent significant time and resources analyzing the briefing and evidence and issuing orders on the motions. If anything, the fact that Samsung initiated most of the motions weighs further against a stay, as Samsung forced Headwater to expend unnecessary resources opposing motions that, so far, have proven to be meritless.

Samsung next argues that claim construction was "largely inconsequential" merely because the Court's order only determined that one term was not indefinite. Reply at 3. This ignores the time and resources spent engaging in the multiple meet and confers leading up to claim construction in order to narrow the issues in dispute. Indeed, Samsung initially proposed *seventeen terms* for construction. *See* Ex. 8. The parties' joint claim construction statement proposed eight terms. Dkt. 57. After further narrowing the dispute to one term, the parties invested additional resources briefing the issues, and the Court invested resources reviewing said briefing, holding a hearing, and issuing a written claim construction order. This is far from "inconsequential."

As to discovery, Samsung suggests that there has been no substantial investment because the four depositions specific to this case were taken by Samsung. Reply at 3 n.4. This fails for multiple reasons. Samsung ignores (1) the 25+ other depositions that are part of this case pursuant to the parties' cross-use agreement; (2) that Headwater still had to prepare for and attend depositions (and in some instances, engage in cross-examination), and then analyze and review the

3

resulting transcripts, regardless of which party formally requested them; and (3) that, in addition to depositions, Headwater has propounded and responded to written discovery, including interrogatories and RFAs. Samsung's assertion that Headwater has only produced eight "new" documents (Reply at 3–4) also falls flat, as it fails to account for the documents produced by Headwater in other cases that are deemed part of discovery in this case pursuant to the cross-use agreement. Moreover, in patent cases, most documents come from the accused infringers, and Headwater has invested substantial resources reviewing and analyzing the numerous of technical and other documents produced by Samsung.

That certain milestones lay ahead does not negate the fact that the parties and Court have already invested significant resources into this case, which is in the advanced stages. *See Croga*, 2025 WL 1117472, at *3 (finding this factor weighed against a stay even where, unlike here, claim construction was not completed); *MyPort*, Dkt. 73 at 4 (finding this factor weighed against a stay where case had been "pending for over a year," discovery and claim construction were "underway," and jury selection was eight months away); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662-JRG-RSP, 2018 WL 11363368, at *2 (E.D. Tex. Nov. 19, 2018) (finding this factor weighed against a stay "[w]ith less than a month remaining in fact discovery," noting that "the parties have already invested a substantial amount of time and money in preparing this case for trial").

**III.     Simplification of the Issues Is Speculative and Does Not Support Delaying Resolution of the Parties' Patent Infringement Dispute**

Samsung still fails to identify any specific issues that will be simplified by the IPRs, and continues to rely on the mere fact of institution as some sort of guarantee of issue simplification. But Samsung does not and cannot dispute that the probability that at least some of the claims survive IPR is higher than the probability that all asserted claims will be invalidated. In other

words, it is more likely than not that this case will proceed to trial—just with different prior art and *possibly* fewer claims.[1] This is insufficient to support a years-long stay of this case.

Samsung's assertion that Headwater's voluntary disclaimer of certain claims somehow proves that Samsung's invalidity arguments for the '811 and '359 patents are "so meritorious" (Reply at 4) should be rejected. There are many strategic, non-merits-related reasons that factored into Headwater's decision. And regardless, Headwater's disclaimer says nothing about the merits of Samsung's invalidity arguments *for the remaining live claims*.[2]

Nor does the fact that Headwater recently had to narrow its asserted claims to a total of 12 claims support that Samsung's IPRs are likely to result in issue simplification. Rather, this further proves that a stay is simply unnecessary, as the number of asserted claims has already been significantly narrowed (i.e., the issues have already been simplified) through Headwater's voluntary disclaimer and the Court's order regarding election of asserted claims.

### IV.  Conclusion

For the foregoing reasons, Samsung's motion to stay should be denied.

Dated:  April 25, 2025                                Respectfully submitted,

/s/ *Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com

---

[1] While Samsung relies on the estoppel provision in § 315(e) (Reply at 4 n.6), Samsung does not dispute that it will still be able to rely on system art, as well as other defenses not brought under §§ 102 and 103. Indeed, Samsung's stipulations confirm its intent "assert in the District Court proceedings prior art that is not eligible for PTAB consideration." Dkt. 110-5–110-8.

[2] In its opposition, Headwater inadvertently erred in asserting that it would be filing a POR in IPR2024-01051. Headwater did not file a POR for reasons unrelated to the merits of Samsung's petition.

5

Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
James A. Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488

6

        MILLER FAIR HENRY PLLC
        1507 Bill Owens Parkway
        Longview, Texas 75604
        Telephone: 903-757-6400
        andrea@millerfairhenry.com

        ***ATTORNEYS FOR PLAINTIFF***
        ***Headwater Research LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Reza Mirzaie*
Reza Mirzaie