# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Civil Action No. 2:23-cv-00641-JRG-RSP **JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF ESI ORDER**

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. SAMSUNG'S REQUEST THAT HEADWATER BE PRECLUDED FROM REVIEWING ESI FOR RELEVANCE REVIEW SHOULD BE DENIED .....................................................1

III. THE COURT SHOULD PRECLUDE THE USE OF ANY ESI BASED ON SAMSUNG'S LACK OF DILLIGENCE IN PURSUING THIS MOTION .....................................................3

IV. CONCLUSION ......................................................................................................................3

I.   **Introduction**

Samsung's motion for entry of an ESI Order should be denied. Samsung's request that no relevance review be permitted violates not only the Federal Rules of Civil Procedure, but this Court's own ruling in an earlier ESI dispute between the parties. Samsung claims this Court's past Order should not be followed because Headwater inadvertently failed to produce five documents out of 17,000 that were produced. Not only does Samsung fail to refute this failure was the result of inadvertence, it cannot ascribe any prejudice to these documents being withheld. Other than stating that they "would have hit on Samsung's ESI search terms" Samsung details no prejudice from the small handful of missing documents. Thus, if the Court does allow ESI discovery, Headwater should not be precluded from performing a relevance review.

Moreover, Samsung's motion should be denied outright as untimely. Samsung admits that the parties have been at impasse on this issue for almost two months before this motion was brought. Samsung does not explain the reason for its delay. As a result, this Motion will not be fully briefed until just before the fact discovery cut off and likely not be ruled on until much later. By the time any ruling is received fact discovery will likely be completed and there will be no reason for the parties to produce ESI.

II.  **Samsung's Request That Headwater Be Precluded From Reviewing ESI For Relevance Review Should Be Denied**

The Federal Rules limit discovery to "**relevant**" evidence. Fed. R. Civ. Proc. 26(b)(1). ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). The rules for ESI discovery are no different. Indeed, during the hearing on this issue in the -422 case, the Court repeatedly rejected Samsung's request Headwater be precluded from conducting a relevance review for ESI discovery:

1

> THE COURT: ***I do not understand that the purpose of the protocol that we use for searching ESI is to prevent a relevance review by the producing party.*** And I don't know if -- if that is what underlies all of this.
>
> Obviously, the intent of that ESI order is to try and make more manageable the production, and there are times when the producing party may choose not to review the documents for relevance, but I don't know anything that would prevent the party from doing that.

Ex. 1, April 24, 2024 tr. at 106

> THE COURT: All -- all I would be doing -- I can rule on whether or not documents that hit on these search terms and are within a certain subject matter are relevant or not. And I don't mind making that determination, but ***I'm not going to say that they can't do a relevance evaluation if certain search terms are hit.***

Ex. 1, April 24, 2024 tr. at 109.

Samsung contends that, in spite of this Court's past rulings, Headwater should nonetheless be precluded from performing a relevance review because of "Headwater's pattern of problematic discovery tactics." Opp'n at 1. The alleged "problematic discovery tactics" consist of the following: (1) Samsung filed a motion to compel for which the parties reached an agreement on a relevance standard; and (2) it was later determined that Headwater failed to produce ***five*** documents that "would have hit on Samsung's ESI search terms. As to the first issue, that Headwater opposed a motion to compel and reached an agreement is simply the usual course of discovery – not a "problematic discovery tactic."

As to the failure to produce the five documents, it should be noted that Headwater produced over 17,000 electronic documents for which Dr. Raleigh was a custodian. Samsung has no evidence that failure to produce these five was anything more than inadvertence given the large size of this review. Further, Samsung admits that Headwater looked for this ESI when a later deposition determined that it had not been produced. Moreover, this caused Samsung no prejudice. Samsung does not point to anything non-duplicative or specially compelling about these

documents – simply the fact that they had not been produced. While Headwater wishes the documents had been produced in their usual course, the inadvertent failure to produce them was not a "tactic" and no reason for the sanction of precluding a relevance review.

In short, Samsung has failed to show any reason that Headwater should be precluded from performing a relevance review as provided by the Federal Rules of Civil Procedure. Accordingly, the Court should deny Samsung's motion.

### III. The Court Should Preclude The Use Of Any ESI Based On Samsung's Lack of Dilligence In Pursuing This Motion

Samsung admits that the parties reached an impasse on the issue of the relevance review on February 17, 2025. Mtn. at 2. Yet, Samsung waited two months, until April 16, 2025, to file this motion. As result of Samsung's delay, briefing will likely not be completed until just before the currently scheduled May 16, 2025, fact discovery cut off. Thus, none of the requested ESI will likely be available to the parties during fact discovery to be used at such things as depositions. Thus, the Court should deny the Motion based on Samsung's lack of diligence as well.

### IV. Conclusion

Samsung's Motion should be denied.

| | |
|---|---|
| Dated: April 30, 2025 | Respectfully submitted,<br><br>/s/ Marc Fenster<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Brian Ledahl<br>CA State Bar No. 186579<br>Ben Wang<br>CA State Bar No. 228712<br>Paul Kroeger<br>CA State Bar No. 229074<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Kristopher Davis<br>CA State Bar No. 329627<br>James S. Tsuei<br>CA State Bar No. 285530<br>Philip Wang<br>CA State Bar No. 262239<br>Adam Hoffman<br>CA State Bar No. 218740<br>James Milkey<br>CA State Bar No. 281283<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>James N. Pickens<br>CA State Bar No. 307474<br>Qi (Peter) Tong<br>TX State Bar No. 24119042<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>headwater@raklaw.com<br><br>Andrea L. Fair<br>TX State Bar No. 24078488<br>MILLER FAIR HENRY PLLC<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>Telephone: 903-757-6400<br>andrea@millerfairhenry.com<br>**ATTORNEYS FOR PLAINTIFF,**<br>**Headwater Research LLC** |

4

5

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of April 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

      /s/ *Marc Fenster*
      Marc Fenster

Case 2:23-cv-00641-JRG-RSP   Document 114   Filed 04/30/25   Page 7 of 7 PageID #: 6544