# Exhibit 4

CONFIDENTIAL – ATTORNEYS' EYES ONLY

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00641-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S SECOND SET OF INTERROGATORIES TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC. (NOS. 19-21)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Headwater Research LLC ("Headwater" or "Plaintiff"), serves this Second Set of Interrogatories on Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively "Defendants" or "Samsung"), as follows:

**INSTRUCTIONS**

1.    If you claim that any information requested is privileged, please provide all information falling within the scope of the Interrogatory which is not privileged, and identify with sufficient particularity for purposes of a motion to compel a response all information with respect to which you claim a privilege, and state the basis on which the privilege is claimed.

2.    Your responses to the following Interrogatories are to be promptly supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

1

51. The term "date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including without limitation, the year, month, week in a month, or part of a month.

52. All other words are given their plain and ordinary meaning.

53. If you find the meaning of any term in these Definitions unclear, then you shall construe the term so as to render responsive any information, document, thing, or communication that might otherwise be rendered non-responsive.

## INTERROGATORIES

**INTERROGATORY NO. 19:**

Identify and describe the benefits and/or advantages of the Accused Features/Functionalities to users and/or customers of the Accused Products, including but not limited to their benefits and/or advantages compared to alternative technologies, and including but not limited to battery savings and data savings. A complete response to this Interrogatory shall identify by Bates number any documents containing responsive information to this Interrogatory or that You relied on to prepare a response to this Interrogatory and all persons that possess related knowledge about such information.

**INTERROGATORY NO. 20**:

Identify and describe the extent of use of each Accused Feature/Functionality from December 29, 2017 to present. A complete response to this Interrogatory shall identify by Bates number any documents containing responsive information to this Interrogatory (e.g., extent of use data and analyses thereof) or that You relied on to prepare a response to this Interrogatory and all persons that possess related knowledge about such information.

**INTERROGATORY NO. 21**:

CONFIDENTIAL – ATTORNEYS' EYES ONLY

Identify and describe Your financial and working relationship with Google, including Your agreements with Google relating to Accused Features and/or Google Mobile Services, amounts paid by Samsung to Google from December 29, 2017 to the present, amounts paid by Google to Samsung over the same period, the reasons for such payments, any analyses or valuations of the value to Samsung of its relationship with Google and/or the Android OS, and joint projects, meetings, and/or teams relating to the Accused Products and/or Accused Features.