# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Civil Action No. 2:23-cv-00641-JRG-RSP **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO HEADWATER RESEARCH LLC'S MOTION TO COMPEL CERTAIN SAMSUNG DOCUMENTS AND DEPOSITION TESTIMONY [DKT. NO. 127]**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") oppose Headwater's motion to compel. On May 27, 2025, the parties filed a joint report confirming that all portions of Headwater's motion are resolved except for Section II.A. Headwater's motion at II.A seeks to compel "Documents, Information, and Testimony Relating to Its Financial Relationship with Google, Which Rebuts Samsung's Position on Non-Infringing Alternatives." Dkt. 127 at 1-4. Samsung has already produced responsive information to satisfy these requests for the reasonable scope of Rule 26 discovery on this issue, including producing a majority of the requested agreements and two depositions during the -103 matter, which has long been available to Headwater through the parties' cross-use agreement.

Samsung has also supplemented by producing recent amendments to the previously-produced Samsung-Google agreements and an updated spreadsheet identifying ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As described herein, Samsung confirms that it has located no further Google agreements that relate to or directly address the accused Android features, such as Data Saver, Power Saving mode, Doze Mode, or App Standby/Adaptive Battery. Accordingly, no further document production or deposition time is necessary. The remainder of Headwater's requested discovery, namely "all of its agreements with Google relating to the accused products" and "all analysis of the value to Samsung of its relationship with Google and/or the Android OS" fall well beyond a reasonable scope of Rule 26 discovery. Headwater has not made any showing that all potential agreements relating in some broad way to Samsung smartphones, tablets, and watches nor all potential valuations of the entirety of the Samsung-Google partnership are relevant to the parties' specific claims and defenses here, nor proportional to this case. Thus, the remainder of Headwater's motion should be denied.

## I.  HEADWATER ALREADY HAS THE DISCOVERY IT SEEKS

During the -103 matter, Samsung produced Samsung-Google MADA agreements dating from 2014 to 2024.  Samsung produced revenue share agreements, incentive agreements, and go-to-market agreements (collectively referred to by the parties as "RSAs")[1] for smartphones, tablets, and watches.  Samsung produced a deposition witness designated to speak specifically to the MADA and RSAs, covering smartphones and watches.  Samsung answered Interrogatory No. 21, asking about the same information that is requested now. Ex. B.  Samsung has also previously produced Android Compatibility Definition [Req] GMS Requirement documentation, at least at SAM-HW00960248, which shows the GMS requirements applicable to U.S. devices and which appears to be the type of document Headwater seeks when it asks for "Google Mobile Services (GMS) agreements." Dkt. 127 at 3.  All of this discovery is available to Headwater in the present case through the parties' cross-use agreement, which Headwater acknowledges.

Samsung supplemented its production in this case by producing four amendments to the previously-produced RSAs, as well as an updated version of a spreadsheet showing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  With this supplementation, Samsung confirms it has now produced all of its agreements with Google relating to the accused *features* and has "identif[ied] the amounts paid to Samsung by Google" up through the most recent accounting received from Google. Dkt. 127 at 4; *see* Ex. C. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Samsung's supplemental production is consistent with the

---

[1] As Headwater is aware, Mr. Song explained during his -103 depositions ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. A (Song Dep. Tr. at 84:12-86:11 (Sept. 27, 2024)). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ However, they are collectively referred to as the "RSAs."  Headwater is incorrect to assert Samsung has only produced revenue share agreements and not other types of agreements.  Samsung's supplemental production here likewise provides ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

prior testimony from Mr. Song describing the same information, thus no further deposition is required on Samsung's recent supplemental productions.

## II. THE REMAINING DISCOVERY REQUESTED IS OVERBROAD, BEYOND RULE 26

Despite having all of this discovery, Headwater insists on fishing further without a Rule 26 basis: Headwater's motion asks for ***all*** Samsung-Google contracts relating to ***all*** accused products, which include all smartphones, watches, and tablets Samsung sells in the U.S. up through the S25 model. Headwater also baselessly asks for "all financial interest Samsung has in its relationship with Google and associated ability to sell Android-compatible devices," as well as deposition testimony regarding the same (Topics No. 62 and 63). Dkt. 127 at 3-4. Headwater offers no Rule 26 basis that would justify compelling production of or testimony on all agreements relating to any smartphone nor discovery on the entire value of the entire relationship between Samsung and Google or the value of the entire Android operating system to Samsung. Samsung has produced the discovery supported by the only Rule 26 basis offered, and the rest of Headwater's requests must be denied.

