# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-cv-00641-JRG-RSP **JURY TRIAL DEMANDED** |

## JOINT NOTICE REGARDING JUNE 18, 2025 EVIDENTIARY HEARING

On June 13, 2025, the Court ordered "the Parties to file a Joint Notice, by Monday June 16, 2025, at 3 pm, setting forth their positions on the necessity of holding" the evidentiary hearing set for June 18, 2025, at 9 am. Dkt. 136 at 1. In accordance with the Court's order, the Parties set forth their positions herein.

**Headwater's Position:** Headwater submits that the evidentiary hearing on Samsung's Rule 37(e)(1) motion scheduled for June 18, 2025 is unnecessary and should be taken off-calendar. The parties already agreed that no live testimony will be presented at the hearing.[1] To the extent Samsung maintains the motion, the Court can easily resolve it on the papers without conducting

---

[1] On June 5, 2025, Headwater asked Samsung whether it was maintaining the motion and proposed cancelling the hearing ("Headwater believes that conducting a hearing is unnecessary and would be inefficient for the parties and the Court."). Headwater also informed Samsung that if the hearing takes place, Headwater will proceed without live testimony. On June 6, Samsung declined to cancel the hearing. Samsung agreed that the hearing will not include live testimony ("with respect to whether Headwater intends to call Dr. Raleigh live at the June 18 hearing, that is Headwater's prerogative, and Samsung would not object to Headwater opting not to bring him to testify live").

an oral argument. A hearing is unlikely to be helpful for the Court. The parties have already submitted extensive briefing and argument on the Rule 37(e)(1) issue, including:

- four rounds of briefing and hundreds of pages of exhibits (including depositions);
- oral argument at the April 3, 2025 motions hearing; and
- this joint notice regarding the Verizon order.

The Court can consider these materials and fully and fairly decide Samsung's motion on the papers. In these circumstances, cancelling the hearing is justified and would not prejudice either party.

Headwater also agrees that "The Court has recently decided what appears to be an identical issue in *Headwater Research LLC v. Verizon Communications Inc., et al.*, Dkt. No. 299." Dkt. 136 (Order). Even a cursory review of the briefing in this case and the briefing in the Verizon case confirms that the Rule 37(e)(1) motions are highly similar. For example, Headwater's opposition and sur-reply in both cases are the same in substance and rely on the same exhibits. Samsung and Verizon also rely on the same arguments, the same legal standard (the four-part test of Rule 37(e)(1)), and the same caselaw. And the relevant factual background (including Headwater's relationship with ItsOn and ItsOn's dissolution and transfer of assets to ItsOn ABC) is the same.

The Court's findings and reasoning in the Verizon order ("Order," Dkt. 299 in the Verizon -352 case) also apply to Samsung's Rule 37(e)(1) motion. For example, as the Court found: "There is not a shred of evidence that anyone related to Headwater Research intended to render the source code inaccessible." Order at 3. And here, just like the Verizon case: "No case has been cited where sanctions were imposed on a party for the negligent failure to preserve the ESI of a third party four years before any litigation as commenced." *Id.* at 4.

For the reasons in Headwater's opposition and sur-reply, and in view of the Verizon order, Samsung Rule 37(e)(1) motion should be denied. But in any event, conducting a hearing is unnecessary and would be inefficient for the parties and the Court. The Court can consider any differences that Samsung alleges and resolve the motion on the papers.

**Samsung's Position:** The scheduled evidentiary hearing remains critical to resolving Samsung's Motion for Sanctions because the factual record underlying Samsung's Motion differs markedly in at least three ways from the evidence presented to the Court in the *Verizon* case.

First, the relevance of the spoliated evidence and the resulting prejudice to Samsung far exceeds that in the *Verizon* case. The centerpiece of Headwater's case against Samsung—as detailed in Headwater's Complaint, its discovery responses, its expert reports, and its witnesses' deposition testimony—is Headwater's (false) insistence that Samsung allegedly "copied ItsOn functionality . . . to replace the ItsOn solution with Samsung's Native Roaming Reduction solution." Dkt. 59-24 at 8. Thus, unlike in *Verizon* where the Court excluded evidence that Verizon allegedly copied ItsOn's technology (*Verizon*, Dkt. 302 at 3 (granting Defs. MIL 2)), Headwater no doubt will seek, over Samsung's objections, to make its copying allegations the trial's central focus in this case. By allowing ItsOn to dispose of its technical documentation, emails, and software, Headwater hobbled Samsung's ability to disprove those allegations, prejudicing Samsung far more than Verizon.

Second, Samsung will present evidence establishing that Headwater expected to sue **Samsung** long before it permitted the spoliation of critical evidence relevant to that alleged copying. In denying Verizon's motion, this Court found that "litigation was not sufficiently foreseeable" in January 2018 when ItsOn transferred assets to a third-party for liquidation. *Verizon*, Dkt. 299 at 3. But the evidence in this case is overwhelming that Headwater had already

3

anticipated suing Samsung *based on the alleged copying of ItsOn technology*, prior to 2018. That evidence, which Samsung will present at the hearing, includes (1) testimony from Headwater's and ItsOn's CEO, Dr. Greg Raleigh, that Headwater allegedly threatened Samsung about alleged patent infringement in 2016, (2) multiple Headwater admissions that it began contemplating patent litigation against Samsung in 2017, and (3) testimony that Headwater delayed pursuing litigation based on its lack of funding, not because it supposedly had not yet contemplated suing Samsung.

