# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO., LTD. § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | CIVIL ACTION NO. 2:23-cv-641-JRG-RSP |

## ORDER

Before the Court is Samsung's Motion to Stay Pending *Inter Partes* Review of All Asserted Patents. **Dkt. No. 96.** Samsung moves the Court to stay this case until the PTAB concludes the IPR of the Asserted Patent. *Id.* at 1.

District courts have the inherent power to control their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court*.*" *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id*.

Consistent with this Court's recent decisions, the Court **DENIES** the Motion. First, the stay will prejudice Plaintiff's timely vindication of its patent rights. *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00103-JRG-RSP, 2024 WL 5080240, at * 2 (E.D. Tex. Dec. 11, 2024); *Lionra Techs. Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00097-JRG, 2025 WL 1239317, at *3 (E.D. Tex. Apr. 29, 2025); *Croga Innovations Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00065-JRG, 2025 WL 1117472, at *2 (E.D. Tex. Apr. 15, 2025). Second, this Motion was filed on April 2, 2025—the day before the *Markman* hearing in this case and 16 months after the case was filed. Samsung did not file its latest IPR petitions until September 2024, 9 months after the case was filed. The result of this timeline is that the final Final Written Decision is not expected until April 2026—six months after the trial date set for this case. This factor thus weighs against stay. Lastly, any potential simplification that may result from the PTAB proceedings does not outweigh the other factors. Thus, the Court **DENIES** the Motion.

**SIGNED this 3rd day of July, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE