# Exhibit M

**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | **Civil Action No. 2:23-cv-00397** |
| vs. | |
| | **LEAD CASE** |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., | **JURY TRIAL** |
| *Defendants.* | |
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | **Civil Action No. 2:23-cv-00398** |
| vs. | |
| AT&T SERVICES, INC., AT&T MOBILITY, LLC AND AT&T CORP., | **MEMBER CASE** |
| *Defendants.* | **JURY TRIAL** |

## DEFENDANTS' NOTICE OF SUBPOENA TO QUALCOMM, INC.

PLEASE TAKE NOTICE that pursuant to Rules 30, 34, and 45 of the Federal Rules of Civil Procedure, Defendants AT&T Services, Inc., AT&T Mobility, LLC and AT&T Corp., (collectively, "AT&T" or "Defendants") have caused or will cause the attached subpoena to be served on Qualcomm, Inc. ("Qualcomm").

Please take further notice that Defendants will require Qualcomm to produce the documents, tangible things, and items set out in Attachment A to the subpoena commanding production of documents, a copy of which is attached hereto. The documents, tangible things, and

1

items shall be produced at the place, date, and time specified in the subpoena or another place, date, and time agreed to by the parties.

Dated: November 20, 2024

By: */s/ Nicholas Matthews*
Nicholas Mathews (Lead Counsel)
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Erik B. Fountain
Texas State Bar No. 24097701
efountain@mckoolsmith.com
Clare Churchman
Texas State Bar No. 24132041
cchurchman@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin Hess
Texas State Bar No.
khess@mckoolsmith.com
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**ATTORNEYS FOR DEFENDANTS AT&T
SERVICES, INC., AT&T MOBILITY, LLC
AND AT&T CORP.**

## CERTIFICATE OF SERVICE

I hereby certify on November 20, 2024 a true and correct copy of the foregoing was served on counsel of record for Plaintiff via electronic mail.


*/s/ Nicholas Matthews*
Nicholas Mathews

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Headwater Research, LLC | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  2:23-CV-000377 & 00378 |
| AT&T Services, Inc., AT&T Mobility, LLC and AT&T Corp. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Qualcomm Incorporated c/o CORPORATION SERVICE COMPANY
2710 GATEWAY OAKS DR STE 150N, SACRAMENTO, CA 95833-3502

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: McKool Smith, P.C.<br>300 Cresecent Court Suit 1500<br>Dallas, Tx | Date and Time:<br><br>12/19/2024 12:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          11/20/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Sean O'Leary |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

AT&T Services, Inc., AT&T Mobility, LLC and AT&T Corp. _____ , who issues or requests this subpoena, are:

Sean O'Leary, 600 Travis St # 7000, Houston, TX 77002 soleary@McKoolSmith.com 713-485-7328

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-CV-000377 & 00378

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

The following definitions and instructions apply.

## DEFINITIONS

1.    "And" shall be treated as a synonym for "or" and vice versa. "Any" and "each" shall be understood to include one another and "all" whenever necessary to expand the scope of the request. The words "all," "every," "any," and "each" shall include each other whenever possible to expand the scope of the request.

2.    "Asserted Patents" means United States Patent Nos. 8,589,541 ("the '541 Patent"), 8,924,543 ("the '543 Patent"), 9,198,042 ("the '042 Patent"), and 9,215,613 ("the '613 Patent").

3.    "Communication" means any transmission of information, including drafts.

4.    "Document" and "Documents" shall be interpreted in their broadest possible sense and, at a minimum, shall by synonymous in meaning and equal in scope to usage of the term in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including any medium in which information is stored, by Rule 1001 of the Federal Rules of Evidence, including without limitation Electronically Stored Information. If a draft Document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical Document is a separate Document.

5.    "Headwater" means Headwater Research, LLC, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and all Headwater affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

whether foreign or domestic, that are owned, controlled by, or under common control with Headwater and all predecessors and successors in interest to such entities.

6.      "Person" or "Entity" and their plural forms include, without limitation, natural persons, law firms, partnerships, corporations, associations, and any other legal entities and divisions, departments, or other units thereof.

7.      "Relevant Time Period" shall mean January 1, 2008 through December 31, 2010.

8.      "Raissinia Assignment Agreement" means the patent assignment agreement entered between Qualcomm and Alireza Raissinia on December 8, 2006.

9.      "Raleigh Assignment Agreement" means the patent assignment agreement entered between Qualcomm and Dr. Gregory Raleigh on December 18, 2006.

10.      "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

11.      "You," "Your," and "Qualcomm" mean Qualcomm Incorporated., and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and all Qualcomm affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned, controlled by, or under common control with Qualcomm and all predecessors and successors in interest to such entities.

