**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:23-cv-00641-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

**SAMSUNG'S REPLY TO ITS MOTION TO DISMISS FOR LACK OF
STANDING [DKT. NO. 149] AND OPPOSITION TO CROSS-MOTION FOR
<u>SUMMARY JUDGMENT [DKT. NO. 169]</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................... 1

II.   RESPONSE TO ALLEGEDLY UNDISPUTED MATERIAL FACTS ........................... 1

III.  ARGUMENT ........................................................................................................... 3

    A.    Headwater Has Failed to Prove Standing in This Case ......................................... 3

    B.    Headwater's Other Arguments Are Disputed and Insufficient to Meet Its Burden 3

    C.    Samsung Preserves Its Objections to the Court's Rulings in HW1 and HW2........ 6

IV.   CONCLUSION........................................................................................................ 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Costello*,
  717 F.2d 1346 (Fed. Cir. 1983).................................................................................6

*FilmTec Corp. v Hydranautics*,
  982 F.2d 1546 (Fed. Cir. 1992) .................................................................................5

**Statutes**

35 U.S.C. § 116.................................................................................................................3

## NOTES

\* Emphasis added unless otherwise noted.

\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors, and "Samsung" refers to Defendants.  "Qualcomm" refers to Qualcomm Inc.  "HW1" refers to case 2:22-CV-00422-JRG-RSP ("HW1"), and "HW2" refers to Case No. 2:23-CV-00103-JRG-RSP.  The ""110 patent," the "'359 patent," and the "'918 patent" refer to U.S. Patents 8,588,110; 9,179,359; and 9,647,918 respectively; together, they are referred to as the "Asserted Patents."

.

## I.     INTRODUCTION

While the standing rulings from HW1 and HW2 are relevant, Headwater ignores that the patents in this case have different claims.  It says not one word about how or when these different inventions were conceived.  It therefore fails to meet its burden of proving standing in this case.

## II.     RESPONSE TO ALLEGEDLY UNDISPUTED MATERIAL FACTS

While standing is for the Court, summary judgment is not appropriate because standing depends on the Court's fact findings and credibility determinations.

SUMF No. 1:  Incomplete.  While the R&R found Headwater had standing in HW1, this case is materially different for the reasons discussed herein.  Headwater also fails to include the Court's previous rulings that were favorable to Samsung.  For example, the Court rejected Headwater's challenges to the validity of this agreement, and concluded "it is on Headwater to show either the disclosed invention is not 'within the scope of the company's business,' and thus not an 'Invention' under the agreement, or that the invention was conceived and reduced to practice after Dr. Raleigh's employment."  HW1 Dkt. 399 at 4-6.

SUMF No. 2:  Incomplete.  Headwater fails to include testimony favorable to Samsung. For example, Dr. Raleigh admitted he incorporated Headwater and ItsOn before leaving Qualcomm, started working with Best Buy on behalf of himself before leaving Qualcomm, and withheld conception documents as privileged.  *See* HW1 Dkt. 386 (Evid. Hearing Tr.).

SUMF No. 3:  Incomplete.  While the R&R found Headwater had standing in HW2, this case is materially different for the reasons discussed herein.  Headwater also fails to include the Court's previous rulings that were favorable to Samsung.  *See* SUMF No. 1.

SUMF No. 4: Incomplete.  Headwater fails to include testimony favorable to Samsung. *See* SUMF No. 2.

SUMF No. 5:  Objection.  Samsung was not a party in the 352, 379, and 397 actions against Verizon, T-Mobile, and AT&T.  Headwater may not rely upon non-mutual collateral estoppel. The Court should not consider findings from these cases.

SUMF No. 6:  Objection.  Whether Dr. Raleigh was found "credible" in previous cases is irrelevant because he has offered no testimony about the inventions at issue here.  In addition, the Court should not consider findings in cases where Samsung was not a party.  *See* SUMF No. 5.

SUMF No. 7:  Disputed.  Dr. Raleigh and Dr. Raissinia had no rights left to assign to Headwater.

