# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

HEADWATER RESEARCH LLC,

               Plaintiff,

      v.

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA,
INC.,

              Defendants.

Case No. 2:23-cv-641-JRG-RSP

**JURY TRIAL DEMANDED**

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY TO DEFENDANTS'
MOTION TO DISMISS FOR LACK OF STANDING
AND PLAINTIFF'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO DEFENDANTS' STANDING DEFENSE**

**TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................................................1

II.     SAMSUNG'S RESPONSES TO HEADWATER'S STATEMENTS OF
        UNDISPUTED MATERIAL FACTS .................................................................................1

III.    ARGUMENT .......................................................................................................................1

        A.    All Available Evidence Shows Headwater Has Standing ...............................................1

        B.    Samsung's Remaining Arguments Are Unpersuasive .....................................................3

        C.    Samsung's Objections in the 422 Action and the 103 Action Were Properly
              Overruled ..........................................................................................................................5

IV.     CONCLUSION ....................................................................................................................5

\* All emphasis in quoted material has been added unless otherwise noted.

**TABLE OF EXHIBITS**

| Ex. | Document Description | Abbreviation |
|---|---|---|
| A | Report and Recommendation on Standing in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00422-JRG-RSP, Dkt. 399 (E.D. Tex. Aug. 2, 2024) | 422 Standing R&R |
| B | Transcript of Evidentiary Hearing in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00422-JRG-RSP (E.D. Tex. July 25, 2024) | 422 Evid. Hearing Tr. |
| C | Report and Recommendation on Standing in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:23-cv-00103-JRG-RSP, Dkt. 364 (E.D. Tex. Mar. 31, 2025) | 103 Standing R&R |
| D | Transcript of Evidentiary Hearing in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:23-cv-00103-JRG-RSP (E.D. Tex. Feb. 20, 2025) | 103 Evid. Hearing Tr. |
| E | Report and Recommendation on Standing in *Headwater Research LLC v. Verizon Wireless et al.*, No. 2:23-cv-00352-JRG-RSP, Dkt. 292 (E.D. Tex. June 2, 2025) | 352 Standing R&R |
| F | Assignment record for '110 patent | '110 Assignments |
| G | Assignment record for '359 patent | '359 Assignments |
| H | Assignment record for '918 patent | '918 Assignments |
| I | Qualcomm's objections and responses to Samsung's subpoena in Case No. 2:22-cv-00422-JRG-RSP, dated January 23, 2024 | 422 Qualcomm Subpoena Resp. |
| J | Qualcomm's objections and responses to Samsung's subpoena in Case No. 2:23-cv-00103-JRG-RSP, dated February 19, 2024 | 103 Qualcomm Subpoena Resp. |
| K | Verizon's subpoena to Qualcomm in Case No. 2:23-cv-00352-JRG-RSP, dated January 22, 2024 | 352 Qualcomm Subpoena |
| L | T-Mobile's subpoena to Qualcomm in Case No. 2:23-cv-00379-JRG-RSP, dated September 13, 2024 | 379 Qualcomm Subpoena |
| M | AT&T's subpoena to Qualcomm Case No. 2:23-cv-00397-JRG-RSP, dated November 20, 2024 | 397 Qualcomm Subpoena |

| Ex. | Document Description | Abbreviation |
|---|---|---|
| N | ItsOn Presentation dated September 24, 2008 (produced as HW352-00011655; HW379-00021176; HW397-00021176) | 9/24/2008 ItsOn Presentation |
| O | ItsOn Presentation dated October 23, 2008 (produced as HW352-00008894; HW379-00018212; HW397-00018212) | 10/23/2008 ItsOn Presentation |
| P | ItsOn Presentation dated January 6, 2009 (produced as HW352-00008474; HW379-00017792; HW397-00017792) | 1/6/2009 ItsOn Presentation |
| Q | Excerpts from Deposition Transcript of Alireza Raissinia, dated December 15, 2023 | 12/15/2023 Raissinia Tr. |
| R | Excerpts from Deposition Transcript of Alireza Raissinia, dated January 16, 2025 | 2/14/2025 Raissinia Tr. |
| S | Excerpts from Deposition Transcript of David Wise, dated January 31, 2025 | 1/31/2025 Wise Tr. |
| T | Letter from Qualcomm to Dr. Gregory Raleigh, dated April 4, 2022 (produced as HW_00092649; HW352-00099012; HW379-00054301) | 2022 Qualcomm Offer |
| U | Excerpts from Opening Report of Samsung's technical expert, Dr. Dan Schonfeld, dated June 4, 2025 | Schonfeld Opening Rpt. |
| V | U.S. Provisional Application 61/206,354 | '354 application |
| W | U.S. Provisional Application 61/348,022 | '022 application |
| X | U.S. Provisional Application 61/435,564 | '564 application |
| Y | Invention Disclosure, Confidentiality & Proprietary Rights Agreement, signed by Dr. Gregory Raleigh, dated December 18, 2006 | Raleigh Agreement |
| Z | Invention Disclosure, Confidentiality & Proprietary Rights Agreement, signed by Alireza Raissinia, dated December 18, 2006 | Raissinia Agreement |
| AA | Qualcomm employment record of Dr. Gregory Raleigh, dated February 21, 2024 | Raleigh Employment Record |
| BB | Qualcomm employment record of Alireza Raissinia, dated December 8, 2006 | Raissinia Employment Record |

iv

| Ex. | Document Description | Abbreviation |
|---|---|---|
| CC | Deposition Transcript of Gregory Raleigh, dated May 23, 2025 | 5/23/2025 Raleigh Tr. |
| DD | Excerpts from Deposition Transcript of Jeffrey Green, dated February 22, 2025 | 2/22/2025 Green Tr. |

