# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:22-cv-00422-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is the Opposed Motion For Leave to Serve a Supplemental Rebuttal Report Addressing Headwater Damages Opinions file by Defendants Samsung Electronics Co. Ltd and Samsung Electronics America, Inc. (**Dkt. No. 471**). The motion is **DENIED**.

Samsung argues that it has just obtained from a third party a copy of an "offer letter" by which Plaintiff offered to sell equity ownership units at a certain price in 2018. Samsung contends that multiplying the number of units by the price per unit yields a valuation of the Plaintiff company. It then argues that this valuation "is effectively a valuation of its patents given that, according to Headwater, the patents are its 'primary asset.'" This argument is unpersuasive.

First, the damages question in this case is a reasonable royalty for the Defendants' alleged use of the patented technology. The investment value of the company that owns the patents has no real relationship to the royalty. Second, the simple statement by the Plaintiff's CEO that its intellectual property is its "primary asset" does not mean that the total of those equity ownership units translates into a sales price on Plaintiff's portfolio of

1

patents, let alone the single patent asserted here. Even an unconsummated offer to sell the asserted patent would have minimal actual relevance to the reasonable royalty for a particular infringement, even though such offers are subject to discovery. Third, this motion comes a mere two weeks before trial. Fourth, the allegation that Plaintiff withheld the offer letter (setting aside its denial that it has a copy) fails because all of the discovery requests identified in the motion are directed to valuations of the patent, which the offer letter is not. Furthermore, because the Court finds that the "offer letter" is not relevant to the issues in this case, it was not subject to the mandatory disclosure obligation.

For at least these reasons, the motion (**Dkt. No. 471**) is **DENIED**.

**SIGNED this 5th day of January, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE