# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-CV-00641-JRG-RSP  JURY TRIAL DEMANDED |

**SAMSUNG'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO HEADWATER RESEARCH LLC'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' EIGHTH, NINTH, AND TWELFTH ADDITIONAL DEFENSES [DKT. NO. 150]**

Headwater's reply fails to rebut the core factual disputes and evidentiary record that preclude summary judgment on Samsung's Twelfth Affirmative Defense of prosecution laches. Headwater does not meaningfully contest that Samsung timely disclosed the defense in its pleadings and interrogatory responses, and that the supporting evidence—including the Asserted Patents, file histories, privilege log entries, and deposition testimony—was available to Headwater in discovery, and in most instances, was produced by Headwater itself. Headwater's reliance on Rule 26 and cases like *Tobias* is misplaced. Samsung's prosecution laches defense was not introduced as a late-breaking theory or surprise disclosure. The record shows instead that Headwater had full access to the relevant materials and ample opportunity to challenge Samsung's prosecution laches defense all along. Unsurprisingly, Headwater does not identify any alleged information related to Samsung's prosecution laches defense that Headwater lacked during discovery or any actual prejudice to Headwater resulting from Samsung maintaining its prosecution laches defense. Summary judgment should not be granted based on Headwater's meritless procedural objection where genuine factual disputes remain.

**I.    Samsung Timely Disclosed the Factual Basis for Its Prosecution Laches Defense**

Headwater's assertion that Samsung failed to disclose the factual basis for its prosecution laches defense in violation of Rule 26 is without merit. Samsung provided sufficient detail for its defense in its Answers and supplemental response to Interrogatory No. 1, particularly given that all relevant supporting evidence was "made known" to Headwater during discovery. *See* Fed. R. Civ. P. 26(e)(1).[1] This evidence included: the Asserted Patents themselves, the file histories of the

---

[1] Rule 26(e)(1) states that "[a] party who has made a disclosure under Rule 26(a)—or ***who has responded to an interrogatory***, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, ***and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process*** or in writing; or (B) as ordered by the court" (emphasis added).

1

Asserted Patents, documents produced by Samsung and Headwater, and testimony from Headwater's principals, Dr. Raleigh and Mr. Sippl. *See* Opp. at 5-6, 8-11. Indeed, the Advisory Committee Notes to Rule 26(e) confirm there is "***no obligation to provide supplemental or corrective information [to a discovery response] that has been otherwise made known to the parties in writing or during the discovery process***." Fed. R. Civ. P. 26(e), Advisory Committee's Notes to 1993 Amendments (emphasis added); *see Estech Sys. IP, LLC v. Carvana LLC*, No. 2:21-CV-0482-JRG-RSP, 2023 WL 3436088, at *7 (E.D. Tex. May 2, 2023), report and recommendation adopted, 2023 WL 3440369 (E.D. Tex. May 12, 2023) (citing Advisory Committee Notes to Rule 26(e) in denying summary judgment based on alleged disclosure deficiencies).

Samsung pled prosecution laches with specificity in its original, amended, and second amended Answers and expressly incorporated by reference the details of that defense into its supplemental response to Interrogatory No. 1. Opp. at 3, 9. Contrary to Headwater's claim of surprise, Samsung's Answer plainly set forth Headwater's unreasonable and inexcusable delays in prosecuting its patent applications. *See id.* at 9. These allegations are supported by evidence that has been in Headwater's possession all along, including at least (1) the Asserted Patents themselves, which show an excessive number of continuation applications; (2) the prosecution histories, which reflect multi-year delays and substantial claim re-writes; (3) Headwater's privilege log, which reveals a long-standing pattern of consulting with litigation counsel during prosecution—strongly suggesting that Headwater's efforts were litigation-driven and aimed at targeting later-arising technologies; and (4) deposition testimony from Mr. Sippl and Dr. Raleigh, both of whom confirmed Headwater had no active business other than licensing and enforcing patents. *See id.* at 4-9.

In addition, Samsung consistently identified the prejudice it suffered as a result of Headwater's delays in prosecution—including the substantial investments made in developing, commercializing, and bringing the accused technologies to market. *See id.* at 9. This prejudice was supported by evidence long available to Headwater during discovery, such as publicly available Android documentation produced by Samsung describing the accused features and Headwater's own evidence that Samsung allegedly expended significant resources to develop and refine those technologies. *See id.* at 9-11.

Headwater does not dispute the substance of this evidence or contend that it fails to raise a genuine issue of material fact. Instead, Headwater seeks to exclude prosecution laches solely on procedural grounds under Rule 26, arguing insufficient disclosure. But as explained above, Headwater's reliance on Rule 26 is misplaced and cannot justify excluding Samsung's well-supported and properly disclosed prosecution laches defense. Headwater only vaguely contends that Samsung withheld facts during discovery relevant to its defense, but "[h]ad they been disclosed, Headwater could have tested these factual allegations during discovery." Reply at 2. But Headwater fails to identify any single fact that Headwater did not already have, nor does Headwater say what, if anything, it would have done differently if it was in possession of the unidentified, allegedly withheld information.

