IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S SURREPLY IN SUPPORT OF ITS PARTIAL OPPOSITION TO HEADWATER RESEARCH LLC'S MOTION TO STRIKE PORTIONS OF THE EXPERT OPINIONS OF DR. DAN SCHONFELD [DKT. NO. 158]**

**PUBLIC VERSION**

# NOTES

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

A.  **There is No Valid Basis to Strike Dr. Schonfeld's "Cumulative" Opinions on the Prior Art Blackberry System, Which Are Relevant to Issues Beyond Inequitable Conduct**

Samsung expected its acquiescence to Headwater's requested relief on this issue would moot Headwater's motion, particularly given that Samsung, to narrow the case disputes, agreed to not pursue an inequitable conduct defense based on Blackberry prior art—i.e. Headwater's specific demand. Samsung sought only to preserve opinions in four of the targeted paragraphs[1] of Dr. Schonfeld's report (hereinafter the "cumulative paragraphs") because the opinions: (1) do not reference inequitable conduct, and (2) have separate relevance to the case. Headwater maintains its request to strike those paragraphs, but provides no valid basis to do so.

In response to Samsung's two above-stated reasons for preserving the cumulative paragraphs, Headwater contends that "[n]one of Samsung's arguments have merit." Reply at 1. Headwater then fails to contest either of Samsung's positions. Headwater instead agreed with Samsung that "[i]t might be the case that *the assertions Dr. Schonfeld made to support his inequitable conduct opinions are, incidentally, 'relevant' to other issues*, like prior art-based invalidity." Reply at 1. Not only that, for paragraphs 955 and 957, Headwater admits those paragraphs mirror opinions Dr. Schonfeld provided elsewhere in his report making those opinions, in Headwater's words, "*cumulative* as to the issue of public availability." *Id.* Headwater's only arguments for why these cumulative opinions should be stricken are because they are allegedly "improper assertions" that result in "improper prejudice." *Id.* at 2. Headwater does not explain why the opinions are "improper" or "prejudicial," nor could it. Given that the cumulative opinions, as Headwater concedes, appear elsewhere in Dr. Schonfeld's report, he will be permitted to offer the opinions at trial regardless of whether they are now stricken from one location in his report.

---

[1] The remaining disputed paragraphs are ¶¶ 955, 957, 985, and 986 from Dr. Schonfeld's Opening report.

1

Thus, striking the opinions serves no purpose other that to create potential confusion during trial about whether certain opinions are permitted or not.

Headwater's additional gripes relating to paragraphs 985 and 986 are similarly flawed. Those paragraphs acknowledge that the asserted '359 patent specification references Blackberry, that a POSITA at the time would have been familiar with Blackberry, and that it does not appear the patentee submitted specific information about Blackberry prior art features to the PTO during prosecution. Dkt. 158-2 at ¶¶ 985, 986. Again, Samsung has already agreed to not use these opinions in the context of inequitable conduct. And Headwater does not dispute these opinions have relevance to other case issues (e.g., the knowledge of a POSITA at the time of alleged invention). Headwater also does not argue that these opinions should have been, but were not, included in any discovery response Headwater served on issues other than inequitable conduct. Headwater's only apparent gripe with these opinions remaining in the case is that they appear in a "section XXI which is titled 'Inequitable Conduct.'" Reply at 1. That alone cannot justify exclusion, else experts would be forced to (1) repeat multi-purpose opinions *ad nauseum* throughout their report in every section to which the opinion could relate, and/or (2) remove section headings altogether at the expense of general organization.

Headwater does not contest that Dr. Schonfeld's opinions in ¶¶ 955, 957, 985, and 986 are relevant to issues beyond inequitable conduct and otherwise provides no valid basis to strike them.

