# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S SURREPLY TO HEADWATER'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT INVALID FOR IMPROPER INVENTORSHIP [DKT. NO. 152]**

PUBLIC VERSION

## **TABLE OF CONTENTS**

A. Samsung is Not Required to Have Affirmatively Proved Up the Correct Priority Dates to Avoid Summary Judgment ......................................................................... 1

B. Material Disputes Exist Concerning Ms. Stark's Technical Contributions to Asserted Patents ................................................................................................................ 2

C. Headwater's Inconsistent Statements to the PTO About Ms. Stark ....................... 3

PUBLIC VERSION

# NOTES

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

Headwater seeks summary judgment on Samsung's improper inventorship defense, despite the fact that the parties have yet to hear testimony from the omitted inventor, Ms. Lisa Stark, who may testify at trial in this case. With or without Ms. Stark's testimony, material factual disputes exist that preclude summary judgment, including facts concerning, at least: (1) Ms. Stark's contributions to the alleged inventions, and (2) whether the '110 and '359 patents are entitled to the priority dates Headwater alleges. Headwater proposes the Court resolve the existing factual disputes in Headwater's favor, before ever hearing from Ms. Stark, even though Headwater is the party moving for summary judgment. Headwater's motion should be denied.

### A. Samsung is Not Required to Have Affirmatively Proved Up the Correct Priority Dates to Avoid Summary Judgment

In its Reply, Headwater's shifts position on what evidence it argues Samsung must present to avoid summary judgment on Samsung's inventorship defense, but Headwater's arguments remain unsupportable. Headwater initially, incorrectly represented that Samsung did not dispute the priority dates that Headwater alleges for the '110 and '359 patents. Dkt. 152 at 2 (SUMF 3, 4). Headwater repeats similar mischaracterizations in its Reply. Reply (Dkt. 188) at 1 (stating "Samsung in its Opposition comes up with *a new argument*: it says now that the '110 and '359 patents are not entitled to priority to, respectively, the '354 and '022 applications"). As shown in Samsung's Opposition (Dkt. 172 at 7-8), Headwater's declaration that Samsung was not contesting the alleged priority dates was demonstrably false. *See e.g.*, Dkt. 172-2 at ¶¶ 189-192 (Samsung's technical expert opining, e.g., that the alleged priority application, "the '354 Application lacks written description support for the Asserted Patents.").[1] Thus, Headwater shifts to a new argument.

---

[1] Headwater argues that Dr. Schonfeld's written description opinions are unrelated to the Asserted Patents' priority dates, but Headwater's argument is legally incorrect. Reply at 2*; see Paice LLC v. Ford Motor Co.*, 881 F.3d 894, 906 (Fed. Cir. 2018) ("For claims to be entitled to a

1

Headwater now wrongly contends that even though Dr. Schonfeld disputes Headwater's alleged priority dates, he must also affirmatively prove up some alternative, correct dates or else summary judgment is required. Reply at 2 ("Dr. Schonfeld has not offered any opinion (or analysis) suggesting that there is any other priority date that is the 'correct' or operable priority date for the '110 or '359 patents, ***which is what Samsung otherwise requires*** to credibly oppose the Motion."). Headwater cites no caselaw supporting this proposed standard. Nor could it because no such analysis is required. It is Headwater that argues Ms. Stark cannot be an inventor because of Headwater's alleged patent priority dates and her purported employment timeline. Dr. Schonfeld's opinions that the Asserted Patents are not entitled to those alleged priority dates creates a factual dispute, which if resolved in Samsung's favor, would negate Headwater's rebuttal. Headwater provides no reason why Dr. Schonfeld—in order to contest Headwater's proposed priority dates—must do further analysis and affirmatively identify a later priority date from among the dozens of alleged priority applications identified in, for example, the asserted '359 patent.

Given the apparent factual dispute over the appropriate priority date for the '110 and '359 patents, Headwater's motion should be denied on that basis alone.

**B.      Material Disputes Exist Concerning Ms. Stark's Technical Contributions to Asserted Patents**

Headwater's Reply confirms that the parties also dispute facts surrounding Ms. Stark's technical contributions to the '110 and '359 patents. For example, Samsung uncovered evidence supporting Ms. Stark's inventorship in the form of an unasserted Headwater patent that: (1) names Ms. Stark as an inventor and (2) claims technical concepts overlapping with the asserted '110 and '359 patents—where Ms. Stark was omitted. Reply at 2-3. Headwater disputes the factual

---

priority date of an earlier-filed application, the application must provide adequate written description support for the later-claimed limitations.").

2

evidence and contends that the technological overlap and inconsistent identification of named inventors "***does not establish*** that Stark also meaningfully contributed in the reduction to practice or conception of the earlier-filed '110 and '359 patents." *Id.* at 3. But conclusively "establishing" Ms. Stark's inventorship is not Samsung's burden at the summary judgment stage. It is Headwater's burden to show no factual disputes exist and prove no reasonable jury could conclude Ms. Stark should have been a named inventor—all before Ms. Stark has even provided testimony.

