**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S SURREPLY IN OPPOSITION TO HEADWATER'S OPPOSED
MOTION TO STRIKE CERTAIN OPINIONS OF SAMSUNG'S DAMAGES
<u>EXPERT M. RAY PERRYMAN, PHD [DKT. NO. 157]</u>**

## EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| 11 | Excerpts from Trial Transcripts from *Headwater Research, LLC v. Samsung Electronics Co., Ltd., et al., Case No. 2:22-cv-00422-JRG* |
| 12 | Excerpts from the Expert Report of Dr. Richard D. Wesel, dated March 29, 2024, from *Headwater Research, LLC v. Samsung Electronics Co., Ltd., et al., Case No. 2:22-cv-00422-JRG* |

I. **THE COURT HAS REPEATEDLY HELD THE ███████████████ ███████ IS RELEVANT AND PROBATIVE OF A REASONABLE ROYALTY**

In each of the *Headwater* cases that have proceeded this case through pretrial, this Court has repeatedly held that the ███████████████████████ is relevant and probative of a reasonable royalty.[1] As recently as last week—when Headwater again sought to strike a damages expert's reliance on the ██████████—the Court unequivocally rejected the request. Specifically, the Court held that it "has already ruled that the ██ has relevance as an indication of Headwater's willingness to accept that purchase price at that point in time. . . . Accordingly, the Court rejects Headwater's request to exclude these opinions as irrelevant." *Headwater Research LLC v. AT&T Inc. et al*, 2-23-cv-00397, Dkt. 284 at 5-6 (August 6, 2025) (citations omitted).

Nothing in this case warrants a different result. Headwater has identified no new facts or law in its Motion or Reply that would justify departing from the Court's consistent rulings on this issue. Indeed, allowing the ██████████ into evidence here promotes consistency across the *Headwater* cases, avoids relitigating settled issues, and ensures that the jury hears the full range of relevant, probative market evidence bearing on a reasonable royalty. Dr. Perryman's opinions regarding the ██████████ are firmly grounded in this Court's prior relevance determinations and in the undisputed terms of the agreement itself. For these reasons, his opinions should not be stricken, and the ██████████ should be admitted.

Samsung has already agreed that it will not speculate as to ***why*** the ██████████ was never consummated in this case. Dkt. 174 at 2. But Headwater has argued that, regardless of the fact that Headwater signed the agreement, the ███ was never consummated, and Headwater never

---

[1] *See Headwater I*, Dkt. 435 (Order); *Headwater Research LLC v. Verizon Comm'ns Inc.*, No. 2:23-cv-352, Dkt. 302 at 2, *Headwater Research LLC v. AT&T Inc. et al*, 2-23-cv-00397, Dkt. 284 at 5-6 (August 6, 2025). Notably, in *Headwater II*, Headwater conceded the relevance of the ██████████ and the parties placed the agreement on the joint exhibit list.

actually completed the deal, so it cannot be relevant to—or indicative of—a reasonable royalty. *See, e.g.*, Dkt. 153-1 (Dell Rpt.) at ¶¶ 107-08 ▮

▮ That argument makes the ▮ directly relevant: the plain language of the agreement explains *who* held the contractual right not to proceed. Dkt. 157-2 (Perryman Rpt.) at ¶¶ 142, 344, 367. ▮

Dr. Perryman's opinions are not (and will not be), as Headwater claims, improper interpretations of the agreement. Dkt. 184 at 3. Rather, they are factual recitations of the ▮ express provisions—provisions that Headwater itself agreed to when it signed and bound itself to the terms of that document. Dkt. 157-5 at §§ 4, 6. ▮

## II. THAT ITSON ALLEGEDLY PRACTICED THE ASSERTED PATENTS RENDERS OFFERS FOR ITSON RELEVANT

Headwater maintains that it intends to tell the jury that ItsOn's software practiced the asserted patents. ▮

▮ the parties during any hypothetical negotiation for these asserted patents would weigh and consider offers to purchase ItsOn, or the lack thereof, in evaluating the parties' bargaining

positions. Dr. Perryman uses the evidence to do just that, as he was permitted to do in *Headwater II*. Dkt. 174-2 (*Headwater II*, Trial Tr.) at 961:15-962:13. Samsung has also confirmed it will abide by the same stipulation to not refer to the ***amount*** of any offers from ▮▮▮▮▮ ▮▮▮▮▮ which will limit any risk of misleading the jury. With that stipulation, the remainder of Dr. Perryman's opinions regarding offers to purchase ItsOn remain relevant, admissible, and not unfairly prejudicial.

