**PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY TO ITS *DAUBERT* MOTION AND
MOTION TO STRIKE EXPERT REPORT OF DR. ANDREAS GROEHN
[DKT. NO. 148]**

**PUBLIC VERSION**

Headwater's opposition fails to respond to Dr. Groehn's lack of a clear, reliable methodology for selecting the variables used in the survey. *See, e.g.,* Dkt. 148-2 at 105:10-113:20. Headwater agrees that it is necessary to carefully select the "dummy attributes" or variables in survey design, Dkt. 168 at 3, but still fails to carry its burden to show where or how Dr. Groehn disclosed any such specific methodology. Dr. Groehn's report disclosure of his variable selection process is internally inconsistent and unclear. Dr. Groehn's deposition testimony makes his report disclosure *less* clear. Therefore, what is clear is that Dr. Groehn's survey lacks the "reliable principles and methods" required for admission under Fed. R. Evid. 702.

Further, Dr. Groehn's analysis remains unhelpful "to the trier of fact to understand the evidence," and is not a "reliable application of the principles and methods to the facts of the case," F.R.E. 702, because Dr. Groehn has utterly failed to use or be aware of any "facts of the case." *See, e.g.,* Dkt. 148-2 at 62:7-64:8, 72:19-25, 73:6-75:6. Headwater and Dr. Groehn have admitted as much. Dkt. 168 at 10. Instead, Headwater claims analyzing "battery life"—subjectively defined and in a vacuum—is sufficient to meet the requirements of F.R.E. 702. It is not, particularly where Dr. Groehn has failed to define "battery life" in an objective, reliable, consistently applied manner that is relevant to *this case*. Headwater and Dr. Groehn have likewise failed to demonstrate that conjoint analysis is an appropriate, reliable tool for estimating price in this case. Headwater's failure to establish that Dr. Groehn's "battery life" survey and conjoint analysis based thereon meets the requirements of F.R.E. 702 requires exclusion.

**I.      Headwater Fails to Carry its Burden to Show Dr. Groehn has a Reliable Variable Selection Methodology**

Headwater offers no explanation or clarification to address Dr. Groehn's failure to implement a clear methodology for the selection of variables for his survey. Instead, Headwater ignores the deficiency in Dr. Groehn's methodology, pointing again only to the deficient

1

disclosure: "Dr. Groehn's report further explains that he selected attributes frequently featured on the store pages, literature, and product comparison tools of Samsung, Apple, and Motorola. *Id.* at ¶¶ 32-33, 40 (choosing to test seven attributes based on literature guidance)." Dkt. 168 at 13.  This is precisely the problem: Dr. Groehn nowhere discloses his method for choosing these seven attributes based on his "literature guidance."

As the Federal Circuit recently reiterated, Fed. R. Evid. 702 requires the trial court in its gatekeeping capacity to scrutinize the reliability of a proffered expert's methodology: "[t]he 2000 amendment added the three reliability-based requirements for admissibility of expert testimony: it must be based on sufficient facts or data, it must be the product of reliable principles and ***methods***, and those principles and ***methods*** must be reliably applied.  These changes 'affirm[ed] the trial court's role as gatekeeper and provide[d] some general standards that the trial court must use to assess the reliability and helpfulness of proffered expert testimony.'" *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1339 (Fed. Cir. 2025) (emphasis added). *Id.*  Further, the Court reiterated that "Rule 702 was amended to clarify that the proponent of expert testimony bears the burden of establishing its admissibility. . . ." 137 F.4th at 1339.

