IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY TO ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT OF ISSUE PRECLUSION [DKT. NO. 154]**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. RESPONSE TO REBUTTAL STATEMENT OF ALLEGED MATERIAL FACTS ....... 1

III. ARGUMENT ......................................................................................................................... 1

    A.    Headwater Cannot Credibly Dispute that the Same Technical Issue the Jury Resolved in Samsung's Favor in HW1 Will Be Relitigated in HW3, Unless this Motion is Granted .................................................................................................... 1

    B.    Headwater Attempts to Avoid Preclusion by Focusing on Non-material Alleged Differences and Unsupported Speculation ............................................................. 3

IV. CONCLUSION ...................................................................................................................... 5

**PUBLIC VERSION**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*,
  70 F. Supp. 3d 808 (E.D. Tex. 2014) ............................................................................................5

*Prager v. El Paso Nat'l Bank*,
  417 F.2d 1111 (5th Cir. 1969) .......................................................................................................5

*SimpleAir, Inc. v. Google LLC*,
  884 F.3d 1160 (Fed. Cir. 2018) .....................................................................................................1

**EXHIBIT INDEX AND NOTES**

| Exhibit | Description |
|---|---|
| 7 | Excerpts from Trial Transcripts, from HW1 |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" or "HW" refers to Plaintiff and its purported predecessors, and "Samsung" refers to Defendants. "HW1" refers to case 2:22-CV-00422-JRG-RSP ("HW1"). The "'976 patent" refers to U.S. Patent 9,143,976 asserted in HW1. The "'359 patent" refers to U.S. Patent 9,179,359 asserted in this case. "UMF" refers to Undisputed Material Fact.

## I.   INTRODUCTION

Preclusion implicates "the weighty policies of judicial economy and fairness to parties." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1169 (Fed. Cir. 2018).  Those policies weigh particularly heavily where Headwater has filed a barrage of serial litigation against Samsung and is now attempting to relitigate an issue it lost before the jury in the first case.  The policies of the *Kessler* doctrine are also at issue.  Once products acquire "non-infringing status," they should be subject to repose.  No good reason exists to have the parties and the Court expend resources revisiting a dispute resolved in HW1.  Samsung's motion should be granted.

## II.   RESPONSE TO REBUTTAL STATEMENT OF ALLEGED MATERIAL FACTS

1-2.   Admitted that the '976 and '359 patents are not identical patents, but denied that this is a "material" fact.

3.   Admitted that there has been no construction of the claim 26 limitation "based on user interaction," and Samsung is not seeking any such construction, but denied that this is a "material" fact.

4.   Admitted that the jury verdict form in HW1 did not include an entry for the jury to describe why it found non-infringement in Samsung's favor.

5.   Admitted that newer devices are included in this case as compared to HW1. Otherwise denied, at least because Headwater now contends in this case that its allegations are against the Android's "Network Policy," which is the same allegation it made in HW1.

## III.   ARGUMENT

### A.   Headwater Cannot Credibly Dispute that the Same Technical Issue the Jury Resolved in Samsung's Favor in HW1 Will Be Relitigated in HW3, Unless this Motion is Granted

Headwater's opposition only confirms its plans to re-assert, though its technical expert in this case, Mr. de la Iglesia, the same flawed technical arguments regarding the accused features

1

that the jury rejected in HW1.

Indeed, Headwater confirmed that its infringement theory in this case, just like HW1, will allege the Android "Network Policy" is the "differential traffic control policy" of the asserted claims—a claim requirement shared by the '976 patent from HW1 and the '359 patent in this case. Compare Dkt. 175 at 1 ("The Android Operating System includes **"Network Policy," i.e., differential traffic control policy** software for controlling network traffic.") with Ex. 7 at 148:24-25 ("Their [i.e. Samsung's] *differential traffic control policy is called network policy*.").

