# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF EXPERT REPORTS OF MR. ERIK DE LA IGLESIA [DKT. NO. 151]**

# TABLE OF CONTENT

I.   Headwater Confirms Its Plan to Pursue Undisclosed Infringement Theories at Trial ........ 1

II.  Mr. DLI's New, Unpreserved Infringement Theories Should be Stricken ......................... 2

   A.  '110 and '359 Patents: Mr. DLI's New Opinions on the NetworkStatsService, TrafficStats, Qtaguid, and eBPF Components (the "Stats Components") .............. 2

   B.  '918 Patent 1[c]: HttpURLConnection, Socket, DatagramSocket, or Network Policy ................................................................................................................... 3

   C.  '918 Claim 1[d]: Headwater's New Allegations Against the Download Manager API ....................................................................................................................... 3

   D.  Headwater's New and Incorrect Claim Construction for '359 Patent Claim 26 .... 4

   E.  Mr. DLI's Contract Interpretation Opinions Should be Stricken .......................... 5

## EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---|---|
| 28 | *java.net*, Android Developer Webpage, https://developer.android.com/reference/java/net/package-summary |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

### I. Headwater Confirms Its Plan to Pursue Undisclosed Infringement Theories at Trial

Samsung moved to strike Mr. de la Iglesia's ("DLI") infringement opinions against unidentified "combinations" of separately-accused smartphone features. In response, Headwater *could have*: (a) confirmed Mr. DLI's opinions at trial would not rely on such unidentified combinations of the ~18 separate features/settings identified in his report, or (b) identified the specific "combinations" that are the subject of Mr. DLI's infringement opinions and pointed to where those theories were disclosed in Headwater's contentions and Mr. DLI's report. Instead, Headwater justifies withholding this information from Samsung by arguing that "all these features are related parts of the same operating system running on the same device." Opp. at 4. In other words, Samsung does not deserve adequate notice of which "combinations" of accused features might be the subject of Mr. DLI's trial testimony, because all those features exist on the same operating system and device.

Headwater then illustrates Samsung's precise concern. Headwater contends there are "***numerous modes of operation*** in which Network Policy performs the claimed functions," and then identifies, for the first time, an exemplary combination of accused features/settings, where "the user turns on Power Saving mode, [] the screen is off and the device is in Doze, apps in App Standby." *Id.* Samsung is still left wondering if this is one of the "combinations," from among the 260,000+ possible combinations (Mot. at 3), on which Mr. DLI will testify at trial.

Headwater also misstates Samsung's positions to justify its undisclosed theories:

| Headwater Represents | Samsung's Motion Actually Says |
|---|---|
| "…***Samsung admits, Headwater is accusing one feature***—"Network Policy…." Opp. at 2. | "Mr. de la Iglesia defines the ***actual 'Accused Features'*** with a ***list of eighteen (18) separate settings and features***…. Each of these 'Accused Features' can operate independently in Samsung's products to perform different functions." Mot. at 1-2. |
| "***Samsung is not arguing*** that Headwater's infringement theories were not charted." Opp. at 1. | "Samsung wrote Headwater detailing ***deficiencies in Headwater's original contentions, which barely referenced Network Policy at all, much less any combinations or configurations of settings/features….*" Mot. at 3-4. |

1

Headwater's lay-behind-the-log approach to infringement prejudices Samsung's defense. Thus, Mr. DLI's opinions should be cabined to the individual features identified in his report, and he should be precluded from offering opinions on his still-unidentified feature "combinations."

## II. Mr. DLI's New, Unpreserved Infringement Theories Should be Stricken

Contrary to Headwater's cavalier mischaracterization of Samsung's position, Samsung never argued that infringement charts are "required to include every line of [source] code." Opp. at 5 ("But the charts were not required to include every line of code. *While Samsung now contends this was required*, it was not."). Samsung only contends that Headwater be held to the standard set by P.R. 3-1(b)—that its identification of accused instrumentalities in its infringement contentions "be as specific as possible" where "[e]ach method or process must be identified by name, if known…." Headwater's contentions consistently failed to identify the publicly-known processes/components that it introduced into the case through Mr. DLI's opening expert report.

### A. '110 and '359 Patents: Mr. DLI's New Opinions on the NetworkStatsService, TrafficStats, Qtaguid, and eBPF Components (the "Stats Components")

Despite the Stats Components being publicly-known Android APIs that were expressly accused in Headwater's '918 patent infringement contentions, *Headwater did not mention these components at all in its contentions for the '110 or '359 patents*. Headwater's primary excuse for not properly identifying, much less mapping, these software components in its '110 or '359 patent contentions is that its contentions referenced the Android "Network Policy," and "Network Policy uses these software components." Opp. at 6. Headwater's reduced standard for the level of notice infringement contentions require should be rejected. The targeted Android OS on Samsung's devices indisputably comprises tens of thousands, if not more, software classes and/or components—most, if not all, of which are directly or indirectly connected. That Headwater's contentions mention Network Policy—which alone comprises thousands of lines of code—does not put

2

Samsung on notice that Headwater intends to separately accuse every software component, such as the Stats Components, that may be directly or indirectly "used by Network Policy."

Furthermore, Headwater's opposition never even acknowledges or addresses the stark contrast between: (a) its infringement contentions for the '110 and '359 patents—which omit the Stats Components entirely, and (b) its contentions for the '918 patent, which expressly accuse the Stats Components by name. Given this disparity, if anything, Headwater gave clear notice to Samsung that the Stats Components would *not* be implicated in Headwater's '110 or '359 patent allegations.

