IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S OPPOSITION TO HEADWATER RESEARCH LLC'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' EIGHTH, NINTH, AND TWELFTH ADDITIONAL DEFENSES [DKT. NO. 150]**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1
II.  RESPONSE TO HEADWATER'S STATEMENT OF ISSUES ....................................... 2
III. RESPONSE TO HEADWATER'S STATEMENT OF MATERIAL FACTS .................. 2
IV.  LEGAL STANDARD ......................................................................................................... 3
V.   ARGUMENT ...................................................................................................................... 4
     A.   Disputed Issues of Material Fact Exist as to Whether Headwater's Multi-Year
          Prosecution Delays Were Unreasonable ................................................................. 4
     B.   Disputed Issues of Material Fact Exist as to Whether Headwater's Unreasonable
          Delays Prejudiced Samsung ..................................................................................... 9
VI.  CONCLUSION ................................................................................................................. 11

ii

# TABLE OF AUTHORITIES

*Adickes v. S. H. Kress & Co.*,
   398 U.S. 144 (1970)..................................................................................................................3

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................................................................3

*In re Bogese*,
   303 F.3d 1362 (Fed. Cir. 2002).................................................................................................6

*Cancer Rsch. Tech. Ltd. v. Barr Lab'ys, Inc.*,
   625 F.3d 724 (Fed. Cir. 2010)...................................................................................................9

*Honore v. Douglas*,
   833 F.2d 565 (5th Cir. 1987) .....................................................................................................3

*Hyatt v. Hirshfeld*,
   998 F.3d 1347 (Fed. Cir. 2021).............................................................................................4, 8

*Netlist, Inc. v. Micron Tech., Inc.*,
   No. 2:22-cv-203-JRG-RSP, 2024 WL 698134 (E.D. Tex. Jan. 24, 2024) ................................3

*Personalized Media Commc'ns, LLC v. Apple Inc.*,
   552 F. Supp. 3d 664 (E.D. Tex. 2021)..................................................................................4, 6

*Smith v. Am. Postal Workers Union Loc. No. 1477*,
   No. 6:07CV347, 2008 WL 2325624 (E.D. Tex. June 3, 2008) ................................................3

*Sonos, Inc. v. Google LLC*,
   No. C 20-06754 WHA, 2023 WL 6542320 (N.D. Cal. Oct. 6, 2023) ................................6, 11

*Symbol Techs., Inc. v. Lemelson Med.*,
   422 F.3d 1378 (Fed. Cir. 2005).............................................................................................4, 6

*Webster Elec. Co. v. Splitdorf Elec. Co.*,
   264 U.S. 463 (1924)..................................................................................................................6

*Woodbridge v. United States*,
   263 U.S. 50 (1923)....................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 56(a) .......................................................................................................................3

# EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---|---|
| 1 | U.S. Patent No. 9,647,918 |
| 2 | 2024-10-31 Headwater Disclosure of Asserted Claims and Infringement Contentions |
| 3 | 1/26/2017 amendment from U.S. Patent No. 9,647,918 file history |
| 4 | U.S. Patent No. 9,179,359 |
| 5 | U.S. Patent No. 8,588,110 |
| 6 | Excerpts from 2025-06-06 Deposition Transcript of Roger Sippl |
| 7 | Excerpts from 2025-05-23 Deposition Transcript of Gregory Raleigh |
| 8 | 2024-02-07 Headwater's Amended Privilege Log |
| 9 | Excerpts from Samsung 5th Suppl Resp to HW3 1st Set of Interrogatories |
| 10 | SAMSUNG_PRIORART0013498 |
| 11 | SAM-HW-3_00186482 |
| 12 | Excerpts from 2025-06-04 Opening Expert Report of Erik de la Iglesia |
| 13 | Excerpts from 2025-06-20 Rebuttal Expert Report of Erik de la Iglesia |
| 14 | Excerpts from Headwater 3rd Supp. Resp. to 1st Set of Interrogatories |
| 15 | Portion of family tree for U.S. Patent App. No. 15/227,814, which issued as the '918 patent |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

**I.      INTRODUCTION**

Headwater seeks summary judgment on Samsung's Eighth, Ninth, and Twelfth Additional Defenses.  In order to streamline the disputed issues in this case in advance of trial, Samsung agrees to withdraw its Eighth and Ninth defenses, thus mooting Headwater's motion with respect to those defenses.[1]  Samsung, however, maintains its Twelfth Additional Defense of prosecution laches and thus opposes Headwater's motion on that basis.  Given the facts in this case, Headwater's motion seeking summary adjudication on Samsung's prosecution laches defense should be denied.

