# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-CV-00641-JRG-RSP JURY TRIAL DEMANDED |

**SAMSUNG'S OPPOSITION TO HEADWATER'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT INVALID FOR <u>IMPROPER INVENTORSHIP [DKT. NO. 152]</u>**

PUBLIC VERSION

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. Counter-Statement of the Issues to be Decided .................................................................... 2

III. Response to Headwater's Statement of Material Facts......................................................... 2

IV. LEGAL STANDARD............................................................................................................ 3

V. ARGUMENT......................................................................................................................... 3

    A. Significant Evidence Creates a Factual Dispute Regarding Ms. Stark's Inventorship of the '110 and '359 Patents. ............................................................... 3

    B. Headwater's Motion Rests on a False Premise and Inconsistent Statements. ........ 7

        1. Samsung contests the priority dates for the '110 and '359 patents............. 8

        2. Headwater told the Patent Office that Lisa Stark was inventing Headwater patents before her alleged start date at ItsOn. ........................................... 8

VI. CONCLUSION...................................................................................................................... 9

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Eli Lilly and Co. v. Aradigm Corp.*,
    376 F.3d 1352 (Fed. Cir. 2004) ........................................................................................... 3

*Gree, Inc. v. Supercell Oy*,
    No. 219-CV-00070-JRG-RSP, 2020 WL 4799770 (E.D. Tex. Aug. 6, 2020) .......................... 3

*Warren v. Fed. Nat'l Mortg. Ass'n*,
    932 F.3d 378 (5th Cir. 2019) ............................................................................................... 3

**Other Authorities**

FED. R. CIV. P. 56(a) .................................................................................................................... 3

Local Rule CV-5 ....................................................................................................................... 12

Local Rule CV-5(a)(3)(A) ......................................................................................................... 12

# EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---|---|
| 1 | Excerpts from U.S. Patent Application No. 16/694,813 |
| 2 | Excerpts from 2025-06-04 Opening Report of Dr. Dan Schonfeld |
| 3 | U.S. Patent No. 8,588,110 |
| 4 | Excerpts from U.S. Patent No. 11,363,496 |
| 5 | Excerpts from 2025-06-04 Opening Expert Report of Erik de la Iglesia |
| 6 | HW_00072145 |
| 7 | Excerpts from 2025-02-13 Deposition Transcript of James Lavine |
| 8 | Excerpts from 2025-02-22 Deposition Transcript of Jeffrey Green |
| 9 | Excerpts from 2025-02-07 Deposition Transcript of Vien-Phuong Nguyen |
| 10 | Excerpts from 2025-05-08 Deposition Transcript of James Fitzgerald |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

I. **INTRODUCTION**

Two of the Asserted Patents[1] are invalid for improper inventorship, a conclusion Samsung intends to prove at trial. But, in any event, material factual disputes preclude summary judgment with respect to that defense. Thus, Headwater's motion for partial summary judgment should be denied.

As a threshold matter, Headwater's motion requests partial summary judgment solely with respect to Samsung's improper inventorship defense as it relates to Headwater's omission of Lisa Stark from one or more Asserted Patents. Ms. Stark was an engineer at ItsOn (Headwater's sister entity) and was a co-worker with Greg Raleigh—Headwater inventor and ItsOn CEO—on software that Headwater now contends practiced the Asserted Patents.

Significant evidence indicates Ms. Stark was improperly omitted as an inventor on at least the asserted '110 and '359 patents. For example, Headwater filed U.S. Patent Application No. 16/694,813 (hereinafter the "'813 application"), which is related to the asserted '110 and '359 patents, and claims subject matter that overlaps significantly with the asserted '110 and '359 patents. Ms. Stark was named as an inventor on the '813 application, but left off of the asserted '110 and '359 patents—despite the overlap in claimed technology. Further, emails that Headwater produced also support Ms. Stark's contributions to subject matter claimed in this case. Headwater representatives and ItsOn employees also testified to Ms. Stark's technical contributions. Finally, Ms. Stark may be called to testify at trial in this case to provide additional supporting facts.

Headwater's sole bases for requesting summary judgment on this issue stand on misstatements and/or inconsistencies with Headwater's representations outside this litigation.

---

[1] The "Asserted Patents" in this case are: U.S. Patent Nos. 8,588,110 (the "'110 patent"), 9,179,359 (the "'359 patent"), and 9,647,918 (the "'918 patent").

