IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S PARTIAL OPPOSITION TO HEADWATER RESEARCH LLC'S
MOTION TO STRIKE PORTIONS OF THE EXPERT OPINIONS OF
DR. DAN SCHONFELD [DKT. NO. 158]**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT .................................................................................................................. 2

     A.   Samsung partially opposes Headwater's motion as it concerns Dr. Schonfeld's inequitable conduct theories related to Blackberry ................................................. 2

     B.   Samsung partially opposes Headwater's motion as it concerns Dr. Schonfeld's opinions on certain non-infringing alternatives to the Asserted Patents ................. 3

III. CONCLUSION ............................................................................................................... 5

## EXHIBIT INDEX AND NOTES

| Exhibit | Description |
| --- | --- |
| 1 | Excerpts from 2025-06-20 Rebuttal Expert Report of Erik de la Iglesia |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

## I.  INTRODUCTION

Headwater's motion seeks to strike certain opinions concerning inequitable conduct and non-infringing alternatives from the opening and rebuttal reports of Samsung's technical expert, Dr. Schonfeld. The foundation of Headwater's argument is that the targeted opinions were not properly disclosed in discovery. That assertion is wrong and thus there is no basis to strike his opinions.

However, in the interest of narrowing the disputes in this case in advance of trial, Samsung only partially opposes Headwater's requested relief. Namely, Samsung agrees to withdraw Dr. Schonfeld's opinions regarding inequitable conduct as it relates to Blackberry prior art. Samsung further agrees to withdraw Dr. Schonfeld's opinions asserting that the unenforceable '359 patent claims are a non-infringing alternative. Samsung further agrees, consistent with Headwater's request, that Dr. Schonfeld will not assert that "an intermediary to handle certain API requests" is a non-infringing alternative to the '918 patent.

With that, Samsung opposes any further narrowing because the subject paragraphs in the reports: (a) do not specifically reference the theories that are the subject of Headwater's motion, and (b) are relevant to other opinions in Dr. Schonfeld's report—opinions Headwater does not seek to strike.

Samsung notes that it proposed this compromise to Headwater one week before this motion was due for filing, but received no response. Samsung believes this compromise should moot Headwater's motion.

## II. ARGUMENT

### A. Samsung partially opposes Headwater's motion as it concerns Dr. Schonfeld's inequitable conduct theories related to Blackberry

Headwater contends that Dr. Schonfeld's inequitable conduct opinions regarding Blackberry prior art that Headwater failed to disclose to the Patent Office should be stricken because, Headwater argues, those theories were not adequately disclosed during discovery. Samsung disagrees.

However, to resolve this dispute and streamline the case, Samsung agrees to strike paragraph nos. 956 and 958 from Dr. Schonfeld's opening report and further agrees that Samsung will not pursue an inequitable conduct defense based on Headwater's failure to disclose Blackberry prior art to the Patent Office.

Samsung opposes Headwater's request to strike paragraph nos. 955, 957, 985, and 986, because those paragraphs do not reference inequitable conduct and are separately relevant to other issues remaining in the case. For instance, Dr. Schonfeld offers invalidity opinions based on prior art Blackberry devices and features. *See, e.g.*, Dkt. 158-2 (Opening Report) at ¶¶ 77, 78. The paragraphs from Dr. Schonfeld's opening report that Samsung contends should not be stricken are separately relevant to Samsung's invalidity defense based on Blackberry. Specifically, those paragraphs contain Dr. Schonfeld's opinions on relevant issues:

(1) ¶¶ 955, 957: the availability of the Blackberry prior art as of the Asserted Patents' alleged priority dates. *Id.* at ¶¶ 955, 957.

(2) ¶¶ 985, 986: the fact that the specification mentions Blackberry, but there is no indication that the Patent Office considered Blackberry during its examination. *Id.* at ¶¶ 955, 957.

2

To be clear, Samsung does not intend to maintain these opinions in order to allege inequitable conduct. And with regards to (2) above, Samsung only plans to elicit these opinions in response to Headwater's expert's opinions concerning: (a) the fact that the patent specification mentions Blackberry indicates "that the inventions contained therein are improvements over those operating systems at the time;" or (2) any Headwater inference that the Patent Office specifically considered Blackberry prior art during prosecution of an Asserted Patent. Ex. 1 (de la Iglesia Rebuttal Report) at pg. 100 (Section 5.5, sub-number 4) and ¶¶ 749, 751-754.

Samsung believes its concessions noted above and partial opposition should moot this issue and further understands that, given Samsung's agreement to not pursue its Blackberry-related inequitable conduct defense, that Headwater will also agree to strike from its technical expert's rebuttal report, the specific paragraphs responding to that defense, including paragraph nos. 690 - 693, 697, and 749 – 754 of Mr. de la Iglesia's rebuttal expert report. *Id.* at ¶¶ 690 - 693, 697, 749 – 754.

