# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF '359 PATENT CLAIM 26 [DKT. NO. 156]**

**PUBLIC VERSION**

Headwater fails to establish genuine disputes of material fact to preclude summary judgment. For starters, Headwater contends the Court cannot adjudicate validity under Headwater's claim interpretation, but cites no legal authority for that proposition. Setting that aside, Headwater's only substantive arguments in opposition hinge on a misreading of claim requirements and a waived claim construction that improperly imports requirements from other, disclaimed claims. Finally, Headwater tries—but fails—to walk away from its prior infringement theories. No genuine disputes of material fact remain, and summary judgment is appropriate.

## I. Response to Headwater's Statement of Alleged Undisputed Material Facts

**HW SUMF No. 1**: Disputed, but not material to resolving this motion. *See* Dkt. 172.

**HW SUMF Nos. 2-3**: Disputed as immaterial. Further disputed to the extent Headwater is misrepresenting Dr. Schonfeld's invalidity opinions.

**HW SUMF No. 4**: Undisputed that Dr. Schonfeld opines that Allowed Networks for Apps does not infringe the '359 patent. Otherwise disputed as immaterial.

## II. Assessing Invalidity Under Headwater's Claim Interpretation is Permissible

For limitation 1[c][i], Headwater incorrectly argues that it is improper for Dr. Schonfeld or the Court to adopt Headwater's claim interpretation for the purposes of assessing invalidity and that such adoption automatically creates factual disputes precluding judgment. *See* Opp. at 5-8. Indeed, Headwater wrongly contends—without legal authority—that "unless Samsung is willing to concede that Samsung's interpretation of Headwater's infringement theory is correct, there is a genuine dispute regarding claim scope that is material to Samsung's Motion." Opp. at 8. Not so. As explained in Samsung's Reply in support of its parallel motion for partial-summary judgment of invalidity with respect to the asserted '110 patent, courts routinely permit defendants to adopt a plaintiff's apparent claim interpretation to establish invalidity. *See* Dkt. 187 at 1-2. And thus nothing prevents the Court from similarly adopting Headwater's claim interpretation for purposes of adjudicating the '359 patent's validity at the summary judgment stage. Notably, Headwater

1

does not identify any actual dispute over whether limitation 1[c][i] is satisfied under Headwater's interpretation of the claims; nor could it, given the breadth of its allegations against the Allowed Networks for Apps feature. *See infra* Section V; *see also* Dkt. 156 at 12.

### III. The Blackberry Prior Art Meets Limitation 1[c][ii]

Headwater next misstates claim requirements to try to create factual disputes for limitation 1[c][ii]. Specifically, Headwater contends that BlackBerry OS 5.0's Connection Permissions cannot satisfy the claim requirements because "an indication regarding permission to use a feature is not the same as an indication of the ***availability*** of that feature" and that "an app may have permission to use a network, but the network might be unavailable due lack of connectivity. This shows that permission settings do not provide ***indications regarding network availability***." Opp. at 9. Claim 1, however, concerns conditions that "indicate[] the ***unavailability***…of an Internet data service," not indications of "availability," which is the subject of Headwater's gripe. In fact, Headwater does not contest the factual evidence set forth in Samsung's motion showing that when the Blackberry Connection Permissions are set to disable a certain wireless network access to an application, the Blackberry prior art would indeed "indicate[] the unavailability to the particular application"—i.e., the indication required by the claims. Dkt. 156 at 12. Headwater's argument is based on a misreading of the claim requirements and does not create a factual dispute.

### IV. Headwater's Waived Claim Construction Cannot Preclude Summary Judgment

Headwater seeks to avoid summary judgment by introducing an unsupportable and waived proposed claim interpretation for claim 26. Namely, Headwater contends "the 'active application' determination [of claim 26] influences policy application and the availability of Internet data service." Opp. at 11. Headwater's technical expert likewise debuted this belated claim construction in his rebuttal report. *Id.*; *see also* Dkt. 156 at 14-15. A waived claim construction cannot avoid summary judgment. *See Smart Path Connections, LLC v. Nokia of Am. Corp.*, 2024

2

WL 1344224, at *3 (E.D. Tex. Mar. 6, 2024) ("[A] new claim construction argument fundamental to a party's motion for summary judgment, if found waived, can be fatal to the motion").

