**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

HEADWATER RESEARCH LLC,

       *Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.,

       *Defendants*.

Case No. 2:23-CV-00641-JRG-RSP

JURY TRIAL DEMANDED

## SAMSUNG'S REPLY TO ITS MOTION TO STRIKE EXPERT
## REPORT OF MR. STEPHEN E. DELL [DKT. NO. 153]

**PUBLIC VERSION**

█████████████

## TABLE OF CONTENTS

I.    MR. DELL'S APPORTIONMENT METHODOLOGY IS UNRELIABLE ..................... 1

II.   MR. DELL'S FUTURE DAMAGES OPINIONS ARE UNRELIABLE .......................... 2

III.  MR. DELL'S ████████████ OPINIONS ARE INADMISSIBLE ..................... 2

IV.   THE COURT SHOULD STRIKE MR. DELL'S ██████████ OPINIONS............ 4

V.    THE *HEADWATER II* VERDICT IS IRRELEVANT AND PREJUDICIAL.................... 5

VI.   MR. DELL'S COPYING OPINIONS ARE UNSUPPORTED AND
      PREJUDICIAL ............................................................................................................... 5

PUBLIC VERSION

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                    **Page(s)**

*Allen Archery, Inc. v. Browning Mfg. Co.*,
   898 F.2d 787 (Fed. Cir. 1990)...................................................................................3

*EcoFactor, Inc. v. Google LLC*,
   137 F.4th 1333 (Fed. Cir. 2025) (en banc) ..............................................................4

*Finjan LLC v. SonicWall, Inc.*,
   84 F.4th 963 (Fed. Cir. 2023) ...................................................................................1

*Jiaxing Super Lighting Elec. Appl. Co., Ltd. v. CH Lighting Tech. Co., Ltd.*.
   No. 23-1715, slip op. (Fed. Cir. July 28, 2025) .......................................................4

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)..................................................................................2

*Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*,
   824 F.3d 1344 (Fed. Cir. 2016).................................................................................3

*Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*,
   577 U.S. 1099 (2016)................................................................................................3

*VirnetX, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014)................................................................................1

*WAPP Tech Ltd. P'ship v. Seattle Spinco, Inc.*,
   No. 4:18-cv-00469, Dkt. 399 (E.D. Tex. Feb. 8, 2021)...........................................2

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
   778 F.3d 1365 (Fed. Cir. 2015 .................................................................................3

**Other Authorities**

F.R.E. 702 ......................................................................................................................1, 3

Fed. R. Evid. 403 ..............................................................................................................5

**PUBLIC VERSION**

████████

## EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---------|-------------|
| 18 | Excerpts from 2025-07-19 Deposition Transcript of Stephen Dell |
| 19 | HW_00051377 |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

**PUBLIC VERSION**

## I.    MR. DELL'S APPORTIONMENT METHODOLOGY IS UNRELIABLE

That Mr. Dell's methodology was allowed in *Headwater II*[1] is not a basis for the Court to allow his opinions here.  To the contrary, it shows how untethered his methodology is to the patents in this case.  By Mr. Dell's admission, his methodology fails to properly apportion the incremental benefit of the asserted patents.  Regardless of whether the ▇▇▇▇ incremental improvement on which Mr. Dell relies was specifically disclosed, as Headwater claims Samsung must infer from Mr. de la Iglesia's results, Mr. Dell admitted his analysis was based on measuring the alleged incremental battery life improvement between the accused features added in Android 6.0 as compared to Android 5.0, which did not have them.  Ex. 18 (Dell Dep. Tr.) at 127:5-128:19.  But Android 5.0, the baseline on which Mr. de la Iglesia's whole analysis is based, ***did*** have accused features*,* including Network Policy and Power Savings Mode.  Dkts. 151-9, -10 ¶¶ 104, 702.  Therefore, the supposed ▇▇▇▇ improvement on which Mr. Dell bases his incremental benefits opinions is not "evidence tending to separate or apportion . . . the patentee's damages between the patented feature and the unpatented features," *Finjan LLC v. SonicWall, Inc.,* 84 F.4th 963, 976 (Fed. Cir. 2023), nor "carefully tie[d] proof of damages to the claimed invention's footprint in the market place." *VirnetX, Inc. v. Cisco Sys., Inc.,* 767 F.3d 1308, 1327 (Fed. Cir. 2014).