The only claim or defense Headwater has identified as the Rule 26 basis for its overbroad requests is to rebut Samsung's NIA arguments.[2] However, Headwater already has the discovery it requires to rebut "this issue of acceptability of Samsung's alleged NIA," Dkt. 127 at 2, because it has the agreements arguably relating (albeit extremely tangentially) to the implementation of the accused Android features on Samsung's accused devices, including Data Saver, Power

---

[2] Headwater concedes that the bias issue, the primary justification for discovery into Samsung-Google agreements offered in the -103 case, does not apply here. Demonstrating and testing bias of a live Google trial witness is not an issue in this case because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Saving/Battery Saver, Doze, or App Standby/Adaptive Battery. Under Headwater's disputed assumptions and arguments, the MADA and RSAs together ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 127 at 2. Samsung disagrees with each of Headwater's arguments regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and disagrees with Headwater's assumptions and factual misstatements about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Samsung's position on its NIAs available in this case, for these asserted patents and for these accused features, was disclosed clearly during discovery in Samsung's interrogatory responses. Dkt. 127-1 (Samsung's Resp. to Interrog. No. 18).

However, setting aside Samsung's factual dispute with Headwater's characterizations of the terms of the CDD, MADA, and RSAs effect on Samsung's NIA arguments in this case, Samsung confirms it has produced the agreements that Headwater insists are relevant to the issue of acceptability and cost to implement of NIAs for features at issue in this case. Samsung confirms there are no other Samsung-Google agreements relating directly to the use or implementation of the accused *features* in the United States.[3] Thus, under Headwater's argument here, the only

---

[3] Despite this confirmation, Headwater still over-broadly seeks all Google-Samsung agreements that relate to smartphones, refusing to limit the request to only the accused features from the open source AOSP. Mr. Song ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ but Headwater has made no showing or justification for production of other such unrelated ▇▇▇▇▇▇▇▇▇▇▇ Ex. A (Song Dep. Tr. at 26:15-27:4 (Sept. 27, 2024)).

4

agreements that could potentially shed light on the alleged cost (or lost opportunity costs) to Samsung in implementing an NIA for the *accused features* have all already been produced: the 2017 MADA, the subsequent MADA amendments, and Deals 1, 2, and 3 and the Watch RSA (collectively the RSAs)—all testified to already by Mr. Song—as well as an actual accounting of Google payments made to Samsung under the RSAs. Samsung makes this production despite maintaining its position that such payments are irrelevant to the claims and defense in suit.

Nothing in Headwater's argument identifies a claim or defense to support compelling overbroad discovery of all Samsung-Google contracts related in any way to any smartphone, watch, or tablet. Headwater does not assert that the entirety of the Android OS infringes its asserted patents, nor does Headwater assert the appropriate measure of damages should be based on the entire Android OS. Accordingly, there is no Rule 26 basis for Headwater to justify its new discovery request for all financial interest Samsung has in its relationship with Google and sale of Android devices using Android OS. Dkt. 127 at 3.

Samsung's response to Interrogatory No. 21, which made a similarly unsupported, overbroad demand for discovery of the entire financial relationship with Google, provides the extent of information reasonably required by Rule 26 regarding Samsung's relationship with Google as to the accused features. Samsung explained that in this case the accused features Data Saver, Doze, App Standby, and Power Saving are included within Android Open Source Project ("AOSP"), which is publicly available for anyone to use for *free*. Ex. B at 13-14. This is distinct from the Google Mobile Services ("GMS") software package licensed directly under the MADA.

[redacted]

███ Samsung obtains them under the public, free AOSP. The MADA and the subsequent RSAs do not even mention these accused features let alone grant rights to use these features. Despite this attenuated relationship to the MADA and RSAs, Samsung has still supplemented its production of such discovery in this case.

As to Headwater's demand for "all financial interest Samsung has in its relationship with Google and associated ability to sell Android-compatible devices" and testimony on same, despite the lack of Rule 26 support for and incredible overbreadth of the request, Samsung confirms and represents after a reasonably diligent search that Samsung does not possess or create or calculate an overall total of the 'financial interest' in its relationship with Google or its ability to sell Android-compatible devices. There is nothing here to compel.

### III.   CONCLUSION

Headwater moves to compel the following overbroad, irrelevant categories, which Samsung has already produced and complied with within the reasonable scope of Rule 26. Any further discovery goes beyond Rule 26, and is not relevant to any claims or defenses. No such claims or defenses supporting more discovery have been identified by Headwater in its motion. Samsung has produced what Rule 26 reasonably requires, as is shown in Samsung's responses below to each specific request:

i. Produce all of its agreements with Google relating to the accused products
   a. Samsung has produced its agreements with Google and amendments thereto relating to the *accused features*.

ii. Identify the amounts paid to Samsung by Google and vice-versa during the damages period
   a. ███
   b. ███

iii. Produce all analyses of the value to Samsung of its relationship with Google and/or the Android OS, and

6

      a. Samsung has conducted a reasonably diligent search and confirms it does not possess any analyses or valuations of its overall relationship with Google or of Android OS.

iv. Provide up to three hours of 30(b)(6) deposition testimony on these subjects
      a. Samsung provided this deposition testimony in the -103 matter, which is available under cross use for use here. No new discovery has been identified justifying further deposition.

Dated: June 2, 2025

Respectfully submitted,

By: */s/ Sara C. Fish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
**FISH & RICHARDSON P.C.**

7

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on November 18, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Sara C. Fish*
Sara C. Fish