Third, Samsung will present evidence establishing Headwater's control over ItsOn's files at the time Headwater anticipated litigation against Samsung. For example, to establish an alleged common legal interest between ItsOn and Headwater, Dr. Raleigh submitted a sworn declaration admitting to the myriad ways in which Headwater and ItsOn's operations, personnel, and ownership intertwined. As this Court has said, "Headwater and ItsOn are not arms-length entities, rather they are the opposite." -422 Case, Dkt. 198 at 4. The *Verizon* motion hearing transcript is not yet publicly available, but Samsung's counsel attended that hearing and believes that the facts underlying Headwater's practical ability to control ItsOn's files—including at the time when Headwater already anticipated suing Samsung—were not fully presented at that hearing. In addition, Samsung intends to present to the Court recent deposition testimony from Dr. Raleigh—which post-dated Samsung's briefing on its Motion and was not presented by Verizon—which further underscores Headwater's practical ability to control files in ItsOn's possession.

When proposing the upcoming evidentiary hearing, this Court specifically highlighted the voluminous factual record underlying Samsung's motion, explaining:

> [W]hat I would like to accomplish by having a hearing is having a presentation of the evidence that's relied upon. For instance, I think Samsung has 400 pages of exhibits attached to this motion. Only some parts of those, I'm sure, are what Samsung thinks the Court needs to rely upon to reach its conclusion.

Apr. 3, 2025 Hr'g Tr. at 27:13-18. This Court heard oral argument on Verizon's motion, but it has

4

not heard that "presentation of evidence" on which uniquely underlies Samsung's Motion. With the thrust and themes of both sides' trial presentations hanging in the balance, Samsung respectfully requests the Court maintain the scheduled evidentiary hearing to permit Samsung to present the factual record that differs significantly from that presented in the *Verizon* case.

| By: | */s/ Marc Fenster* | By: | */s/ Thad C. Kodish* |
|---|---|---|---|
| | Marc Fenster | | Ruffin B. Cordell |
| | CA State Bar No. 181067 | | TX Bar No. 04820550 |
| | Reza Mirzaie | | Michael J. McKeon |
| | CA State Bar No. 246953 | | DC Bar No. 459780 |
| | Brian Ledahl | | Jared Hartzman (*pro hac vice*) |
| | CA State Bar No. 186579 | | DC Bar No. 1034255 |
| | Ben Wang | | **FISH & RICHARDSON P.C.** |
| | CA State Bar No. 228712 | | 1000 Maine Avenue, SW, Ste 1000 |
| | Adam Hoffman | | Washington, D.C. 20024 |
| | CA State Bar No. 218740 | | Telephone: (202) 783-5070 |
| | Paul Kroeger | | SERVICEFRSamsung- |
| | CA State Bar No. 229074 | | Headwater@fr.com |
| | Neil A. Rubin | | |
| | CA State Bar No. 250761 | | Thad C. Kodish |
| | Kristopher Davis | | GA Bar No. 427603 |
| | CA State Bar No. 329627 | | Sara C. Fish |
| | James S. Tsuei | | GA Bar No. 873853 |
| | CA State Bar No. 285530 | | Christopher O. Green |
| | Philip Wang | | GA Bar No. 037617 |
| | CA State Bar No. 262239 | | Benjamin K. Thompson |
| | Dale Chang | | GA Bar No. 633211 |
| | CA State Bar No. 248657 | | Steffen C. Lake |
| | James Milkey | | GA Bar No. 512272 |
| | CA State Bar No. 281283 | | Ashley A. Bolt |
| | Jason M. Wietholter | | GA Bar No. 231197 |
| | CA State Bar No. 337139 | | Erin P. Alper |
| | James Pickens | | GA Bar No. 940408 |
| | CA State Bar No. 307474 | | Peter Hong (*pro hac vice*) |
| | Qi (Peter) Tong | | GA Bar No. 365188 |
| | TX State Bar No. 24119042 | | Katherine H. Reardon |
| | **RUSS AUGUST & KABAT** | | NY Bar No. 5196910 |
| | 12424 Wilshire Blvd. 12th Floor | | **FISH & RICHARDSON P.C.** |
| | Los Angeles, CA 90025 | | 1180 Peachtree St. NE, Fl. 21 |
| | Telephone: 310-826-7474 | | Atlanta, GA 30309 |
| | rak_headwater@raklaw.com | | Telephone: (404) 892-5005 |
| | | | SERVICEFRSamsung- |
| | | | Headwater@fr.com |

| | |
|---|---|
| Andrea L. Fair<br>TX State Bar No. 24078488<br>**MILLER FAIR HENRY PLLC**<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>Telephone: 903-757-6400 | John-Paul Fryckman (*pro hac vice*)<br>CA Bar No. 317591<br>**FISH & RICHARDSON P.C.**<br>12860 El Camino Real Suite 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>SERVICEFRSamsung-Headwater@fr.com<br><br>Melissa R. Smith<br>State Bar No. 24001351<br>Melissa@gillamsmithlaw.com<br>**GILLAM & SMITH, LLP**<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br><br>Harry L. Gillam, Jr.<br>State Bar No. 07921800<br>**GILLAM & SMITH, LLP**<br>102 N. College, Ste. 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br><br>Jon Hyland<br>Texas Bar No. 24046131<br>jhyland@hilgersgraben.com<br>Grant K. Schmidt<br>Texas Bar No. 24084579<br>gschmidt@hilgersgraben.com<br>**HILGERS GRABEN PLLC**<br>7859 Walnut Hill Lane, Suite 335<br>Dallas, Texas 75230<br>Telephone: (972) 645-3097 |
| **ATTORNEYS FOR PLAINTIFF,**<br>**HEADWATER RESEARCH LLC** | **ATTORNEYS FOR DEFENDANTS**<br>**SAMSUNG ELECTRONICS CO., LTD. AND**<br>**SAMSUNG ELECTRONICS AMERICA, INC.** |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 16, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                           */s/Thad C. Kodish*
                                           Thad C. Kodish