12.      In construing these definitions and instructions: (i) the singular shall include the plural and the plural shall include the singular; (ii) the masculine, feminine or neuter pronoun shall not exclude the other genders; (iii) the conjunctions "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of each topic all information that

might otherwise be construed to be outside its scope; and (iv) the word "any" shall be read to mean each and every.

## INSTRUCTIONS

1.      Accompanying any document production, you shall provide a written declaration from the custodian or other qualified person certifying that the respective document production identified by Bates range, was: (A) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) kept in the course of the regularly conducted activity; and (C) made by the regularly conducted activity as a regular practice.

2.      These requests shall apply to all items (e.g., documents or things) in your possession, custody, or control and/or the possession, custody, or control of any of your employees, agents, corporations, parent or subsidiary corporations, and/or divisions or affiliates.

3.      If You claim that a Request for Production is over-broad or unduly burdensome, please respond to that portion of the Request for Production to which You do not object and specifically state why You claim the Request for Production is over-broad or unduly burdensome.

4.      All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original.

5.      A copy of the Stipulated Protective Order entered in this case is included herewith. Thus, pursuant to the Protective Order adopted by the Court in this case, if You deem any document or information produced to be confidential, designate the document pursuant to the Protective Order.

6.     All documents within the possession of your experts, consultants, and/or contractors should be consulted and provided if responsive.

7.     If You claim that a Request for Production is over-broad or unduly burdensome, please respond to that portion of the Request for Production to which You do not object and specifically state why You claim the Request for Production is over-broad or unduly burdensome.

8.     All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original.

9.     This subpoena is continuing in nature. You must correct or supplement its responses if You learn that any response was incomplete or inaccurate when made or, although complete and accurate when made, is no longer complete and accurate.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to determine the dates of employment of Gregory Raleigh at Qualcomm, including but not limited to information identifying the start and termination dates of Gregory Raleigh.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and things reflecting the employment of Gregory Raleigh by You, including but not limited to any signed: employment agreements, termination agreements; invention disclosure agreements, confidentiality agreements, and/or proprietary rights agreements between You and Gregory Raleigh.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify Gregory Raleigh's supervisors while employed by You, including but not limited to information identifying each of Gregory Raleigh's supervisors during his employment to whom Gregory Raleigh directed requests to implement his ideas, creations, inventions, projects, and expenditures to, and whether said supervisors are still employed by You.

**REQUEST FOR PRODUCTION NO. 4:**

All documents reflecting any requests by Gregory Raleigh while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting any invention submissions, and any notes or communications regarding invention submissions, from Gregory Raleigh to You during his employment related to the Asserted Patents and/or any other patents.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, communications, and things reflecting any investigation, determination, inquiry, belief, opinion, or position as to whether the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in- focus, foreground, or background applications; differentiated network access; policy-based aggregation

of network activity; protecting network capacity; wireless network access policies, etc.) was related to Your business, products, intellectual property, or services in the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by Gregory Raleigh to develop technology related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**REQUEST FOR PRODUCTION NO. 8:**

All communications and related documents between Gregory Raleigh and former CEO Paul Jacobs at or around the time of Gregory Raleigh's resignation from Qualcomm in September 2008 specifically, but not limited to, any discussions or presentations related to devices assisted services, or any ideas related to any business proposals.

**REQUEST FOR PRODUCTION NO. 9:**

All internal documents, internal communications, and things reflecting internal discussions related to businesses or potential inventions proposed by Gregory Raleigh in 2008 and specifically in or around September 2008, including, but not limited to, internal correspondences, briefings, or presentations discussing the quality, value, or potential of any of Gregory Raleigh's proposed ideas.

**REQUEST FOR PRODUCTION NO. 10:**

Any documents, communications and things reflecting any negotiations or discussions with Gregory Raleigh, or ItsOn, Inc. to purchase Gregory Raleigh's or ItsOn, Inc.'s patents, or any

other business discussions related to a potential purchase of Gregory Raleigh's or ItsOn, Inc.'s patents.

**REQUEST FOR PRODUCTION NO. 11:**

Any documents, communications and things reflecting any internal valuations, or discussion related to potentially purchasing Gregory Raleigh's or ItsOn, Inc.'s patents, or any other business discussions related to a potential purchase of Gregory Raleigh's or ItsOn, Inc.'s patents.

**REQUEST FOR PRODUCTION NO. 12:**

Any documents, communications and things related to Your assertion of ownership of the Asserted Patents including communications with Gregory Raleigh related to Your assertion of ownership of the Asserted Patents, and any internal communications or documents related to Your assertion of ownership of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 13:**

Any documents, communications and things related to settlement of Your assertion of ownership of the Asserted Patents including communications with Gregory Raleigh related to the settlement of Your assertion of ownership of the Asserted Patents, and any internal communications or documents related to the settlement of Your assertion of ownership of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 14:**

The Raleigh Assignment Agreement and any revisions, alternate versions or amendments thereto.