SUMF No. 8:  Disputed.  While Qualcomm never filed a legal action, it did claim ownership of the Headwater patents.  *E.g.*, HW1 Dkt. 383-7.  In addition, the Court should not consider findings in cases where Samsung was not a party.  *See* SUMF No. 5.

SUMF No. 9:  Disputed.  All asserted patents derive from the January 28, 2009 '354 application.

SUMF No. 10:  Undisputed.

SUMF No. 11:  Incomplete.  Headwater quotes only part of the Qualcomm agreement, and it does not relate to "post-employment activities."  Rather, it creates a presumption that applications filed within one year of employment were conceived *during* employment.  In addition, the Court has already found that the agreement is enforceable.  *See* SUMF No. 1.

SUMF No. 12:  Incomplete.  All asserted patents derive from the January 28, 2009 '354 application.

SUMF No. 13:  Incomplete.  While Qualcomm never filed a legal action, it did claim ownership of the Headwater patents.  *See* SUMF No. 8.

SUMF No. 14:   Incomplete.   While the Court made findings regarding Qualcomm, Qualcomm's conduct when it was closest to the issue in 2009 demonstrates it believed it owns the Headwater patents.   In addition, the Court should not consider findings in cases where Samsung was not a party.   *See* SUMF No. 5.

Finally, Samsung incorporates its Motion to Dismiss (Dkt. 149), which contains additional material facts.

## III.    ARGUMENT

### A.    Headwater Has Failed to Prove Standing in This Case

Headwater submits no testimony from any witness—for example its expert or inventors—discussing the claims of the patents in *this* case or when they were conceived.   This repeats Headwater's failure to provide such information in response to Samsung's discovery requests, as detailed in Samsung's opening brief.   Headwater does reproduce Best Buy slides from HW1, but offers no explanation as to how they relate to this case.   In short, Headwater offers *no* evidence as to when the inventions here were conceived, so it cannot possibly overcome the presumption Qualcomm owns them.

In addition, while this Court previously found Dr. Raleigh "credible," Headwater has submitted no testimony from him in this case.   There is no basis to find him "credible" here.

### B.    Headwater's Other Arguments Are Disputed and Insufficient to Meet Its Burden

Headwater repeats arguments from previous cases, again without linking them to the patents asserted here.

***Dr. Raissinia***:   Headwater submits deposition testimony from HW1.   None of this testimony discusses the inventions here.   In addition, it does not matter whether Dr. Raleigh and Dr. Raissinia worked together at Qualcomm.   35 U.S.C. § 116 provides that inventors may jointly

file "even though (1) they ***did not physically work together or at the same time***, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent."  Headwater also concedes the '359 patent was fully conceived by March 25, 2010.  That is within one year of Dr. Raissinia's departure from Qualcomm in November 2009 (*see* HW1 Dkt. 399 at 2), so Qualcomm presumptively co-owns the '359 patent through Dr. Raissinia.  Qualcomm also co-owns the '359 patent through Dr. Raleigh because it presumptively owns the January 2009 '354 application from which the '359 patent derives.  Headwater has failed to overcome these presumptions. Dr. Raissinia is not relevant to the other asserted patents.

In addition, while Dr. Raissinia initially denied working with Dr. Raleigh at Qualcomm in HW1 and also denied working on related technologies at Qualcomm, his story changed when he was shown a related patent application he filed while at Qualcomm.  *See* HW1 Dkt. 236-11 (Raissinia Dep. Tr.) at 28:9-31:7, 51:16-53:11; HW1 Dkt. 236-31 (Raissinia Dep. Ex. 2) (Qualcomm patent application filed in 2008 in Dr. Raissinia's name).  Dr. Raissinia admitted "in [his] work for Qualcomm, [he] did work on power saving mechanisms in the field of the wireless communications." HW1 Dkt. 236-11 (Raissinia Dep. Tr.) at 34:10-14.  He agreed claim 1 of his Qualcomm application covers one method of "that facilitates power save features in a wireless communication system" and that it involved negotiating a scheduled window to wake up and communicate.  *Id.* at 35:20-23, 35:24-38:5.