## I.    INTRODUCTION

Like its opening brief, Samsung's reply presents no new facts, evidence, or law that would warrant a different finding here than in the prior Headwater cases before this Court where Samsung and others raised a standing defense. The Court should thus deny Samsung's motion to dismiss and grant Headwater's cross-motion for summary judgment.

## II.    SAMSUNG'S RESPONSES TO HEADWATER'S STATEMENTS OF UNDISPUTED MATERIAL FACTS

Samsung's responses to SUMF Nos. 1-4 and 10-14 do not raise any dispute that can preclude summary judgment in Headwater's favor. *See* Dkt. 182 at 1-3 (stating that these are "Undisputed" or "Incomplete," followed by a self-serving statement by Samsung that does not dispute Headwater's point). Samsung also does not dispute SUMF No. 5 or 6 but raises an irrelevant "objection" to each statement. These objections miss the point because Headwater is not asking the Court to apply "non-mutual collateral estoppel" or "findings in cases where Samsung was not a party." Dkt. 182 at 2. Instead, Headwater is noting undisputed facts that only further support Headwater's motion for summary judgment.

Samsung's responses to SUMF Nos. 7, 8, or 9 likewise raise no legitimate dispute. It is not and cannot be disputed that Headwater holds *legal* title to the asserted patents (SUMF No. 7), that Qualcomm has never brought any legal action or claim against Headwater, Dr. Raleigh, or Mr. Raissinia (SUMF No. 8), and that the asserted patents claim priority to the '354 application, which was filed on January 28, 2009 (SUMF No. 9). Nothing Samsung says disputes these facts.

## III.    ARGUMENT

### A.    All Available Evidence Shows Headwater Has Standing

Samsung continues to assert that "Headwater offers *no* evidence as to when the inventions here were conceived." Dkt. 182 at 3 (emphasis in original). To the contrary, all available evidence

1

demonstrates that the claimed inventions were conceived *after* leaving Qualcomm. This evidence includes, for example, the '354 application, Dr. Raleigh's employment record, the testimony of Dr. Raleigh and Mr. Raissinia, and the progression of ItsOn presentations over time. Samsung has no contrary evidence, despite seeking such evidence for years across multiple cases.

As this Court recognized in the 103 Action, "Dr. Raleigh is not required to corroborate his conception date," because "[t]here is no freestanding corroboration requirement, rather corroboration is only required to support an <u>earlier</u> conception date than the priority date of the patent." *Id.* at 4; *see also id.* at 5 ("The Court declines to require corroboration of a later conception date."); 422 Standing R&R at 12 ("The corroboration requirement simply does not mechanically work in the situation where the party without the burden is the one trying to prove an earlier conception date. Here, Headwater has no need to corroborate its latest conception date, the one supported by prosecution history filing, as it relies on no testimony."). While Samsung appears to suggest that Headwater must prove an exact moment of conception that pre-dates the filing of Headwater's patent applications but post-dates Dr. Raleigh's time at Qualcomm, there is simply no requirement Headwater do so. All available evidence shows that conception occurred after leaving Qualcomm, and that is sufficient to meet any burden Headwater has to establish standing.

Samsung also argues that there is no basis for the Court to find Dr. Raleigh credible here because "Headwater has submitted no testimony from him in this case." Dkt. 182 at 3. This Court has considered many hours of testimony from Dr. Raleigh, across several depositions and two live evidentiary hearings, and referred to relevant portions of such testimony in the 422 Standing R&R and the 103 Standing R&R. *See, e.g.*, 422 Action, Dkt. 239-19 (11/15/2023 Raleigh Tr.), Dkt. 239-21 (3/8/2024 Raleigh Tr.), Dkt. 417-2 (9/10/2024 Raleigh Tr.). That Samsung chose not to submit Dr. Raleigh's new deposition testimony in this case only shows that it does not support Samsung's

standing defense at all. Presumably recognizing that it would be retreading old ground, Samsung chose not to spend its deposition of Dr. Raleigh in this case probing into details of his departure from Qualcomm and his early work on Headwater. *See generally* Ex. CC (5/23/2025 Raleigh Tr.). That can only be held against Samsung, not Headwater.