Samsung's disclosures complied with Rule 26. Headwater's attempt to exclude the prosecution laches defense on procedural grounds ignores the reality that it had full opportunity during discovery to examine and challenge the factual basis for the defense.

**II.     Samsung's Prosecution Laches Defense Should Not Be Excluded Under *Tobias* or Similar Cases**

Headwater's reliance on *Tobias* is misplaced. In *Tobias*, the Court struck an affirmative defense of workers' compensation immunity only after finding a complete failure to disclose

3

supporting facts until after discovery had closed and in direct response to a motion to strike—*not* in the pleadings, discovery responses, or through any other means. *See Tobias v. Davidson Plywood*, 241 F.R.D. 590, 591, 593 (E.D. Tex. 2007). The Court emphasized the absence of any disclosure of the defense, the fact that the defendant "willfully hid" material evidence including the worker's compensation policy, and an "apparent lack of effort" by the defendant in locating the policy and pursuing the defense. *Id.* at 593.

Here, by contrast, Samsung expressly pled its prosecution laches defense in its original and amended answers, incorporated it into its interrogatory response, and relied exclusively on evidence that was fully available to Headwater throughout discovery. Opp. at 3, 9. Unlike the defendant in *Tobias*, Samsung did not "lie in wait" or withhold a "key piece of evidence," as was the case in *Tobias*. The only evidence Headwater raises in its Reply—including the Asserted Patents, the file histories, privilege log entries, and deposition testimony of Headwater's own witnesses—was evidence Headwater provided in discovery. *See id.* at 4-11.

Headwater's reliance on out-of-circuit district court decisions (*SPEX Technologies* and *MR Technologies GMBH*) is similarly misplaced. Both cases involved litigants that disclosed entirely new substantive theories or testing at the very end of discovery or after it closed, leaving the opposing party no meaningful opportunity to investigate, respond, or seek discovery. In *SPEX*, the court struck a non-infringement disclosure and a non-infringing alternative that were disclosed at the very end of fact discovery, depriving the plaintiff of any chance to test or rebut the new evidence. *SPEX Tech., Inc. v. W. Digital Corp.*, No. 8:16-CV-01799-JVS(AGRx), 2023 WL 6370926, at *4 (C.D. Cal. July 24, 2023). Likewise, in *MR Technologies*, the defendant disclosed new non-infringement theories days before discovery closed, based on untimely product testing that could have been conducted earlier. *MR Techs., GMBH v. W. Digital Techs., Inc.*, No. SA CV

4

22-01599 JVS-DFM, 2024 WL 4150797, at *2-3 (C.D. Cal. Apr. 1, 2024). There, the court emphasized the defendant's failure to justify the late disclosure and found that the plaintiff was prejudiced by being denied a fair chance to assess the new evidence and respond through discovery or depositions. *Id.*

This case presents no such circumstances. Samsung's prosecution laches defense was raised in multiple iterations of its Answer, incorporated into its interrogatory response, and based entirely on materials produced or available throughout the discovery period—most, if not all of which, was produced by Headwater. Opp. at 4-11. Headwater had every opportunity to explore and challenge the basis of this defense. Unlike in *SPEX* or *MR Technologies*, there is no late-breaking theory, no surprise evidence, and no discovery prejudice. Headwater's effort to analogize this case to those authorities fails because it ignores the key fact that all of the evidence underlying Samsung's defense has long been in the record and available for scrutiny.

Headwater's attempt to now characterize this longstanding defense as a surprise disclosure is not only inaccurate but also unsupported by the case law it cites. Headwater provides no valid basis to exclude Samsung's prosecution laches defense, and Headwater's motion should be denied.

5

Dated: August 12, 2025               Respectfully submitted,

By: */s/ Benjamin K. Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman

6

>CA Bar No. 317591
>Francis J. Albert (*pro hac vice*)
>CA Bar No. 247741
>**FISH & RICHARDSON P.C.**
>12860 El Camino Real Suite 400
>San Diego, CA 92130
>Telephone: (858) 678-5070
>SERVICEFRSamsung-Headwater@fr.com
>
>Melissa R. Smith
>State Bar No. 24001351
>Melissa@gillamsmithlaw.com
>**GILLAM & SMITH, LLP**
>303 South Washington Avenue
>Marshall, Texas 75670
>Telephone: (903) 934-8450
>
>Harry L. Gillam, Jr.
>State Bar No. 07921800
>**GILLAM & SMITH, LLP**
>102 N. College, Ste. 800
>Tyler, Texas 75702
>Telephone: (903) 934-8450
>
>Jon Hyland
>Texas Bar No. 24046131
>jhyland@hilgersgraben.com
>Grant K. Schmidt
>Texas Bar No. 24084579
>gschmidt@hilgersgraben.com
>**HILGERS GRABEN PLLC**
>7859 Walnut Hill Lane, Suite 335
>Dallas, Texas 75230
>Telephone: (972) 645-3097
>
>**ATTORNEYS FOR DEFENDANTS**
>**SAMSUNG ELECTRONICS CO., LTD. AND**
>**SAMSUNG ELECTRONICS AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 12, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin K. Thompson*