**B.  Headwater Provides No Valid Reason to Strike Opinions With Relevance to Issues Beyond Non-Infringing Alternatives**

Samsung agreed to forego the specific subset of Dr. Schonfeld's non-infringing alternatives identified in Headwater's motion, but seeks to preserve several paragraphs containing opinions that apply equally to other issues remaining in the case—issues that are not the subject of Headwater's motion. To be clear, the proposed preserved opinions will not be used to present the

withdrawn "non-infringing alternatives," but—as Samsung stated in its opposition—the opinions may be offered on other issues where they have continued relevance, e.g. in support of Dr. Schonfeld's technical benefits analysis.

Headwater's opposition materially misstates Samsung's position, claiming that "Samsung refuses to withdraw portions of Dr. Schonfeld's associated opinions based on a false premise that *they do not relate to non-infringing alternatives*." Reply at 2. Samsung never argued the opinions it seeks to preserve do "not relate to non-infringing alternatives;" it argued that those opinions also relate to additional ongoing issues. Opp. at 4-5. Headwater's entire reply shadowboxes the position it falsely attributes to Samsung instead of rebutting Samsung's actual position.

For example, Headwater never disputes that Dr. Schonfeld's opinions in ¶¶ 719-721, 727, and 729-733 of his rebuttal report and paragraph 1015 of his opening report (the "disputed paragraphs") are relevant to issues beyond non-infringing alternatives. Indeed, all of these paragraphs overlap with, and in some cases provide additional details concerning, opinions Dr. Schonfeld provided in separate sections of his report—sections Headwater does not seek to strike. Opp at 4-5. Indeed, Dr. Schonfeld provided an extensive opinion rebutting Mr. de la Iglesia's technical benefits analysis by identifying modifications or alternatives to the patented technology, over which the alleged inventions have little, if any, incremental benefit. Headwater does not dispute that Dr. Schonfeld's technical benefits analysis described, or even incorporated by reference, the opinions that are the subject of paragraphs Headwater seeks to strike. For example, Dr. Schonfeld's technical benefits analysis included the following opinion on unasserted claim 22:

> By way of another example, *claim 22 recites "[t]he wireless end-user device of claim 1, wherein the differential traffic control policy defines that applications to which the policy applies can only have WWAN network access events during particular time windows."* This policy could be set such that cellular access was provided only during a very small window, which could be set to provide far less network access compared to the scenario Mr. de la Iglesia

3



PUBLIC VERSION

envisions of "restricting background applications that are not in active use by the user from using cellular data." That unenforceable technology of ***unenforceable claim 22 could be used to provide far greater battery and data savings than claim 26***, but Mr. de la Iglesia does not opine on that option.

Dkt. 158-3 at ¶ 708. Headwater does not seek to strike that opinion from Dr. Schonfeld's technical benefits analysis. Yet, Headwater demands that the nearly-identical opinion in paragraph 733:

> As another example, ***Claim 22 of the '359 patent recites: "The wireless end-user device of claim 1, wherein the differential traffic control policy defines that applications to which the policy applies can only have WWAN network access events during particular time windows."*** Claim 22 incorporates different limitations than those in Claim 26 (e.g., no requirement of "determin[ing] that the different application is an active application based on a user interaction with the different application"), and therefore a system built using the disclaimed features of Claim [22] would achieve similar outcomes but would not infringe the sole Asserted Claim. ***In fact, a system built using the disclaimed features of Claim [22] could provide a superior system to that of the Asserted Claim***.

Dkt. 158-3 at ¶ 733. Given that the disputed paragraphs contain opinions that: indisputably have relevance to issues that remain in the case, closely mirror separate opinions that Headwater does not seek to strike, and will not be used to argue "non-infringing alternatives," there is no reason to strike them.

Headwater does not contest that the opinions in the disputed paragraphs are separately relevant to Dr. Schonfeld's technical benefits analysis, nor does it argue that there is any prejudice to Headwater from Dr. Schonfeld presenting those opinions for that purpose alone. For these reasons, the Court should deny Headwater's motion in part to preserve the disputed paragraphs.

.

Dated: August 12, 2025                                      Respectfully submitted,

By:   */s/ Benjamin K. Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

5

John-Paul Fryckman
CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**



### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 12, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

<em>/s/ Benjamin K. Thompson</em>