Headwater disregards, without explanation, additional evidence of Ms. Stark's contributions to the alleged inventions of the '110 and '359 patents, including deposition testimony and emails between Ms. Stark and named inventors relating to claimed subject matter. Dkt. 172 at 6-7. Headwater claims that "Samsung's citations to deposition testimony and other evidence are unavailing," but does not say why. Reply at 3. Headwater's conclusory dismissal of relevant facts cannot support its request for summary judgement.

Headwater's also ignores completely that Ms. Stark may appear to testify at trial, e.g., to provide further facts supporting Samsung's improper inventorship defense. Headwater chose to not depose Ms. Stark during discovery despite Samsung identifying her as a person with "[k]nowledge about the Asserted Patents (including conception and reduction to practice)…." Dkt. 151-13 at 8. Neither Headwater's Motion or Reply address this possibility.

Factual disputes regarding the level of Ms. Stark's technical contribution (including conception) of the alleged inventions of the '110 and '359 patents also precludes summary judgment.

    C.    **Headwater's Inconsistent Statements to the PTO About Ms. Stark**

Headwater spends most of its Reply addressing an issue it contends is "irrelevant to the inventorship issues for the '110 and '359 patents" (Reply at 5), specifically, statements Headwater made to the PTO that directly contradict arguments in its Motion. While Samsung agrees that, in

3

general, a patentee's statements during prosecution of one patent do not necessarily bear on inventorship issues for another patent, Headwater's primary argument in support of its motion put squarely at issue its contradictory POT representations, which Samsung rebutted.

Headwater contends that Samsung's rebuttal constitutes "convoluted attorney argument" (Reply at 5), but it is actually quite simple. Headwater, in accordance with its misstatement that Samsung did not challenge the relevant patents' alleged priority dates, argues it was impossible for Ms. Stark to have contributed to conception of the '110 or '359 patents because their alleged 2009 and 2010 priority dates pre-date her employment at ItsOn, i.e. the company where the alleged inventions were purportedly conceived. Mot. at 3 ("Stark could not have contributed, as a logical matter, to either the conception or reduction to practice of inventions whose conception and reduction to practice had been completed before she even joined ItsOn"). Given that Samsung does, indeed, contest those priority dates, Headwater's argument fails before going further. Setting that aside, Samsung uncovered a Headwater submission to the Patent Office, wherein Headwater took the exact opposite position it takes here. Headwater ***told the Patent Office that a patent application naming Ms. Stark as an inventor was entitled to a 2009 priority date***, i.e., a date that likewise predates Ms. Stark's alleged ItsOn start date. Dkt. 172 at 8-9. In other words, when Headwater was trying to convince the Patent Office to grant an unasserted Headwater patent over cited prior art, it either (1) believed it was indeed possible for Ms. Stark to have conceived of ideas claimed in Headwater patents during the 2009 timeframe, or (2) it misled the Patent Office.

Headwater tries to explain away this inconsistency by claiming "the patentee in the '813 application [i.e. the application naming Ms. Stark as inventor] ***did not argue that the 2010-dated Oerton reference was not prior art because the rejected claims were entitled to a priority date in***

4

*March 2009.*" Reply at 4. Headwater's statements to the Patent Office, however, are unambiguous and speak for themselves:

> *Response to Rejection under 35 U.S.C. § 103*
>
> Claims 1-11 were rejected under 35 U.S.C. § 103 as unpatentable over US 2008/0039102 ("Sewall") in view of US 2011/0294502 ("Oerton"). Applicant respectfully traverses the assertion that the effective filing date of claim 1 is December 5, 2013, and thus Oerton is prior art. Further comments regarding the content of the rejection are also presented in order to advance prosecution.
>
> The present application claims priority to U.S. 12/380,780, now U.S. Pat. No. 8,839,388 (which also claims priority to four provisional applications that may establish an earlier priority date, but for current purposes Applicant has not performed such analysis). The '780 application was filed on March 2, 2009. The earliest possible priority date for subject matter in Oerton is May 31, 2010.
>
> Applicant respectfully submits that Oerton as applied to the rejection of claims 1-11 is not prior art to the subject matter of such claims, and thus a *prima facie* case of obviousness is missing.
>
> In addition to the fact that Oerton is not prior art, the lack of the preceding elements in Sewall provides further deficiencies in establishing a *prima facie* case of obviousness.

Dkt. 172-1 at PDF pg. 20-21 (excerpts from the File History of the '780 application naming Ms. Stark as inventor). Again, Samsung is not using these Headwater statements as affirmative evidence to prove Ms. Stark is an inventor on an Asserted Patent, but only to respond to Headwater's contradictory position in this case, namely, that—assuming Headwater's alleged Asserted Patent priority dates were correct (they are not)—it would be impossible for Ms. Stark to have been a contributing inventor.

*****

Based on the above, Samsung submits that disputes of material fact exist which preclude summary judgment and Headwater's motion should be denied.

Dated: August 12, 2025          Respectfully submitted,

By:  */s/ Benjamin K. Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman

6

CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 12, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin K. Thompson*