### III. THE SIPPL EVIDENCE ESTABLISHES RELEVANCE OF ▮▮▮▮▮

The new testimony and documents provided by Mr. Sippl on the ▮▮▮▮▮ directly addresses one of the Court's primary concerns. In a prior order, without the benefit of this evidence, the Court initially excluded the offer, stating that "[t]he investment value of the company that owns the patents has no real relationship to the royalty." *Headwater I,* Dkt. 482 at 1. However, Mr. Sippl, a Headwater board member and head of the finance company that prepared the valuation, has now offered sworn testimony that the valuation was in fact ▮▮▮▮▮ ▮▮▮▮▮ o." Dkt. 174-5 (Sippl Dep.) at 55:16-56:19. The prospects of any patent portfolio are necessarily licensing royalties and/or sale, and therefore Mr. Sippl ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮, Dr. Perryman does not use the valuation to directly opine on the royalty rate for the 3 asserted patents. Rather he opines, based on Mr. Sippl's testimony, that the total valuation should serve as a reasonableness check on any ultimate damages amount. Dkt. 157-2 (Perryman Rpt.) ¶¶ 161-62.

Headwater's additional complaint that the ▮▮▮▮▮ lacks relevance because ▮▮▮▮▮ is two years after the agreed hypothetical negotiation date is legally incorrect, as Headwater's own damages expert confirms. Dkt. 153-1 (Dell Rpt.) ¶ 67, n.98 ("I understand

3

that in considering and analyzing the *Georgia-Pacific* factors, the use of the 'Book of Wisdom' allows for consideration of certain events and facts that happened subsequent to the date of the hypothetical negotiation."). Thus, the Court should deny Headwater's request to exclude Dr. Perryman's opinions concerning the ▮▮▮▮▮▮▮▮▮▮

## IV. THE *HEADWATER I* VERDICT INFORMS THE PARTIES' BARGAINING POSITIONS AT THE HYPOTHETICAL NEGOTIATION

While Headwater (wrongly) claims Samsung cannot explain why the *Headwater I* verdict is relevant, it is Headwater—and its experts—that made the *Headwater I* verdict relevant to this case. To opine on the benefits of the patents in this case, Headwater's technical expert (Mr. de la Iglesia) relies on testing done by Dr. Wesel in *Headwater I* that was designed to "focus on the benefits directly enabled by the patented technologies, including [Headwater's] 976 Patent Claim 1"—not the patents in this case. Ex. 11 (*Headwater I,* Wesel Op. Rpt.) at ¶ 2365. Moreover, Dr. Wesel in *Headwater I* relied **on the same testing** referenced in Mr. de la Iglesia's report in this case to allege that the benefits of the accused features in *Headwater I* stemmed from the then-asserted *Headwater I* patents. Ex. 12 (*Headwater I,* Trial Tr. (Day 2)) at 348:1-365:4. Dkt. 151-2 (De le Iglesia Rpt.) at ¶¶ 632-633, 649. Dr. Wesel testified in *Headwater I* that his testing confirmed infringement (Ex. 12 at 348), but the jury found no infringement of any accused features, which are the same accused features in this case.

Because Headwater relies on the ***same*** technical analysis here as it did in *Headwater I*, Dr. Perryman is entitled to evaluate the effect of the *Headwater I* verdict on the hypothetical negotiation in this case. As Dr. Perryman explains, at the time of the negotiation, the parties would have recognized that Headwater was again relying on the same "incremental benefits" testing it used in *Headwater I* for different patents, without performing any apportionment to isolate the value of the patent at issue there from the purported value of the three patents asserted here. Dkt.

4

157-2 (Perryman Rpt.) ¶¶ 166–67. This failure to apportion would matter greatly to Samsung, because it means the claimed value of the technology in this case is inseparably tied to a prior claim that a jury rejected. Moreover, the parties would know that this same testing had already been presented to a jury as proof of both technical benefits and infringement in *Headwater I*, and that Samsung was ultimately found ***not*** to infringe. That real-world outcome would directly inform the parties' expectations—signaling that the testing may not be credible evidence of meaningful benefits for the Headwater patents—and would thus temper any royalty demand. Dkt. 157-2 (Perryman Rpt.) ¶¶ 166–67.

Despite Headwater's pleas, there is no relevance of the jury-determined damages from *Headwater II* in this case. Headwater's own damages expert concedes that the $278 million verdict is relevant solely to support Dr. Raleigh's self-serving claim about the value of ▇▇▇▇▇ ▇▇▇—but Mr. Dell provides no evidence showing how, or whether, that verdict would have affected ▇▇▇▇▇▇▇▇ or the parties' expectations at the hypothetical negotiation. Dkt. 153-1 (Dell Rpt.) at fn. 190. As Samsung has already set forth in its Opposition as well as its separate Motion to Strike Mr. Dell's opinions, the *Headwater II* verdict is irrelevant to any issues in this case.

\*     \*     \*     \*

For the foregoing reasons, Headwater's motion to strike portions of Dr. Perryman's opinions should be denied as to all bases which Samsung has not agreed to stipulate.

Dated: August 12, 2025

Respectfully submitted,

By: /s/ Thad C. Kodish
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780

5

Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman
CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070

6

SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 12, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Thad C. Kodish