First, Dr. Groehn's "literature" is thirteen web pages and product comparison tools selected from Samsung, Apple, and Motorola by Dr. Groehn without explanation for reasons for the selection of these particular phone models for inclusion. Dkt. 146-1 at ¶40, Table 1, and Ex. B ("Sources").  After reviewing this "literature," Dr. Groehn's Para. 40 ***states*** that "attributes included in the pilot survey were selected from those most frequently featured on the store pages and product comparison tools of Samsung, Apple, and Motorola (Table 1)," and that a "detailed worksheet with the various attributes and their standardization is included in Exhibit B." Dkt. 148-1 at ¶40.  But, Exhibit B ***does not*** include the attributes that were actually used, as they were

2

phrased, in the pilot survey, so Exhibit B does not disclose "the attributes included in the pilot survey" as Para. 40 asserts, nor how Dr. Groehn used Exhibit B to make his final selections (if at all). *Compare* Dkt. 148-1 at Fig. 10 with Exhibit B (for example, Fig. 10, the pilot survey results, lists "storage capacity," "body size," and "body color" as tested attributes, but these specific phrases do not appear in either the "Full Attribute" or "Short Attribute" lists in Exhibit B); Dkt. 148-2 at 105:10-113:20.

Para. 40 further asserts that the attributes observed from the "literature" were "subsequently bucketed into more general attributes (i.e., camera performance) such that the number of attributes in the Pilot Survey did not exceed twenty to avoid response fatigue," implying that the "short attribute" list in Exhibit B was used for the pilot survey variables. It was not. Dkt. 148-2 at 108:12-109:11, 110:17-112:11. Again, Exhibit B's short attribute list does not match the attributes tested in the pilot survey. Therefore, nothing in Dr. Groehn's report discloses a clear methodology (let alone a reliable one) which Dr. Groehn used to go from his review of several web pages to his selection of specific pilot survey attributes.

Finally, the purported bucketing and tallying of the number of instances similar attributes in the "Short Attribute" column of Exhibit B is another red herring. Dr. Groehn does not use the number of times an attribute appears on a web page to determine whether it is included in his pilot survey. Dr. Groehn did not select only the highest ranking attributes from the "Short Attribute" column nor from the "Full Attributes." Rather, Dr. Groehn appears to have picked at random phrases that are arguably somewhat related to phrases he saw when reviewing 13 web pages to use as his pilot survey attributes, untethered to any analysis provided in Exhibit B. Importantly, Dr. Groehn selected his conjoint survey attributes from his 17 pilot survey attributes. In short, Headwater asks the Court to find that simply because Dr. Groehn provided an "entire worksheet"

3

that he must have adequately disclosed his variable selection methodology, which underpins his entire survey-based opinions, without actually confirming that Exhibit B provides the information Dr. Groehn says it does. Dkt. 168 at 14.

Dr. Groehn's failure to disclose and inability to articulate his methodology for variable selection in his survey is akin to the expert opinion excluded by the Southern District of Texas in *Stevens v. Ford Motor Co.,* No. 2:18-CV-00456, 2022 WL 19978265, at *10 (S.D. Tex. Sept. 29, 2022). In a class action suit, the Southern District excluded plaintiff's economic damages expert under Fed. R. Evid. 702 for lack of a reliable methodology to quantify damages for a Ford vehicle part failure. In *Stevens*, the court found that the expert failed to provide a reliable method to achieve the first step in his analysis: he failed to disclose or identify a methodology for actually calculating the typical repair costs for the failure of the vehicle part at issue. *Id.* at *7-11. This is parallel to Dr. Groehn's failure to disclose the methodology used for the first step in his survey-based analysis: selecting the attributes to survey. In *Stevens,* Ford argued, and the court agreed that, "[a]lthough Mr. Stockton lists a variety of data sources on which he intends to rely, Ford argues that 'Mr. Stockton has done no damages calculations or developed a formula tying together the ... data sources on which he will need to rely'. . . .," mirroring Dr. Groehn's listing of web pages without clear explanation of how he actually uses this information. *Stevens*, 2022 WL 19978265, at *9. The Court explained the deficiency, stating, "[v]itally, however, Mr. Stockton shows neither how he will use the various data points to conduct his analysis nor how—after analyzing the data points—he could calculate those repair costs," finding the expert should be excluded for not demonstrating a reliable methodology. *Id.* at *10-11.