Headwater will also argue, again in this case just like it did (unsuccessfully) in HW1, that the Android "Network Policy" blocks or allows an application's network access, e.g. cellular network access, based on a determination of user "interaction" with that application[1]:

In HW1 (Ex. 7 at 301:21-25):

> Q.    And *what does the invention require* regarding the apps that are classified as not interacting?
>
> A.    The *apps that are classified as not interacting*, the ones that are in the red box, *are disallowed from accessing the mobile cellular radio*.

In this case, Headwater's expert contends:

> The "inventions claimed in the '359 Patent are directed to wireless end-user devices that conserve power by selectively *controlling access to wireless wide-area networks (WWANs) [i.e. cellular networks] for* different device *applications based on user interaction*." Dkt. 151-9 at ¶ 86.
>
> The rules in Network Policy are configured for several modes of operation to *allow cellular network access to a requesting application* that is considered by Android OS to be an active application *based on a user interaction* with the application and to *block cellular network access for another*. Dkt. 175 at 13 (citing Mr. de la Iglesia Opening Report).

---

[1]    As set forth in Samsung's opening brief, Headwater's argument regarding "interaction" in this case is premised on a mistaken, tardy claim construction for claim 26—a construction that is inconsistent with the plain claim language. Nevertheless, if that claim construction is not stricken or rejected, then Headwater's application of claim 26 will align the technical issues in this case with those from HW1.

2

Samsung's sole non-infringement defense, and corresponding supporting evidence in HW1, was directed to successfully disproving that the accused Android "Network Policy" applied policies based on application "interaction." Dkt. 154 at 2, 5 (SUMF ¶¶ 3, 17).

Diving deeper into the technical arguments Headwater plans to pursue at trial in this case only further reveals the overlap in technical issues Headwater intends to relitigate. Headwater states "[h]ere, Headwater's expert opines that the *TOP* or *resumed* process state [in the accused Android devices] shows that the 'different application' is determined to be an 'active application' based on 'a user *interaction* with the different application.'" Opp. at 10. Meaning, Headwater hopes to convince the jury in this case that Android applications that are in a *TOP* state as a result of being *resumed* have been classified by Android based on *interaction*. But Headwater's expert made, and the jury rejected, this same argument in HW1, where Headwater's expert opined "this is additional evidence from Android documentation that -- well, *onResume* is the function that takes an activity to the *top*. So this is further evidence from Android documentation that the *top* activity is a state in which the app *interacts* with the user." Ex. 7 at 314:15-19.

The policies underlying preclusion doctrines, like those applicable here, would be eroded if Headwater is granted a do-over to reassert these same arguments before a new jury in this case.

    **B.**    **Headwater Attempts to Avoid Preclusion by Focusing on Non-material Alleged Differences and Unsupported Speculation**

Headwater first contends that it should be not precluded from relitigating issues from HW1 because the '359 patent claim 26 is "a separate and distinct invention" from '976 patent claim 1. Opp. at 5. This argument ignores the overlap in the issue to be decided, as discussed above.

Headwater then contends that the parties' dispute over alleged infringement in HW1 did not focus "interaction," but instead focused on device *display* interaction. Headwater's rebuttal misses the mark for two reasons. <u>One</u>, in HW1, Headwater frequently ignored the "device display"

3

language in the claim to argue that policies disallowing network access based on "interaction" were what was critical to the alleged '976 invention. HW1 Dkt. 519 at 5 ("Now that *interaction with it has paused*, the *accused features disallow network access* to the app. *That is all that the claims require for infringement....*"); *id.* at 8 (Headwater arguing it proved infringement because "it was unrebutted that each of the accused Android features *disallows Internet access* for the same application when the user pauses *interaction with the application*"). Two, to the extent Headwater contends that the issues in this case will not involve interaction in a device *display*, its expert disagrees. Headwater's expert in this case opined that the '359 patent was concerned "with applications that are not *interacting in the device display foreground*," and even sought to differentiate prior art from the asserted '359 patent claims because, in his opinion, the prior art was "not dependent on any classification of whether an application is *interacting in the device display foreground* with the user." Dkts. 151-9, -10 at ¶¶ 132, 384. Headwater argues that Mr. de la Iglesia has since revisited his expert opinions and removed the many instances where he used the above language (which mirrors the HW1 patent) to refer to the '359 patent's requirements. That Mr. de la Iglesia retroactively re-wrote his opinions in this case before Headwater responded to Samsung's motion does not change the way that Mr. de la Iglesia was apparently viewing and applying the claims when he repeatedly offered those opinions in his signed reports.