### B. '918 Patent 1[c]: HttpURLConnection, Socket, DatagramSocket, or Network Policy

Headwater fails to dispute the critical facts that require this issue be resolved in Samsung's favor: (1) '918 patent claim 1[c] requires a "first network stack API," (2) Headwater's contentions for limitation 1[c] identified only two Android APIs: Download Manager and Connectivity Manager, (3) the newly-accused HTTPUrlConnection, Socket, DatagramSocket, and Network Policy APIs were not named in Headwater's contentions for the "first network stack API" limitation, and (4) these separate, unaccused APIs were, as Headwater admits, "publicly known."  Opp. at 9.

Headwater wrongly contends that its vague reference to "one or more [other] APIs" (Opp. at 8) put Samsung on notice of Headwater's new opinions. Android's OS has dozens upon dozens of public APIs related to networking alone.[1] If Headwater truly intended to identify other APIs as the "first network stack API," those other public APIs were known, Headwater knew how to find them and name them in its contentions, and did so for the two properly-named APIs, and no others.

### C. '918 Claim 1[d]: Headwater's New Allegations Against the Download Manager API

Headwater questions how "Samsung could have ever believed that Headwater's generic reference to Android's "download managers" in Headwater's infringement contentions did not

---

[1] Ex. 28 (identifying nearly 40 APIs, including Headwater's newly-accused Socket, HttpURL Connection, and DatagramSocket APIs).

3

implicate Android's specific "Download Manager" API. Opp. at 10. The answer is simple. '918 patent claim 1 requires a "first…API" (limitation 1[c]) and a separate "second API" (limitation 1[d]). In Headwater's contentions, it unambiguously identified the Android Download Manager API as the alleged "first…API." Dkt. 151-7 at 7. Conversely, Headwater's mapping for the "second API" never mentioned the Download Manager API, which made logical sense because Headwater had already mapped that API to the separate "first….API" limitation. *Id.* at 7-10. Headwater now attempts to flip its infringement mapping using a coincidence in naming convention. It argues that its contentions for the "second API" referenced "one or more ***download managers*** or download services, which applications can use by calling the Android ***API to make a media download***." Dkt. 151-7 at 8. Headwater ignores that Android includes specific APIs for media downloads, which could be loosely called download managers, but those APIs do not include the Download Manager. Indeed, Headwater's contentions for limitation 1[d] specifically identified such media APIs as the alleged "second API," while choosing to not identify the Download Manager API. Reviewing Headwater's contentions makes plain that Mr. DLI's opinion that the Download Manager API is now the "second API" expressly contradicts Headwater's contentions and is an improper new theory.

### D. Headwater's New and Incorrect Claim Construction for '359 Patent Claim 26

The fact that the antecedent basis for "*the* different application" in claim 26 is found in claim 1 does not mean claim 26 must be read to import requirements that are not present in the plain claim language. Headwater provides no legal support nor logical arguments to support such a claim construction, nor did Headwater propose this construction at the proper stage of this case.

Headwater oddly accuses Samsung of arguing claim construction for claim 26. Opp. at 12. But Samsung believes claim 26 requires only the exact words it contains (shown below). Headwater, however, takes that same plain language and reads in non-existent requirements, stating "a

4

POSITA would understand that *the 'active application' determination influences policy application and the availability of Internet data service*, because it is the 'different application' that is both (1) determined to be active and (2) the application to which Internet data service is available under the applied policy." Opp. at 11.  Headwater appears to demand a rewrite of claim 26 such that application of the "policy" in claim 1 could be changed based on detected interaction, but that is an express requirement of unasserted claim 19, not claim 26:

| **19.** The wireless end-user device of claim 1, wherein the one or more processors are further *configured to dynamically change the application of the stored WWAN differential traffic control policy based on monitoring of user interaction with the device*. | **26.** The wireless end-user device of claim 1, wherein the one or more processors are further *configured to determine that the different application is an active application based on a user interaction* with the different application. |
|---|---|

Further, Headwater's argument regarding Samsung's alleged mapping in an IPR petition is misguided.  Even assuming that the prior art Samsung identified in an IPR did in fact use an active application determination as part of a policy, that does not mean claim 26 *requires* that connection to claim 1—nor does Headwater cite any instance where Samsung took such a position.

Headwater's expert's tardy claim construction opinions should be stricken.

### E. Mr. DLI's Contract Interpretation Opinions Should be Stricken

Headwater contends that Mr. DLI's opinions on legal contracts should be allowed because he is merely "discussing the technical aspects of the software provisions in these agreements as they relate to infringement and the issue of non-infringing alternatives," and "is not performing contract interpretation." Opp. at 15.  Yet, Headwater's motion fails to identify Mr. DLI's discussion of the "technical aspects" of the legal contracts and instead acknowledges his apparent legal opinion that, under these contracts, "*Samsung is required* to 'preload the software on the Samsung devices' to support Android apps on the Google Play Store." *Id.*  Mr. DLI should be precluded from parroting alleged contract obligations under the guise of a technical expert opinion.

5

**PUBLIC VERSION**

| | |
|---|---|
| Dated: August 5, 2025 | Respectfully submitted, |

By: */s/ Noah C. Graubart*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman

6

CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

7

PUBLIC VERSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 5, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s Noah C. Graubart*
Noah C. Graubart