Headwater's prosecution strategy for the Asserted Patents is clear:  (1) string together dozens of interrelated continuation applications over the course of several years, (2) wait for industry participants to develop related technology, (3) attempt to draft claims on that later-arising technology, and (4) threaten the true innovators with patent litigation.  By way of example, Headwater's asserted '918 patent was filed in August of 2016.  Headwater contends that patent is entitled to a January 2011 priority date, and then alleges that technology released in 2011 infringes the patent.  The prejudicial effect of Headwater's improper prosecution delays is clear in this case: Samsung is being accused of infringement, here in 2025, for technology developed in 2011, well over a decade before Headwater filed this case, and several years before Headwater even filed the applications leading to the Asserted Patents.  Headwater's "lying in the weeds" strategy is precisely the type of conduct the doctrine of prosecution laches was designed to address.

Indeed, during Headwater's inexplicable period of strategic prosecution delay, Samsung (and its technology partner Google) actively incorporated, commercialized, and invested in the

---

[1] Samsung's withdrawal of these defenses is conditioned upon Headwater not advancing untimely claim construction arguments at trial.  To the extent Headwater raises new claim constructions at trial, Samsung reserves the right to re-assert, in response, Samsung's related defenses, including waiver, prosecution history estoppel, and/or disclaimer.

1

very technologies Headwater now accuses of infringement—including core Google Android operating system components.

A reasonable fact-finder could conclude that Headwater engaged in an inequitable, years-long campaign of tactical delay, designed to await the evolution of technology and then retroactively assert claims against it. Because Samsung has adduced sufficient evidence under both prongs of the applicable legal standard—and Headwater fails to show otherwise—summary judgment should be denied.

## II.   RESPONSE TO HEADWATER'S STATEMENT OF ISSUES

Should the Court deny Headwater's motion for summary judgment given that there are genuine factual disputes over whether Headwater unreasonably and inexcusably delayed patent prosecution resulting in an unreasonable and inexcusable delay that prejudiced Samsung?[2]

## III.   RESPONSE TO HEADWATER'S STATEMENT OF MATERIAL FACTS

**SUMF No. 1.**   Undisputed. Samsung has agreed to withdraw its Eighth Additional Defense.

**SUMF No. 2.**   Undisputed. Samsung has agreed to withdraw its Ninth Additional Defense.

**SUMF No. 3.**   Undisputed.

**SUMF No. 4.**   Undisputed. Samsung has agreed to withdraw its Eighth Additional Defense asserting "Laches, Equitable Estoppel, Waiver and/or Unclean Hands."

---

[2] As set forth in the Introduction, Samsung maintains that the Asserted Patents are unenforceable under the equitable doctrine of prosecution laches. Dkt. No. 147 at 38-39 (Twelfth Additional Defense). Samsung has withdrawn its Eighth and Ninth Additional Defenses. *Id.* at 38.

2

| | |
|---|---|
| **SUMF No. 5.** | Undisputed. Samsung has agreed to withdraw its Ninth Additional Defense asserting "Prosecution History Estoppel and/or Disclaimer." |
| **SUMF No. 6.** | Disputed as incomplete. Samsung's Answer, including its original Answer (Dkt. No. 25 at 17-18), First Amended Answer (Dkt. No. 58 at 38-39) and its Second Amended Answer (Dkt. No. 147 at 38-39), all detailed Samsung's prosecution laches defense, the explanation of which was expressly incorporated by reference into Samsung's response to Interrogatory No. 1. |

## IV.  LEGAL STANDARD

Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In other words, "[s]ummary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions." *Smith v. Am. Postal Workers Union Loc. No. 1477*, No. 6:07CV347, 2008 WL 2325624, at *2 (E.D. Tex. June 3, 2008) (citing *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987)).  Any evidence must be viewed in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  And "[i]f the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-cv-203-JRG-RSP, 2024 WL 698134, at *1 (E.D. Tex. Jan. 24, 2024) (citations omitted).