1

*One*, Headwater contends that "neither party disputes that the '110 and '359 patents are entitled to priority dates of, respectively, January 28, 2009, and May 25, 2010." Mot. at 1. This is false. Samsung and its technical expert expressly challenge those alleged priority dates. *Two*, Headwater contends that assuming those priority dates are correct (which Headwater wrongly represents is uncontested), Ms. Stark could not have been an inventor because those dates predate her employment at ItsOn. This position directly contradicts statements Headwater made to the Patent Office during prosecution of the '813 application naming Ms. Stark as an inventor, where Headwater contended the priority date for that application pre-dated Ms. Stark's ItsOn employment.

At a bare minimum, material facts preclude summary judgment on this issue and, beyond that, third party testimony of Ms. Stark has not yet been provided and such testimony will be further important evidence for consideration by the trier of fact. Summary judgment should be denied.

## II. COUNTER-STATEMENT OF THE ISSUES TO BE DECIDED

Whether genuine disputes of material fact exist, which preclude summary judgment on Samsung's improper inventorship defense, as it pertains to Lisa Stark.

## III. RESPONSE TO HEADWATER'S STATEMENT OF MATERIAL FACTS

**SUMF No. 1.**   Undisputed.

**SUMF No. 2.**   Undisputed.

**SUMF No. 3.**   Disputed for the reasons explained *infra* in Section V.B.1.

**SUMF No. 4.**   Disputed for the reasons explained *infra* in Section V.B.1.

**SUMF No. 5.**   Undisputed that Ms. Stark's LinkedIn reflects a June 2010 start date at ItsOn. Otherwise, disputed.

|  |  |  |
|---|---|---|
| **SUMF No. 6.** | | Undisputed that the '354 application was filed prior to June 2010. Otherwise, disputed. |
| **SUMF No. 7.** | | Undisputed that the '022 application was filed prior to June 2010. Otherwise, disputed. |
| **SUMF No. 8.** | | Disputed to the extent Headwater is misrepresenting Dr. Schonfeld's Improper Inventorship opinions. Otherwise, undisputed. |

## IV.   LEGAL STANDARD

In the Fifth Circuit, summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 382 (5th Cir. 2019). "[S]ince the movant bears the burden on summary judgment, the movant's failure to wholly foreclose the existence of genuine disputes of material fact will preclude summary judgment." *Gree, Inc. v. Supercell Oy*, No. 219-CV-00070-JRG-RSP, 2020 WL 4799770, at *1 (E.D. Tex. Aug. 6, 2020). "Evidence at the summary judgment stage must be viewed in the light most favorable to the non-moving party, and reasonable inferences must be drawn in that party's favor." *Warren*, 932 F.3d at 382.

"Inventorship is a mixed question of law and fact: The overall inventorship determination is a question of law, but it is premised on underlying questions of fact." *Eli Lilly and Co. v. Aradigm Corp.*, 376 F.3d 1352, 1362 (Fed. Cir. 2004).

## V.   ARGUMENT

### A.   Significant Evidence Creates a Factual Dispute Regarding Ms. Stark's Inventorship of the '110 and '359 Patents.

Genuine disputes of material fact exist at least because Headwater's '813 application—listing Ms. Stark as an inventor—significantly overlaps in subject matter with the Asserted Patents

3

and is material evidence indicating Ms. Stark was improperly omitted as an inventor on the Asserted '110 and '359 Patents. Headwater's '813 application, titled "Intermediate Networking Devices," initially claimed, in pertinent part, a wireless device including a processor configured to apply different "controls" (*e.g.*, policies) to different wireless network connections:

> 1. A wireless communication device, comprising:
>     one or more access network modems enabling the wireless communication device to communicate with a network system over at least a first wireless network;
>     one or more local area network modems enabling the wireless communication device to communicate with two or more end-point devices over a second wireless network;
>     one or more processors configured to execute one or more instructions that, when executed by the one or more processors, cause the one or more processors to:
>         establish a first connection between the wireless communication device and a first end-point device of the two or more end-point devices;
>         establish a second connection between the wireless communication device and a second end-point device of the two or more end-point devices;
>         apply a first control to first traffic, the first traffic transmitted by or to the first end-point device; and
>  1[g] → apply a first control to second traffic, the second traffic transmitted by or to the second end-point device; and
>     memory coupled to the one or more processors and configured to provide the one or more processors with the one or more instructions.

Ex. 1 ('813 Application (11/25/19) Claims) at pg. 454 (Headwater clarified in later filings that limitation 1[g] was meant to say "apply a ***second control*** to a second traffic . . ."); *see also* Ex. 1 ('813 Application (11/25/19) Application Data Sheet) at pg. 1-2 (listing Ms. Stark as an inventor).