> **B.     Samsung partially opposes Headwater's motion as it concerns Dr. Schonfeld's opinions on certain non-infringing alternatives to the Asserted Patents**

Headwater contends that Dr. Schonfeld's opinions on certain non-infringing alternatives to the Asserted Patents should be stricken because, Headwater argues, those theories were not adequately disclosed during discovery. Again, Samsung disagrees.

However, to resolve this dispute and streamline the case, Samsung agrees to strike paragraph nos. 722 – 726, 728, and 734 from Dr. Schonfeld's rebuttal expert report and further agrees, per Headwater's request, that Samsung will not specifically argue that the following are *non-infringing alternatives*: (1) the unenforceable claims of the '359 patent, and (2) the "intermediary" NIA for the '918 patent.

3

Samsung nevertheless opposes Headwater's request to strike paragraph nos. 719 – 721, 727, 729-733 of Dr. Schonfeld's rebuttal report and paragraph 1015 of Dr. Schonfeld's opening report because those paragraphs do not reference non-infringing alternatives and are separately relevant to other issues remaining in the case. For instance, Dr. Schonfeld's rebuttal report responds to Headwater's expert's opinions on the alleged technical benefits of the Asserted Patents. *See e.g.*, Dkt. 158-3 (Rebuttal Report) at ¶¶ 634, 705 - 717. In Dr. Schonfeld's rebuttal, he asserts that Headwater's technical expert failed to consider what benefits, if any, the Asserted Patents or accused features had over pre-existing systems or modifications to the Asserted Patent technology. *Id.* As part of that rebuttal, Dr. Schonfeld provides separate opinions on (1) the unenforceable '359 patent claims, and (2) modifications to the '918 patent technology. ***Notably, Headwater does not seek to strike any of those opinions or corresponding paragraphs from Dr. Schonfeld's reports***. *Id.* at ¶¶ 706 – 709. However, certain of the paragraphs Headwater does seek to strike, where Samsung opposes, are (1) separately relevant to Dr. Schonfeld's aforementioned technical benefits analysis (and even incorporated by reference into that section of this report), and (2) do not reference "non-infringing alternatives." Specifically, the paragraphs from Dr. Schonfeld's reports that Samsung contends should not be stricken, despite Samsung's agreement to not assert the targeted non-infringing alternatives, are:

(1) Rebuttal Report: ¶¶ 719-721: Dr. Schonfeld's discussion of how the '359 patent claims were disclaimed and became unenforceable. Dkt. 158-3 (Rebuttal Report) at ¶¶ 719-721.

(2) Rebuttal Report at ¶ 727: Dr. Schonfeld's discussion of "alleged benefits" of the unenforceable '359 patent claims. *Id.* at ¶ 727.

4

(3) Rebuttal Report at ¶ 729 - 733: Dr. Schonfeld's discussion of the benefits of certain unenforceable dependent claims of the '359 patent. *Id.* at ¶¶ 729-733.

(4) Opening Report at ¶ 1015: Dr. Schonfeld's discussion of a modification to the '918 patented technology, which Dr. Schonfeld expressly incorporated into his technical benefits analysis in his rebuttal report. Dkt. 158-2 (Opening Report) at ¶ 1015; Dkt. 158-3 (Rebuttal Report) at ¶ 714 ("Mr. de la Iglesia's opinions on the alleged benefits of the Asserted Patents and/or accused features also fail to quantify the incremental benefits over the alternative technologies identified and described in *Section XXII* of the Schonfeld Opening Report, whose operation and ***benefits were described in that report and which I incorporate herein***").

Given that the above-identified paragraphs (1) are separately relevant to Dr. Schonfeld's technical benefits analysis, (2) do not reference non-infringing alternatives, and the fact that Headwater is not seeking to strike Dr. Schonfeld's technical benefits analysis (including its incorporation of opinions from other sections), the above-identified paragraphs should most certainly remain even if Headwater's other relief is granted.

Samsung believes its partial opposition should moot this issue.

## III. CONCLUSION

Samsung agrees to the primary relief sought in Headwater's motion, but partially opposes, as set forth above. Specifically, Samsung agrees to strike paragraph nos. 956 and 958 from Dr. Schonfeld's opening report and paragraph nos. 722 – 726, 728, 734 from Dr. Schonfeld's rebuttal expert report. Samsung otherwise opposes Headwater's motion, which should be partially denied for reasons set forth herein to the extent Headwater does not agree its motion is now moot in light of Samsung's concessions.

Dated: July 28, 2025            Respectfully submitted,

By:   */s/ Benjamin K. Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

6

John-Paul Fryckman
CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

7



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 28, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin K. Thompson*