Not only is Headwater's claim construction too late, it is substantively flawed. Headwater contends that claim 26 should be read to require that the "active application determination" based on "user interaction" must change claim 1's "traffic control policy." This proposed construction is inconsistent with the plain claim language, which contains no such requirement, and improperly seeks to import claim requirements found in unasserted, disclaimed claim 19 (as shown below).[1]

| Actual Claim 26 | Headwater's Proposed Claim 26 | Unasserted Claim 19 |
|---|---|---|
| "The wireless end-user device of claim 1, wherein the one or more processors are further configured to *determine that the different application is an active application based on a user interaction* with the different application." Dkt. 156-1 at claim 26. | Claim 26 requires that "the '*active application*' *determination [based on interaction] influences policy application and the availability of Internet data service*, because it is the 'different application' that is both (1) determined to be active and (2) the application to which Internet data service is available under the applied policy." Opp. at 11. | "The wireless end-user device of claim 1, wherein the one or more processors are further configured to dynamically *change the application of the stored WWAN differential traffic control policy based on monitoring of user interaction* with the device." Dkt. 156-1 at claim 19. |

In effect, Headwater proposes to read into claim 26 the requirement from unasserted and disclaimed claim 19 to "change the application of the stored WWAN differential traffic control policy" based on "user interaction," but no such requirement exists. The '359 patent contains multiple (now disclaimed) unasserted dependent claims that expressly recite that additional conditions will affect application of the "policy" in claim 1, but claim 26 does not have any such requirement. *See* Dkt. 156-1 at claims 17, 18, 20 (similarly claiming "dynamically chang[ing]

---

[1] Samsung requests that, to the extent the Court does not find that Headwater waived its belated claim construction argument for claim 26, the Court resolve the dispute to make clear that, the "active application" determination does not have to influence the application of claim 1's "policy." By doing so, the Court can (1) allow for summary judgment; (2) prevent Headwater from later arguing claim construction to the jury; and (3) streamline the issues in the case.

application of claim 1's "policy" based on various criteria); *see also* claim 3 ("apply the differential traffic control policy to the particular application when a user of the device is not directly interacting with the particular application."). Claim 26, as plainly written, does not require that an assessment of interaction must "influence[] policy application." Opp. at 11.

Headwater's argument that Samsung is somehow proposing a "new claim interpretation" (Opp. at 12) falls flat.[2] First, Samsung is applying only the plain and ordinary meaning of the precise claim language as written. *See* Dkt. 156 at 14-15. Samsung, unlike Headwater, is not adding or removing words in order to create unstated claim requirements. Second, Samsung's read of claim 26's plain language, unlike Headwater's, is consistent with the specification. For example, the specification teaches, contrary to Headwater's claim construction, that the determination of an active application does not have to be used to change policy application, but may be used for other purposes such as "network service usage activity monitoring/reporting." Dkt. 156-1 at 90:13-14. The plain language of claim 26 does not require all the additional limitations Headwater's tardy claim construction seeks to import. Headwater's new construction cannot stave off summary judgment.