Mr. Dell's reliance on Dr. Groehn to "determine a dollar value" for the alleged incremental benefit is not "a reliable application of . . . principles and methods to the facts of the case, as Dr. Groehn failed to learn—let alone apply—any facts specific to this case.  F.R.E. 702.  As detailed in Samsung's Motion and Reply to Strike Dr. Groehn's opinions, this reliance renders Mr. Dell's entire apportionment and reasonable royalty analysis unreliable. See Dkt. 168; Dkt. 181.

---

[1] In Samsung's Motion and in this Reply, Samsung refers to Case. No. 2:22-cv-00422 (tried in January 2025) as "*Headwater I*" and Case No. 2:23-cv-00103 (tried in April 2025) as "*Headwater II*."  Confusingly, Headwater's opposition adopts the opposite designation.

Mr. Dell's final "apportionment" steps are similarly unreliable. Mr. Dell improperly applied a ███████ apportionment based on his belief that the accused features are on by default, which is contradicted by the evidence. Dkt. 151-9 ¶ 101. Mr. Dell's use of Samsung's ROIC is similarly unreliable because he identified no evidence indicating Samsung ever used ROIC during patent license negotiations or that such use was customary in the industry. *WAPP Tech Ltd. P'ship v. Seattle Spinco, Inc.,* No. 4:18-cv-00469, Dkt. 399, at * 10 (E.D. Tex. Feb. 8, 2021).

Thus, at each step, Mr. Dell failed to apportion his damages calculations to isolate the footprint of the asserted patent, which warrants exclusion.

## II.    MR. DELL'S FUTURE DAMAGES OPINIONS ARE UNRELIABLE

Mr. Dell fails to identify evidence to support his chosen methodology to calculate his lump sum amount. Mr. Dell identifies no evidence that either party would have agreed to a lump sum royalty based on applying a royalty rate to an estimate of future sales and cites no evidence that either party has done so in the past. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2009) (allowing parties to consider expected future usage ***assuming proof is presented to support the expectation***). Although Headwater cites cases where this Court permitted experts to present lump sum opinions covering future sales, Headwater ignores whether in those cases evidence existed to support that approach. Thus, because no such evidence exists in this case, the Court should exclude Mr. Dell's ███████ in future damages as unreliable.

## III.    MR. DELL'S ███████████████ OPINIONS ARE INADMISSIBLE

Because the ███████████████ was not the product of an arm's-length negotiation, the Court should strike Mr. Dell's opinion that the parties would have been "guided by the [agreement's] ███████ per unit royalty rate." *See* Dkt. 153-1 ¶ 112. The Court already recognized that ████████████████████████████████ *Headwater I*, 2024 WL 1808601 at *2. Thus, the agreement is not economically comparable to one at the hypothetical

**PUBLIC VERSION**

████████████████

negotiation, and the Court should exclude Mr. Dell's opinions based on it.[2]

As Mr. Dell's own testimony confirms, ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████     Mr. Dell also

conceded that no other Headwater license includes those rates, and at the time of his report

Headwater had never entered into any other license agreement. *Id.* at 189:16–19. Thus, the

agreement does not reflect market-tested terms or the outcome of a negotiation between

independent parties, and it cannot serve as a reliable damages benchmark. Allowing Mr. Dell to

rely on it would not only violate Rule 702, but it would also unfairly prejudice Samsung by falsely

suggesting that the rates reflect a legitimate, arm's-length valuation of the asserted technology.

Headwater's efforts to distance the ████████████████████████████

cannot salvage Mr. Dell's reliance on what remains a non-arm's-length agreement. ██████████

████████████████████████████████████████████  ██████

████████████████████████████████████████  ██████████

████████████████████████████████████████████████████

██████████████████████████████  The continuity of contract terms and personnel

---

[2] *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1377 (Fed. Cir. 2015) ("[R]oyalties paid by related parties have little probative value as to the patent's value."), *cert. granted, judgment vacated on other grounds sub nom. Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 577 U.S. 1099 (2016), *and opinion reinstated in part*, 824 F.3d 1344 (Fed. Cir. 2016); *Allen Archery, Inc. v. Browning Mfg. Co.*, 898 F.2d 787, 790 (Fed. Cir. 1990) (rejecting agreements between related parties as establishing a royalty rate because the transactions were not the result of arms-length bargaining).

**PUBLIC VERSION**

███████████████████

underscores that none of the iterations reflect a true market transaction between independent parties. Thus, these agreements are not a reliable basis for Mr. Dell's opinions.