**REQUEST FOR PRODUCTION NO. 15:**

Any documents, communications and things reflecting any discussions between You and Gregory Raleigh pertaining to the Raleigh Assignment Agreement, during and after his employment with Qualcomm.

**REQUEST FOR PRODUCTION NO. 16:**

Any documents, communications and things reflecting any internal discussion pertaining to the Raleigh Assignment Agreement, during and after his employment with Qualcomm.

**REQUEST FOR PRODUCTION NO. 17:**

Any documents, communications and things kept or produced by Qualcomm's human resources department regarding Gregory Raleigh and his employment at Qualcomm including, but not limited to, his personnel file, any employment contracts, performance reviews, attendance records, disciplinarily actions, training records, termination documents, and exit interview documents, as well as any documents, communications and things submitted by Gregory Raleigh to Qualcomm's human resources department during his employment at Qualcomm.

**REQUEST FOR PRODUCTION NO. 18:**

Any documents, communications and things reflecting any working groups, teams or meetings attended or staffed by both Gregory Raleigh and Alireza Raissinia.

**REQUEST FOR PRODUCTION NO. 19:**

Any documents, communications and things reflecting projects, assignments, or any work product with contributions from or completed by both Gregory Raleigh and Alireza Raissinia.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to determine the various dates of employment of Alireza Raissinia at Qualcomm, including but not limited to information identifying any start and termination dates of Alireza Raissinia relating to at least his two separate time periods as a Qualcomm employee.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, communications, and things reflecting the employment of Alireza Raissinia by You, including but not limited to any signed: employment agreements, termination agreements; invention disclosure agreements, confidentiality agreements, and/or proprietary rights agreements between You and Alireza Raissinia, including relating to his time as a Qualcomm employee ending in 2009.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify Alireza Raissinia's supervisors while employed by You before Alireza Raissinia left Qualcomm in 2009, including but not limited to information identifying each of Alireza Raissinia's supervisors during his employment to whom Alireza Raissinia directed requests to and/or suggestions for implementing his ideas, creations, inventions, projects, and expenditures, and whether said supervisors are still employed by You.

**REQUEST FOR PRODUCTION NO. 23:**

All documents reflecting any requests by Alireza Raissinia while employed by You to implement any ideas, creations, inventions, or projects related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**REQUEST FOR PRODUCTION NO. 24:**

All documents, communications, and things reflecting any usage of Qualcomm equipment, supplies, facilities, or trade-secret information by Alireza Raissinia to develop technology related to the subject matter of the Asserted Patents (for example, managing how applications connect on smartphones; resource prioritization for in-focus, foreground, or background applications; differentiated network access; policy-based aggregation of network activity; protecting network capacity; wireless network access policies, etc.).

**REQUEST FOR PRODUCTION NO. 25:**

All documents reflecting any invention submissions, and any notes or communications regarding invention submissions, from Alireza Raissinia to You during his employment regarding the Asserted Patents and/or any other patents.

**REQUEST FOR PRODUCTION NO. 26:**

The Raissinia Assignment Agreement and any revisions, alternate versions or amendments thereto.

**REQUEST FOR PRODUCTION NO. 27:**

Any documents, communications and things reflecting any discussions between You and Alireza Raissinia pertaining to the Raissinia Assignment Agreement, during and after his employment with Qualcomm.

**REQUEST FOR PRODUCTION NO. 28:**

Any documents, communications and things reflecting any internal discussions pertaining to the Raissinia Assignment Agreement, during and after his employment with Qualcomm.

**REQUEST FOR PRODUCTION NO. 29:**

Any documents, communications and things kept or produced by Qualcomm's human resources department regarding Alireza Raissinia and his employment at Qualcomm including, but not limited to, his personnel file, any employment contracts, performance reviews, attendance records, disciplinary actions, training records, termination documents, and exit interview documents, as well as any documents, communications and things submitted by Alireza Raissinia to Qualcomm's human resources department during his employment at Qualcomm.

**REQUEST FOR PRODUCTION NO. 30:**

All documents, communications, and things relating to or corresponding with the conception, reduction to practice, and filing of US Patent No. 8,856,798 and European Patent No. 2215873B1, to which Qualcomm is the assignee.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, Communications, and things you identify or on which you rely in responding to this Subpoena.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to identify the location and custodian of any files or records that pertain to any of the Documents produced in response to this Subpoena.