***'110 Patent:***  The presumption of ownership applies to the '110 patent since it was admittedly filed within a year of sole inventor Dr. Raleigh leaving Qualcomm.  Since Headwater has not overcome the presumption, Qualcomm owns the '110 patent.

*Unpatentable Ideas:*  Headwater maintains the Qualcomm employment agreement is limited to complete inventions, but "Inventions" include "ideas and innovations, whether patentable or not" that are "related to or coming within the scope of the Company's business, or related to the Company's products or any research, design, experimental or production work carried on by the Company."  HW1 Dkt. 236-13 ¶ 1.1.  The Federal Circuit has held that such language means an employer owns patents filed by ex-employees even if additional concepts are added later.  *See FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1553 (Fed. Cir. 1992) ("Cadotte may well have refined the invention when he went to FilmTec . . . The record is clear, however, that his work in February 1978 was on the same invention that he conceived in November 1977. Were we to find that inclusion of narrow performance limitations in the claims could serve to expel the claimed invention from operation of the Contract under which the invention was made, we would be defeating the intentions of the parties to the Contract . . . .").  Thus, Qualcomm co-owns the '359 and '918 patents through at least Dr. Raleigh, even if other inventors later contributed additional ideas to these patents.

*Qualcomm:*  Headwater repeats its citations to events in 2017, 2021, and 2022 but fails to show anyone at Qualcomm involved in these events was even aware of Qualcomm's 2009 dispute with Dr. Raleigh.  Qualcomm did try to buy Dr. Raleigh's patents in 2017 and 2022, but it did not offer as much as Dr. Raleigh wanted.  To the extent Qualcomm personnel were aware of the 2009 dispute, this can be viewed as a failed settlement attempt.  In addition, Dr. Raleigh's testimony that Qualcomm deliberately let the statute of limitations run is hearsay and should be disregarded. There is no evidence Qualcomm ever waived its claim, and Qualcomm was not required to file suit since the employment agreement vested ownership in Qualcomm without further action required.  Similarly, there is no evidence that other participants on the 2021 panel were aware of

the 2009 dispute.  And the Court has already excluded the deposition of David Wise, which Headwater improperly cites, since the deposition was noticed in a case not involving Samsung. *See* HW2 Evid. Hearing Tr. at 62:17-63:4.

Regardless, the evidence is undisputed that Qualcomm did assert ownership of the Headwater patents in 2009, when it was closest to the issue.

**The '354 Application:**  Headwater relies on its patent filing for corroboration but fails to acknowledge the Court already rejected this.  *See* HW1 Dkt. 386 at 173:24-174:20.  The application is not evidence of when Dr. Raleigh *first* conceived the claimed invention.  *In re Costello*, 717 F.2d 1346, 1350 (Fed. Cir. 1983), cited by Headwater, is not to the contrary.  It merely holds that an application "constitutes documentary evidence that appellants had conceived of the invention *as of the filing date*."  *Id.*  *Costello* does not say the filing date is evidence first conception.  In addition, as a matter of contractual interpretation, it would make no sense if the very patent application that *triggers* the presumption of ownership also *overcomes* it.  Such an argument would apply in every case where a patent application is filed within a year of employment, and it would make the contract meaningless.  Put another way, Qualcomm presumptively owns the January 2009 '354 application, so it cannot possibly overcome Qualcomm's ownership.

## C.    Samsung Preserves Its Objections to the Court's Rulings in HW1 and HW2

As detailed in Samsung's opening brief, Samsung maintains its objections to the Court's previous rulings, including its ruling that "Dr. Raleigh is not required to corroborate his conception date."  Samsung will not repeat those objections here, but again emphasizes the previous rulings are not dispositive given Headwater's failure to submit relevant evidence about the patents asserted in this case.

6

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss this case for lack of standing because

Qualcomm owns or co-owns the asserted patents.

Dated: August 4, 2025                    Respectfully submitted,

By:   */s/ Thad C. Kodish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**

7

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman
CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on November 18, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Thad C. Kodish*