Samsung's suggestion that the Court disregard its prior findings because the asserted patents here were not at issue in those prior cases is disingenuous. As Samsung knows, the early portions of Dr. Raleigh's invention timeline have been the subject of the Court's prior findings and are just as relevant here, including what work he did and did not do at Qualcomm, the circumstances of his departure from Qualcomm, his post-Qualcomm meeting with Best Buy, and his change in thinking after that meeting. And Qualcomm's conduct thereafter is equally relevant here as it was in the five other cases where this Court found Headwater has standing. It also bears noting that Samsung is presently arguing—incorrectly—that issue preclusion applies here because, according to Samsung, asserted claim 26 of the '359 patent so closely matches the claim language at issue in the 422 Action. In other words, Samsung is arguing that the claimed inventions here are so different from those at issue in the 422 Action that the Court should disregard its prior findings on standing, while simultaneously arguing that the claimed inventions across the two cases are so strikingly similar that issue preclusion applies. This inconsistency is telling.

### B.     Samsung's Remaining Arguments Are Unpersuasive

Samsung's reply also briefly presents several additional arguments on various topics. Dkt. 182 at 3-6. None is persuasive.

With respect to Mr. Raissinia, the fact that he and Dr. Raleigh never worked together while either was at Qualcomm is highly relevant and supports the testimony of both Mr. Raissinia and Dr. Raleigh that none of Headwater's claimed inventions were conceived while at Qualcomm. Along these same lines, the '918 patent names Dr. Raleigh and three others as his co-inventors:

3

Jeffrey Green, James Lavine, and Vien-Phuong Nguyen. Dkt. 1-4 at cover. Samsung notably offers no explanation as to how any claimed invention of the '918 patent were conceived while Dr. Raleigh was at Qualcomm when these four co-inventors did not work together until more than two years after Dr. Raleigh left Qualcomm. *See, e.g.*, Ex. DD (2/22/2025 Green Tr.) at 18:5-9 (co-inventor Mr. Green confirming that he started at ItsOn in "October of 2010," which is more than two years after Dr. Raleigh left Qualcomm in September 2008).

With respect to Samsung's "Unpatentable Ideas" argument, Samsung's reliance on *FilmTec* is misplaced. *See* Dkt. 182 at 5 (citing *FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1553 (Fed. Cir. 1992)). In that case, "[t]he claimed invention [wa]s a composition, claimed by its structure, the key limitations of the claims being the chemical reactants, and [the inventor] conceived that invention while at" his employer's company." *FilmTec*, 982 F.2d at 1552. After leaving, the inventor added "narrow performance limitations in the claims," which were "refine[ments]" that imposed "require[ments] for commercial use." *Id*. at 1553. Those facts are not remotely analogous to the facts here.

With respect to Qualcomm, Samsung baselessly asserts that Qualcomm's multiple offers to purchase Headwater's patents "can be viewed as a failed settlement attempt." Dkt. 182 at 5. Samsung and others have sought evidence from Qualcomm to support an argument that Headwater lacks standing, yet no such evidence has been provided. Baseless assertions from Samsung's counsel are not evidence. Samsung is also wrong to assert that there is "no evidence Qualcomm ever waived its claim" of any ownership interest in Headwater patents. *Id*. Samsung does not and cannot dispute that the statute of limitations has already run on any such claim by Qualcomm, which amounts to waiver. And while Samsung takes issue with Headwater referring to the deposition testimony of David Wise, Headwater's point in doing so is that Samsung's

4

counterfactual speculations about Qualcomm are belied by the actual evidence, whether obtained by Samsung or anyone else. Indeed, Samsung's failure to pursue such evidence is telling in itself.

**C.      Samsung's Objections in the 422 Action and the 103 Action Were Properly Overruled**

Finally, Samsung states that it maintains its objections to the Court's previous rulings. Dkt. 182 at 6. Those objections were properly overruled, including for the reasons set forth in Headwater's briefing in those cases. *See, e.g.*, 422 Action, Dkt. 241, 287, 304, 330, 417; 103 Action, Dkt. 174, 202, 220, 253.

**IV.      CONCLUSION**

Accordingly, Headwater respectfully requests that the Court deny Samsung's motion to dismiss and grant summary judgment here, terminating Samsung's First Affirmative Defense (Standing) from this case.

Dated: August 11, 2025                              Respectfully submitted,

                                                  */s/ Reza Mirzaie*
                                                  Marc Fenster
                                                  CA State Bar No. 181067
                                                  mfenster@raklaw.com
                                                  Reza Mirzaie
                                                  CA State Bar No. 246953
                                                  rmirzaie@raklaw.com
                                                  Brian Ledahl
                                                  CA State Bar No. 186579
                                                  bledahl@raklaw.com
                                                  Ben Wang
                                                  CA State Bar No. 228712
                                                  bwang@raklaw.com
                                                  Adam Hoffman
                                                  CA State Bar No. 218740
                                                  Email: ahoffman@raklaw.com
                                                  Dale Chang
                                                  CA State Bar No. 248657
                                                  dchang@raklaw.com
                                                  Paul Kroeger

CA State Bar No. 229074
pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
pwang@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
jwietholter@raklaw.com
James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
HEADWATER RESEARCH LLC**

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 11, 2025.

/s/ *Reza Mirzaie*
Reza Mirzaie