Headwater misapprehends Samsung's primary argument with Dr. Groehn's variable selection. Dkt. 168 at 14-15. It is not merely that Dr. Groehn made a questionable selection to

4

include one particular attribute or omitted others.[1]  Rather, as shown above, Dr. Groehn lacks any variable selection methodology writ large, making all of his selections, inclusions, and omissions unreliable and baseless.  Thus, like *Stevens,* the Court should find Dr. Groehn's lack of variable selection methodology requires exclusion of all his opinions under F.R.E. 702.

## II.     Headwater Fails to Carry its Burden to Show Application to the Facts of the Case

Dr. Groehn's analysis remains unhelpful "to the trier of fact to understand the evidence," and is not a "reliable application of the principles and methods to the facts of the case," F.R.E. 702, because Dr. Groehn has utterly failed to use or be aware of any "facts of the case."  Dr. Groehn's ***third*** use of the same old survey is itself proof of Dr. Groehn's failure to tie his analysis to the "facts of the case."  Headwater asserts that analyzing "battery life"—in a vacuum—is sufficient to meet the requirements of F.R.E. 702.  It is not, particularly where Dr. Groehn failed to define "battery life" in an objective, reliable, consistently applied manner.  Headwater has failed to carry its burden of demonstrating that the "battery life" surveyed and analyzed by Dr. Groehn is relevant to the specific battery life aspects and performance at issue ***in this case*** because he had no knowledge of the specific accused features, how they purportedly save battery life (or not), nor how Samsung itself regularly advertises battery life. *See, e.g.,* Dkt. 148-2 at 58:10-59:17, 61:7-10, 62:7-64:8, 66:7-70:8, 73:6-75:6; *id.* at 72:19-25 (agreeing he did not provide "any calculation of extra profit that is attributable to any particular accused feature in this case").

Headwater and Dr. Groehn have likewise failed to demonstrate that the present use of conjoint analysis is reliable and appropriate for estimating price in this case.  For the foregoing reasons and all the reasons in Dkt. 148, Samsung respectfully requests the Court exclude Dr. Groehn's opinions.

---

[1] The citation to *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1369 (Fed. Cir. 2013), which relates to injunctive relief for trade dress, does not appear relevant to any issue here.

5

Dated: August 4, 2025                                           Respectfully submitted,

                                                         By:   */s/ Thad C. Kodish*
                                                              Ruffin B. Cordell
                                                              TX Bar No. 04820550
                                                              Michael J. McKeon
                                                              DC Bar No. 459780
                                                              Jared Hartzman (*pro hac vice*)
                                                              DC Bar No. 1034255
                                                              Brendan F. McLaughlin
                                                              DC Bar No. 1671658
                                                             **FISH & RICHARDSON P.C.**
                                                              1000 Maine Avenue, SW, Ste 1000
                                                              Washington, D.C. 20024
                                                              Telephone: (202) 783-5070
                                                              SERVICEFRSamsung-Headwater@fr.com

                                                              Thad C. Kodish
                                                              GA Bar No. 427603
                                                              Sara C. Fish
                                                              GA Bar No. 873853
                                                              Christopher O. Green
                                                              GA Bar No. 037617
                                                              Benjamin K. Thompson
                                                              GA Bar No. 633211
                                                              Steffen C. Lake
                                                              GA Bar No. 512272
                                                              Ashley A. Bolt
                                                              GA Bar No. 231197
                                                              Noah C. Graubart
                                                              GA Bar No. 141862
                                                              Erin P. Alper
                                                              GA Bar No. 940408
                                                              Peter Hong (*pro hac vice*)
                                                              GA Bar No. 365188
                                                              Katherine H. Reardon
                                                              NY Bar No. 5196910
                                                              Kevin Collareno (*pro hac vice*)
                                                              GA Bar No. 914951
                                                              **FISH & RICHARDSON P.C.**
                                                              1180 Peachtree St. NE, Fl. 21
                                                              Atlanta, GA 30309
                                                              Telephone: (404) 892-5005
                                                              SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman
CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

7



**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 4, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s Thad C. Kodish*
Thad C. Kodish