Headwater also contends that the Court's decision in the *Verizon* litigation requires that Samsung's motion is denied. Opp. at 9. Not so. Samsung was not a party to that case, and non-mutual collateral estoppel does not apply. Moreover, the present motion is based on different facts, including Headwater's specific contentions in this case, which were not present in *Verizon*.

Headwater further contends that this case includes different features, products, and code. That is wrong, as demonstrated in Samsung's opening brief: Headwater accuses "smartphones

4

and tablets running Android OS 6.0 or later." SUMF No. 19. Even so, any differences in the precise accused features and products across the cases are not material to this motion given how Headwater plans to prove its case. Headwater contends its focus is on the so-called "Network Policy," which Headwater contends is present in all accused products, and Headwater does account for any differences in products accused in this case that were not accused in HW1. Headwater also does not point to any difference in the accused features, products, or code, where Samsung's prevailing arguments from HW1 would not apply equally to this case.

Finally, HW speculates that the HW1 verdict *might have been* based on HW's failure to carry its burden and separately argues the fact that it is currently challenging the HW1 verdict. HW provides no arguments to support its conjecture that the HW1 non-infringement verdict was based on anything other than Samsung's sole non-infringement defense, and it cites no authority that such speculation can defeat issue preclusion, much less the broader *Kessler* doctrine, which bestows "non-infringing" status upon the accused products. Headwater also cites no authority that post-trial motions are relevant. A final district court judgment gives rise to issue preclusion even pending appeal. *Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969); *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F. Supp. 3d 808, 812 (E.D. Tex. 2014).

IV. **CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court enter summary judgment of noninfringement of the '359 patent based on issue preclusion and/or the *Kessler* doctrine.

Dated: August 5, 2025                              Respectfully submitted,

                              By:  */s/ Noah C. Graubart*
                                   Ruffin B. Cordell
                                   TX Bar No. 04820550
                                   Michael J. McKeon
                                   DC Bar No. 459780
                                   Jared Hartzman (*pro hac vice*)
                                   DC Bar No. 1034255
                                   Brendan F. McLaughlin
                                   DC Bar No. 1671658
                                   **FISH & RICHARDSON P.C.**
                                   1000 Maine Avenue, SW, Ste 1000
                                   Washington, D.C. 20024
                                   Telephone: (202) 783-5070
                                   SERVICEFRSamsung-Headwater@fr.com

                                   Thad C. Kodish
                                   GA Bar No. 427603
                                   Sara C. Fish
                                   GA Bar No. 873853
                                   Christopher O. Green
                                   GA Bar No. 037617
                                   Benjamin K. Thompson
                                   GA Bar No. 633211
                                   Steffen C. Lake
                                   GA Bar No. 512272
                                   Ashley A. Bolt
                                   GA Bar No. 231197
                                   Noah C. Graubart
                                   GA Bar No. 141862
                                   Erin P. Alper
                                   GA Bar No. 940408
                                   Peter Hong (*pro hac vice*)
                                   GA Bar No. 365188
                                   Katherine H. Reardon
                                   NY Bar No. 5196910
                                   Kevin Collareno (*pro hac vice*)
                                   GA Bar No. 914951
                                   **FISH & RICHARDSON P.C.**
                                   1180 Peachtree St. NE, Fl. 21
                                   Atlanta, GA 30309
                                   Telephone: (404) 892-5005
                                   SERVICEFRSamsung-Headwater@fr.com

                                   John-Paul Fryckman

6

CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

PUBLIC VERSION

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 5, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Noah C. Graubart*