3

## V. ARGUMENT

Headwater's motion for summary judgment on the issue of prosecution laches should be denied because a reasonable fact-finder could determine that the factual disputes be resolved in Samsung's favor and that the Asserted Patents are unenforceable under this well-established equitable doctrine. The Federal Circuit has made clear that prosecution laches is a viable defense where there is (1) an unreasonable and unexplained delay in prosecution, and (2) the accused infringer suffered prejudice attributable to the delay. *Hyatt v. Hirshfeld*, 998 F.3d 1347, 1366 (Fed. Cir. 2021). This defense is inherently fact-driven and must be evaluated based on the totality of the circumstances. *See Symbol Techs., Inc. v. Lemelson Med.*, 422 F.3d 1378, 1385 (Fed. Cir. 2005). Samsung has presented sufficient evidence as to both elements to survive summary judgment. At a minimum, genuine issues of material fact exist that must be resolved.

### A. Disputed Issues of Material Fact Exist as to Whether Headwater's Multi-Year Prosecution Delays Were Unreasonable

Whether a delay is unreasonable for purposes of prosecution laches is a "fact-intensive inquiry" that must be evaluated in light of the "specific circumstances." *Personalized Media Commc'ns, LLC v. Apple Inc.*, 552 F. Supp. 3d 664, 685 (E.D. Tex. 2021), *aff'd*, 57 F.4th 1346 (Fed. Cir. 2023). The assessment of unreasonable delay is not confined to the specific patent application at issue; rather, prosecution laches may arise from "an examination of the totality of the circumstances, including the prosecution history of all of a series of related patents and overall delay in issuing claims." *Hyatt*, 998 F.3d at 1362 (citing *Symbol Techs.*, 422 F.3d at 1385-86). Here, the record reflects numerous factual disputes concerning whether Headwater unreasonably and inexcusably delayed prosecution by strategically filing countless continuation applications to prolong examination and by waiting years after filing related provisional applications to pursue the Asserted Patents.

4

Taking each Asserted Patent in turn, Headwater filed the application that issued as the '918 patent on August 3, 2016—more than five years after its alleged priority date of January 24, 2011. Ex. 1 ('918 patent) at Cover Page; Ex. 2 (Headwater's Disclosure of Asserted Claims and Infringement Contentions) at 12. Headwater also submitted a substantial re-write of the application's claims in January of 2017, including the portion of independent claim 1 that Headwater contends is novel in this case:

> 2. (Currently Amended) A wireless end-user device, comprising:
>     a wireless modem configurable to connect to a wireless network;
>     a network stack configurable to receive and transmit data via the wireless modem and the wireless network;
>     a first network stack Application Programming Interface (API), containing at least one first call ~~to allow~~ accessible to each of a plurality of device applications, the first network stack API callable by each of the plurality of device applications to open and use data packet flows via the network stack, the wireless modem, and the at least one wireless network;
>     a second API containing at least one second call ~~to allow~~ accessible to each of the plurality of device applications, the second API callable by each of the plurality of device applications to make a data transfer request for a media object associated with a network resource identifier supplied by the calling device application;
>     a media service manager prompted by the second call, to manage network data transfers for the media object by interfacing with the network stack to retrieve the media object associated with the network resource identifier via the wireless modem and the wireless network; and
>     [[a]] one or more service classification and measurement agents to associate wireless network data usage for the media object network data transfers with the device application that requests the data transfer for the media object, to associate wireless network data usage for respective data packet flows opened and used via the first network stack API with the device application opening such respective data packet flow, and to reconcile wireless network data usage for each of the plurality of device applications to track an aggregate wireless network data usage attributable to each of the plurality of device applications via both the first network stack API and the second API.

Ex. 3 ('918 patent file history, 1/26/2017 amendment). Similarly, the application for the '359 patent was not filed until March 30, 2015—more than five years after its alleged priority date of May 25, 2010. Ex. 4 ('359 patent) at Cover Page; Ex. 2 (Headwater's Disclosure of Asserted Claims and Infringement Contentions) at 12. The '110 patent application was filed on September

5

13, 2012—over three years after its alleged January 28, 2009 priority date. Ex. 5 ('110 patent) at Cover Page; Ex. 2 at 12.

While the Federal Circuit has declined to establish a bright-line rule for what period of time constitutes an unreasonable or inexcusable delay and has emphasized that the "matter is to be decided as a matter of equity," it has recognized that substantial delays may warrant application of prosecution laches. *See Symbol Techs.*, 422 F.3d at 1385 (citing *Woodbridge v. United States*, 263 U.S. 50 (1923) (nine-year delay); *Webster Elec. Co. v. Splitdorf Elec. Co.*, 264 U.S. 463 (1924) (eight-year delay)); *In re Bogese*, 303 F.3d 1362, 1369 (Fed. Cir. 2002) (eight-year delay); *Personalized Media Commc'ns*, 57 F.4th at 1355. Headwater's delays are at least comparable in duration to the multi-year delays the Federal Circuit has recognized as unreasonable, and Headwater's significant delays must be further viewed in light of its overall prosecution strategy.