As Samsung's technical expert, Dr. Schonfeld, explains, the alleged inventive concept of the '813 application—*i.e.*, applying different "controls" to different wireless network

4

connections—is readily decipherable in view of originally submitted claim 1, which mostly recites generic features that long predate any Headwater patent, *e.g.*, modems, processors, memory, and wireless connections. *See* Ex. 2 (Schonfeld Op. Rpt.) ¶ 918. Thus, Headwater's '813 application makes clear that Ms. Stark was at least a co-inventor of ***applying different controls to different wireless network connections***. *Id.*

Juxtaposing the '813 application with the Asserted '110 and '359 Patents, the overlap is apparent. As Dr. Schonfeld explains, the '110 patent—like the '813 application—claims a wireless device to communicate over wireless networks including a "first service policy" that "enable[es] ***control of the first service activity on the first wireless network that is different from how the first service activity is controlled on the second wireless network***." Ex. 2 (Schonfeld Op. Rpt.) ¶ 920. In other words, applying different controls to an activity across two different wireless networks. Similarly, Dr. Schonfeld explains that the '359 patent—again similar to the '813 application—claims a "WWAN ***differential traffic control policy***" in a device having both a WWAN and WLAN modem, wherein the WWAN differential traffic control policy is applied to "Internet data service provided using the WWAN modem and the at least one WWAN." *Id.* Thus, the '813 application, along with the '110 and '359 patents, are each directed to, broadly speaking, applying controls or policies to different wireless networks (or the data/traffic/Internet data service transmitted thereon). In light of this overlap in alleged inventive concepts, like the other named inventors, it is clear that Ms. Stark also should have been named as an inventor on the '110 and '359 patents but was not. *Id.*

Moreover, with respect to the '110 patent, Ms. Stark's omission as a named inventor becomes even more clear in the context of asserted dependent claim 25, which is generally directed to an "***intermediate networking device*** forwarding service" for ***forwarding traffic*** between an end-

5

user device and a network communication end-point over a wireless network. Ex. 2 (Schonfeld Rpt.) ¶ 921; *see also* Ex. 3 ('110 Patent) at Claim 25. As previously discussed, the title of the '813 application is "Intermediate Networking Devices." Ex. 1 ('813 Application (11/25/19) Application Data Sheet) at pg. 3. Consistent with the '813 application's title, elements of claims that ultimately issued from the '813 application include "apply[ing] a first control to first traffic, the first traffic received from the first end-point device via the one or more WLAN modems for *forwarding to the first WWAN*" and "apply[ing] a second control to second traffic, the second traffic received from the second end-point device via the one or more WLAN modems for *forwarding to the first WWAN*." Ex. 4 (U.S. Patent No. 11,363,496) at claim 1 (hereinafter, the "'496 patent"). As Dr. Schonfeld opines, the '496 patent's claim elements, along with claim 25 from the '110 patent (at least under Headwater's view), can be both considered directed to tethering scenarios (as evidenced by Headwater's infringement theories with respect to claim 25) and thus have "significant overlap." Ex. 2 (Schonfeld Op. Rpt.) ¶¶ 921-22; Ex. 5 (de la Iglesia Op. Rpt.) ¶ 367 (alleging that the Accused Products satisfy claim 25 by activating "hotspot/tethering"). On top of the facial overlap in subject matter, which alone raises disputes of material fact, emails ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (which Headwater accuses of infringement in this case), as claimed in claim 25 of the '110 patent. *See* Ex. 2 (Schonfeld Op. Rpt.) ¶ 923 (opining on several of Ms. Stark's email communications regarding ▬▬▬ as evidence of Ms. Stark's inventive contributions to the '110 patent); *see also, e.g.*, Ex. 6 (HW_00072145).

Further still, prior colleagues of Ms. Stark testified about her contributions while employed at ItsOn, which similarly at least raise factual disputes surrounding Ms. Stark's omission as a named inventor on the Asserted '110 and '359 Patents. As detailed in Samsung's Amended

Answer, Headwater's prosecution model ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌—like Ms. Stark. Dkt. 147 at 40; *see also* Ex. 7 (Lavine (2/13/25) Dep. Tr.) at 52:15-19 ("▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌."). According to her colleagues, during her time at ItsOn, Ms. Stark worked on several technologies related to the Asserted Patents including ▌▌▌▌▌▌▌▌ (Headwater contends ItsOn practiced the Asserted Patents), ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. *See* Ex. 7 (Lavine (2/13/25) Dep. Tr.) at 76:11-14; Ex. 8 (Green (2/22/25) Dep. Tr.) at 33:18-34:8; Ex. 9 (Nguyen (2/7/25) Dep. Tr.) at 45:2-48:11; *see also* Ex. 10 (Fitzgerald (5/8/25) Dep. Tr.) at 32:15-22 (describing Ms. Stark as ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌).