## V.  Headwater's Remaining Arguments Also Fail

Finally, Headwater attempts to walk back its infringement allegations against the Allowed Networks for Apps feature, given that those allegations would read right on to the Blackberry prior art and render the '359 patent invalid. Headwater has consistently presented its infringement theory against the Allowed Networks for Apps feature right up until opposing this motion. Now, Headwater claims Samsung is misrepresenting Headwater's infringement arguments. The contrast between Headwater's infringement allegations before this motion was filed and since are telling:

---

[2] For the reasons explained in Dkt. 190, Headwater's mischaracterizations regarding Samsung's IPR arguments are also incorrect.

| Headwater in Opposition | Headwater Before its Opposition |
|---|---|
| "Neither Headwater or Samsung have ever alleged that Allowed Networks for Apps settings, standing alone, constitutes the claimed policy." Opp. at 7. | Mr. de la Iglesia's Expert Report, opining on the claimed "policy": "As an example, Data Usage (*including Allowed networks for app settings*), can be configured to *apply different policies* so that Internet data service is unavailable to certain applications, but available to others, as specified by the user input specifying which networks are permitted for the application." Dkt. 156-16 (Mr. de la Iglesia's Opening Report) ¶ 142. |

Setting aside Headwater's inconsistencies, its expert, Mr. de la Iglesia, plainly opined that the Allowed Networks for Apps feature can be configured to apply the claimed "policy" "so that Internet data service is unavailable to certain applications, but available to others." Dkt. 156-16 ¶ 142. It is undisputed: that is precisely the functionality the prior art Blackberry Connection Permissions provided:

> **Connection permissions for third-party applications**
> • • •
> **Internet:**
> Set whether third-party applications can access the Internet through your wireless service provider (for example, using a direct Internet connection or a WAP gateway).
>
> **Wi-Fi (if supported):**
> Set whether third-party applications can use Wi-Fi® connections.

Dkt. 156-9 at -951-52.

In short, Headwater has cemented its position on how it believes the '359 patent claims should be applied for purposes of alleged infringement. Headwater must confront those same claim interpretations (not create new ones) when trying to defend the '359 patent's validity. Under the view Headwater has taken to allege infringement of the Allowed Networks for Apps feature, claim 26 of the '359 patent is indisputably invalid.

## VI. CONCLUSION

Based on the above, Samsung respectfully submits summary judgment of invalidity is appropriate for the lone remaining enforceable claim of the '359 patent, claim 26.

PUBLIC VERSION

Dated: August 5, 2025                                    Respectfully submitted,

                                                  By:   */s/ Thad C. Kodish*
                                                      Ruffin B. Cordell
                                                      TX Bar No. 04820550
                                                      Michael J. McKeon
                                                      DC Bar No. 459780
                                                      Jared Hartzman (*pro hac vice*)
                                                      DC Bar No. 1034255
                                                      Brendan F. McLaughlin
                                                      DC Bar No. 1671658
                                                      **FISH & RICHARDSON P.C.**
                                                      1000 Maine Avenue, SW, Ste 1000
                                                      Washington, D.C. 20024
                                                      Telephone: (202) 783-5070
                                                      SERVICEFRSamsung-Headwater@fr.com

                                                      Thad C. Kodish
                                                      GA Bar No. 427603
                                                      Sara C. Fish
                                                      GA Bar No. 873853
                                                      Christopher O. Green
                                                      GA Bar No. 037617
                                                      Benjamin K. Thompson
                                                      GA Bar No. 633211
                                                      Steffen C. Lake
                                                      GA Bar No. 512272
                                                      Ashley A. Bolt
                                                      GA Bar No. 231197
                                                      Noah C. Graubart
                                                      GA Bar No. 141862
                                                      Erin P. Alper
                                                      GA Bar No. 940408
                                                      Peter Hong (*pro hac vice*)
                                                      GA Bar No. 365188
                                                      Katherine H. Reardon
                                                      NY Bar No. 5196910
                                                      Kevin Collareno (*pro hac vice*)
                                                      GA Bar No. 914951
                                                      **FISH & RICHARDSON P.C.**
                                                      1180 Peachtree St. NE, Fl. 21
                                                      Atlanta, GA 30309
                                                      Telephone: (404) 892-5005
                                                      SERVICEFRSamsung-Headwater@fr.com

                                                      John-Paul Fryckman

CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 5, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*
Thad C. Kodish