## IV. THE COURT SHOULD STRIKE MR. DELL'S ███████████ OPINIONS

Headwater does not dispute that the ███████████████ are not patent license agreements and are not comparable in calculating a reasonable royalty. Mr. Dell concedes that they have no relevance to his analysis under *Georgia-Pacific* Factor 2 and that the revenues derived from them are not directly tied to the accused features. *See* Ex. 18 (Dell Dep. Tr.) at 245:21–246:7. His opinions regarding these agreements should be excluded on these bases alone.

Headwater argues Mr. Dell relies on these agreements only to suggest that Samsung is contractually obligated to use the accused Android OS features, and cannot implement a non-infringing alternative (NIA). ████████████████████████████

█████████████████████████████████████████████████████ Mr. Dell's opinions are thus not only irrelevant to a reasonable royalty analysis—they are factually unsupported.[3]

Headwater's true purpose in introducing the agreements is to distort the damages landscape for the jury. Mr. Dell opines that Samsung could not implement a non-infringing alternative

█████████████████████████████████████████████████████

Dkt. 179 at 12; *see also* Dkt. 153-1 ¶ 286. This framing invites the jury to consider Samsung's size and ██████████████████—both well-known to generate billions in revenue annually—not the value of the patented technology. Thus, redacting the specific dollar figures, as

---

[3] *See EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1346 (Fed. Cir. 2025) (en banc) ("Where . . . the relevant evidence is contrary to a critical fact upon which the expert relied, the district court fails to fulfill its responsibility as gatekeeper by allowing the expert to testify at trial."); *see also Jiaxing Super Lighting Elec. Appl. Co., Ltd. v. CH Lighting Tech. Co., Ltd.*. No. 23-1715, slip op. at *19-21 (Fed. Cir. July 28, 2025) (remanding for new trial in light of *EcoFactor* considerations).

**PUBLIC VERSION**

Headwater suggests, does nothing to cure the prejudice.  Dkt. 179 at 12.

## V.    THE *HEADWATER II* VERDICT IS IRRELEVANT AND PREJUDICIAL

Headwater's opposition fails to address that "jury-determined damages are not evidence of arm's-length negotiations" and offer no help in determining a reasonable royalty.  The risk of prejudice and jury confusion over a prior verdict involving different patents and features outweighs any minimal probative value.  *See* Fed. R. Evid. 403.  Headwater concedes Mr. Dell cites the $278 million verdict solely to support Dr. Raleigh's self-serving claim about the value of ██████ ████████—but Mr. Dell provides no evidence showing how, or whether, that verdict would have affected ██████████████████.  His opinion is speculative, irrelevant, and unduly prejudicial, and should be excluded under the Court's established practices.  *See, e.g.,* CMIL 13.

## VI.    MR. DELL'S COPYING OPINIONS ARE UNSUPPORTED AND PREJUDICIAL

Headwater wrongly claims that "Mr. Dell never states or even implies anything about copying," but the challenged paragraphs clearly suggest Samsung copied Headwater's technology—despite Mr. Dell lacking the expertise or foundation to make such claims.  For example, Mr. Dell draws conclusions on disputed facts and improperly steps into legal argument:



Dkt. 153-1 ¶¶ 35-36.  Mr. Dell's claim that Samsung was going to "implement" Headwater's "proprietary technology" improperly implies copying, despite his lack of technical expertise or personal knowledge about what software was disclosed, how it worked, or whether Samsung used it.  These are not economic opinions, but attorney argument in the guise of expert testimony. Because Headwater concedes it will not rely on paragraph 5, it should be stricken—and the remainder of the challenged paragraphs should be excluded as well.

PUBLIC VERSION
███████████

Dated: August 5, 2025

Respectfully submitted,

By:  */s/ Thad C. Kodish*

Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
Jared Hartzman (*pro hac vice*)
DC Bar No. 1034255
Brendan F. McLaughlin
DC Bar No. 1671658
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
SERVICEFRSamsung-Headwater@fr.com

Thad C. Kodish
GA Bar No. 427603
Sara C. Fish
GA Bar No. 873853
Christopher O. Green
GA Bar No. 037617
Benjamin K. Thompson
GA Bar No. 633211
Steffen C. Lake
GA Bar No. 512272
Ashley A. Bolt
GA Bar No. 231197
Noah C. Graubart
GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman

CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

PUBLIC VERSION



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 5, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s Thad C. Kodish*
Thad C. Kodish