Headwater's transparent prosecution strategy—stringing together dozens of continuation applications in hopes to target later-developed technology—further supports the inference of intentional delay. The Federal Circuit has made clear that excessive continuation filings can support a finding of prosecution laches. *In re Bogese*, 303 F.3d at 1364 (Fed. Cir. 2002) (noting the applicant filed "a plurality of continuations with no substantive amendments to advance prosecution," which may indicate misuse of the patent system); *see Sonos, Inc. v. Google LLC*, No. C 20-06754 WHA, 2023 WL 6542320, at *17 (N.D. Cal. Oct. 6, 2023) ("[T]hat an invention may have been lurking between the lines of an earlier application does not excuse a delay in presenting claims on it."). Here, Headwater filed **twenty-four** continuation and continuation-in-part applications before filing the application that ultimately issued as the '918 patent and **twelve** serial applications before filing the application that issued as the '359 patent. The magnitude of Headwater's cross-referencing and serial application filing strategy is readily apparent by trying

6

to capture a graphical patent family tree for an Asserted Patent Headwater. As an example, a small portion of the complicated web of cross-linked priority claims and overlapping disclosures for the '918 patent family is shown below:



Ex. 15 (portion of family tree for U.S. Patent App. No. 15/227,814, which issued as the '918 patent).

A factfinder could reasonably conclude that Headwater's decision to intentionally and unnecessarily prolong prosecution for many years—while innovators like Samsung and Google developed and commercialized the now-accused technology—was deliberate, inequitable, and inexcusable.

Headwater's improper prosecution strategy is further underscored by the excessive length and unnecessary complexity of the Asserted Patents' specifications, which—like the atypically long disclosures criticized in *Hyatt v. Hirshfeld*—hinders an examiners' ability to assess priority dates and compliance with the written description requirement. 998 F.3d at 1354-55, 1357, 1368. The specifications for the '918, '359, and '110 patents span 117, 94, and 195 pages, respectively— far exceeding the norm. As in *Hyatt*, this complexity is not incidental but part of a pattern of stringing continuation and continuation-in-part applications that weighs in favor of prosecution laches.

Additionally, Headwater's pattern of delay and complexity aligns with Headwater's apparent enforcement-focused objectives. Headwater's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[3], suggesting that its prosecution efforts were motivated not by efforts to secure timely patent protection but by an intent to delay prosecution and attempt to assert claims against later-arising technologies. That inference is further bolstered by admissions from Headwater's principals, Roger Sippl and Greg Raleigh, that the company has never had an active business other than licensing and/or enforcing patents. Ex. 6 (Sippl Dep. Tr. (6/6/25)) at 42:2-17, 56:10-23; Ex. 7 (Raleigh Dep. Tr. (5/23/25)) at 217:2-21, 264:25-265:2. In light of these facts, a factfinder could reasonably conclude that Headwater had both motive and opportunity to delay prosecution and attempt to tailor its claim sets to follow the market *ex post*.

Headwater's Motion fails to engage with the governing legal standard or the factual circumstances of its prosecution conduct. Instead of offering any evidence or explanation for its delay, Headwater asserts an alleged lack of evidence. However, Headwater ignores the

---

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

prosecution histories of the Asserted Patents, which speak for themselves and support the prosecution laches allegations detailed in Samsung's Answer to Headwater's Complaint. Dkt. No. 147 at 38-39. Indeed, Samsung's original Answer (Dkt. No. 25 at 17-18), First Amended Answer (Dkt. No. 58 at 38-39) and Second Amended Answer (Dkt. No. 147 at 38-39) all detailed Samsung's prosecution laches defense—the explanation of which Samsung expressly incorporated by reference into its response to Interrogatory No. 1. Ex. 9 (Samsung's Response to Headwater's Interrogatory No. 1) at p. 16 (incorporating Samsung's First Amended Answer). As such, Headwater has long been on notice of Samsung's prosecution laches theory and the supporting evidence—primarily, the prosecution histories of the Asserted Patents, which Headwater has and produced.