Finally, Ms. Stark may be called to testify at trial to provide additional supporting facts, which the jury should be entitled to consider. Thus, in view of the above and because third-party testimony of Ms. Stark has yet to be heard, disputes of material fact exist which preclude summary judgment.

### B. Headwater's Motion Rests on a False Premise and Inconsistent Statements.

While the above evidence is sufficient to preclude summary judgment, Samsung further responds to clarify several false and/or inconsistent statements proffered by Headwater in its motion. **First**, Headwater's representation that Samsung does not contest the priority dates for the '110 and '359 patents is inaccurate, at best. **Second**, Headwater is wrong that Ms. Stark's employment date is issue-dispositive because Headwater itself told the Patent Office that Ms. Stark was an inventor on a separately-filed Headwater patent and also expressly represented to the Patent Office that such separately-filed patent was entitled to a priority date prior to Ms. Stark's supposed start date at ItsOn.

7

1. **Samsung contests the priority dates for the '110 and '359 patents.**

Headwater is wrong that Samsung does not contest the priority dates for the '110 and '359 patents, at least because Dr. Schonfeld expressly contests that written description support exists for both the '110 and '359 patents. While Dr. Schonfeld does not contest the alleged priority dates for the Asserted Patents *for purposes of his anticipation and obviousness opinions*, Dr. Schonfeld explicitly opines that the alleged priority application Headwater identifies, *i.e.*, "the '354 Application lacks written description support for the Asserted Patents." Ex. 2 (Schonfeld Op. Rpt.) ¶ 189. Dr. Schonfeld further identifies several key limitations lacking written description support in the '354 application, including, for example, the '110 patent's claimed "first service policy for enabling control of the first service activity on the first wireless network that is different from how the first service activity is controlled on the second wireless network." *Id.* ¶ 191. Dr. Schonfeld later identifies several other limitations lacking written description support in the asserted '110 patent's specification. *Id.* ¶¶ 470-81. Similarly, Dr. Schonfeld opines that the asserted '359 patent lacks written description support for, among other claim elements, the claimed "WWAN differential traffic control policy." *Id.* ¶¶ 552-65. Thus, Headwater has mistakenly represented that Samsung is not contesting the respective alleged priority dates of the '110 and '359 patents, and disputes of material fact remain surrounding (1) the appropriate priority dates of the '110 and '359 patents; and (2) Ms. Stark's omission as an inventor on the '110 and '359 patents. Headwater cannot sidestep either of these factual disputes by misstating that the priority dates are undisputed.

2. **Headwater told the Patent Office that Lisa Stark was inventing Headwater patents before her alleged start date at ItsOn.**

Setting aside that Samsung does in fact dispute the alleged priority dates of the '110 and '359 patents, which erodes the entire foundation of Headwater's motion, Headwater is similarly wrong that Ms. Stark's start date at ItsOn is issue-dispositive because Headwater itself relied on a

8

March 2, 2009 priority date—*i.e.*, a date prior to when Headwater alleges Ms. Stark began working at ItsOn—to overcome a prior art rejection during prosecution of the '813 application naming Ms. Stark as inventor. Indeed, during prosecution of the '813 application, on which Ms. Stark is a co-inventor with Dr. Raleigh, Headwater told the Patent Office that the '813 application claimed priority to U.S. Patent Application No. 12/380,780 (hereinafter the "'780 application"), filed on March 2, 2009, to overcome an obviousness rejection based on prior art dated May 31, 2010—despite Ms. Stark purportedly not beginning her employment at ItsOn until June, 2009:

> The present application claims priority to U.S. 12/380,780, now U.S. Pat. No. 8,839,388 (which also claims priority to four provisional applications that may establish an earlier priority date, but for current purposes Applicant has not performed such analysis). The '780 application was filed on March 2, 2009. The earliest possible priority date for subject matter in Oerton is May 31, 2010.

> Applicant respectfully submits that Oerton as applied to the rejection of claims 1-11 is not prior art to the subject matter of such claims, and thus a *prima facie* case of obviousness is missing.

Ex. 1 ('813 Application (1/9/22) Applicant Arguments Made in Amendment) at pp. 5-6. Thus, either Headwater misled the Patent Office to secure validity of the '780 application, or Ms. Stark's employment dates do not de facto warrant summary judgment as Headwater now claims.

## VI.     CONCLUSION

Based on the above, Samsung respectfully submits that disputes of material fact exist which preclude summary judgment.

9

Dated: July 28, 2025

Respectfully submitted,

By: */s/ Benjamin K. Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman

10

        CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

██████████████████████████████████████

████████████████████████████████████████████

████████████████

                              ████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 28, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                              */s/ Benjamin K. Thompson*