A reasonable fact-finder, presented with this record, could conclude that Headwater's conduct constitutes misuse of the patent system to a degree that merits a finding of prosecution laches. At a minimum, these issues present factual disputes that preclude summary judgment.

### B. Disputed Issues of Material Fact Exist as to Whether Headwater's Unreasonable Delays Prejudiced Samsung

The second element of prosecution laches—prejudice—may be shown through "intervening rights," in that "either the accused infringer or others invested in, worked on, or used the claimed technology during the period of delay." *Cancer Rsch. Tech. Ltd. v. Barr Lab'ys, Inc.*, 625 F.3d 724, 729 (Fed. Cir. 2010). Here, the evidence shows that Headwater's prosecution conduct prejudiced Samsung as it "invested in, worked on, [and] used the [alleged] claimed technology" from 2009 to 2016, while Headwater intentionally delayed filing its patent applications. Accordingly, Headwater's motion should be denied.

9

Each of the Asserted Patents includes in its list of cited references well over 1,000 pieces of prior art.[4] The significantly high volume of references cited during prosecution, either by the Patent Office or Headwater, indicates that the alleged inventions of the Asserted Patents reside in a crowded technology field, where many corporations invested heavily in development of mobile operating systems capable of managing demand for cellular network data. Samsung was among these early movers, as it made substantial and sustained investments in mobile operating system technologies, particularly in connection with its adoption of the Android operating system.

The record also shows that Samsung sold devices using the alleged infringing technology years before Headwater filed for the Asserted Patents. In 2010, with the release of its flagship Galaxy S series, Samsung committed to Android as its primary mobile OS and rapidly scaled global distribution. *See, e.g.*, Ex. 10; Ex. 11 at 14. By the end of 2011, Samsung started selling Android devices that included Android 4.0 and the Android Network Policy Manager, which Headwater now targets with its infringement allegations. Ex. 12 (de la Iglesia Opening Report) at ¶ 77 ("The Samsung Accused Products include various features and functionalities that infringe the Asserted Patents, including, for example, the following features: Android Operating System and the Network Policy framework . . . ."); Ex. 13 (de la Iglesia Rebuttal Report) at ¶ 162 ("Android Version 4.0—known as Ice Cream Sandwich—was the first version of Android to begin including network policies, including controls for applying differential traffic control policies, including files such as NetworkPolicy.java, NetworkPolicyManager.java, and NetworkPolicyManagerService.java."). Over the next several years, Samsung invested heavily in

---

[4] According to Google Patents (https://patents.google.com/), the '918 patent lists 1,290 patent prior art references and 69 non-patent references. The '359 patent lists 1,728 patent prior art references and 56 non-patent references. The '110 patent lists 1,674 patent prior art references and 31 non-patent references.

hardware-software integration, Android OS optimization, and mobile infrastructure, including focusing on data efficiency and network resource management across its mobile product line.[5] These innovations demonstrate years of forward-looking investment in mobile connectivity and underscore Samsung's priority to deliver efficient, network-aware devices to a global consumer base during the precise time Headwater was delaying prosecuting of the claims it now asserts.

Headwater's intentional delay placed Samsung in the untenable position of being accused of infringing claims over a decade after Samsung had adopted the accused technology—Samsung having adopted and implemented the technology well before Headwater even filed for the Asserted Patents. Such evidence, which Samsung intends to propound at trial, at least gives rise to a genuine dispute of fact that forecloses summary judgment at this juncture.

## VI.  CONCLUSION

The doctrine of prosecution laches is uniquely suited to address the kind of manipulation and unfair tactics Headwater's conduct presents. At a minimum, the factual record presents genuine disputes as to whether Headwater's prosecution strategy was unreasonably delayed and whether Samsung suffered prejudice as a result. Because a reasonable fact-finder could find in Samsung's favor on both elements, Headwater's motion for summary judgment should be denied.

---

[5] Headwater contends as such in falsely alleging that Samsung invested resources into copying and reverse engineering ItsOn's patented technology. *See* Ex. 14 (Headwater's Response to Interrogatory No. 4) at 33-34; *Sonos*, 2023 WL 6542320, at *18 (noting that the plaintiff's "very theory of the case presented at trial was that [the defendant] invested in building out a line of products that infringed [the plaintiff's] patents and that [the defendant] profited off this investment").

11

Dated: July 28, 2025                     Respectfully submitted,

                                                         By:   */s/Benjamin K. Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman

12

PUBLIC VERSION

CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

████████████████████

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 28, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ / Benjamin K. Thompson*

14