**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

HEADWATER RESEARCH LLC,

       *Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.,

       *Defendants*.

Case No. 2:23-CV-00641-JRG-RSP

JURY TRIAL DEMANDED

## SAMSUNG'S OPPOSITION TO HEADWATER'S OPPOSED MOTION
## TO STRIKE CERTAIN OPINIONS OF SAMSUNG'S DAMAGES EXPERT
## <u>M. RAY PERRYMAN, PHD [DKT. NO. 157]</u>

**PUBLIC VERSION**

## <u>TABLE OF CONTENTS</u>

I. ARGUMENT .................................................................................................. 1

    A. Dr. Perryman's Opinions Regarding the InterDigital Letter of Intent Are Relevant, Admissible, and Compliant with the Court's Prior Orders.................... 1

    B. Dr. Perryman's Opinions On Other Offers and Valuations Are Relevant and Will Comply with Prior Orders........................................................................ 4

        1. Offers to Purchase Headwater and ItsOn ........................................ 4

        2. Stock Offer Letter ▇▇▇▇▇ to Make Further Investments .......................... 6

        3. ▇▇▇▇▇▇▇▇▇▇▇ .............................................................................. 10

    C. Dr. Perryman's Opinions Considering *Headwater I* Verdict are Relevant to the Hypothetical Negotiation Context ............................................. 10

    D. Samsung Agrees Not to Present Dr. Perryman's Opinion as to Disclaimed Claims as NIAs ......................................................................................... 12

II. CONCLUSION ............................................................................................. 13

**PUBLIC VERSION**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
    No. 2:15-CV-621-JRG-RSP, 2016 WL 7670833 (E.D. Tex. Sept. 21, 2016).........................2

**Other Authorities**

Fed. R. Evid. 402 ...................................................................................................................9

## EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---|---|
| 1 | Excerpts from 2025-06-20 Expert Report of M. Ray Perryman, PhD. |
| 2 | Excerpts from Trial Transcripts from *Headwater Research, LLC v. Samsung Electronics Co., Ltd., et al., Case No. 2:23-cv-00103-JRG* |
| 3 | Excerpts from Trial Transcripts from *Headwater Research, LLC v. Samsung Electronics Co., Ltd., et al., Case No. 2:22-cv-00422-JRG* |
| 4 | VZN-Subp-HW-SAM_000001 |
| 5 | Excerpts from 2025-06-06 Deposition Transcript of Roger Sippl |
| 6 | Dep. Ex. 5 of Roger Sippl |
| 7 | Dep. Ex. 3 of Roger Sippl |
| 8 | Dep. Ex. 4 of Roger Sippl |
| 9 | Dep. Ex. 2 of Roger Sippl |
| 10 | Excerpts from 2025-06-20 Rebuttal Report of Dr. Dan Schonfeld |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

**PUBLIC VERSION**

## TABLE OF ABBREVIATIONS

| | Description |
|---|---|
| *Headwater I* | Headwater Research LL v. Samsung Electronics Co. Ltd., Case No. 2:22-cv-00422-JRG-RSP |
| *Headwater II* | Headwater Research LL v. Samsung Electronics Co. Ltd., Case No. 2:23-cv-00103-JRG-RSP |
| LOI | InterDigital Letter of Intent |
| *Headwater v. Verizon* | Headwater Research LLC v. Verizon Comm'ns Inc., No. 2:23-cv-352 |

Headwater's motion offers no valid basis to exclude any portion of Dr. Perryman's opinions. At the outset, the motion targets only a narrow subset of his opinions: (1) his discussion of the Interdigital Letter of Intent; (2) offers and valuations related to the potential purchase of Headwater and ItsOn; (3) his reliance on the Headwater I verdict; and (4) his treatment of unenforceable claim 1 of the '359 patent as a potential non-infringing alternative. Each of these opinions was timely disclosed, falls well within the scope permitted by the Court's orders, and is fully admissible under the governing legal standards. In an effort to narrow the disputes before the Court, Samsung proposes some limited stipulations herein, and the remainder of Headwater's motion should be denied.

## I.    ARGUMENT

### A.    Dr. Perryman's Opinions Regarding the InterDigital Letter of Intent Are Relevant, Admissible, and Compliant with the Court's Prior Orders

This is the third case in which Headwater seeks to exclude Samsung's damages expert's opinions on the InterDigital Letter of Intent (LOI), which this Court has said in no uncertain terms is relevant and admissible. *See* Dkt. 435 (Order), *Headwater I* ("Because the Letter of Intent was executed by Headwater, it has relevance as an indication of Headwater's willingness to accept that purchase price at that point in time."); Dkt. 302 (Order), *Headwater Research LLC v. Verizon Comm'ns Inc.*, No. 2:23-cv-352 (granting Headwater's motion *in limine* to exclude the InterDigital LOI "***only*** to the extent that Defendants are prohibited from offering speculation about why the LOI was never consummated," and allowing all other evidence on the Interdigital LOI). In fact, in view of the *Headwater I* ruling, the parties jointly agreed on the admissibility of the InterDigital Letter of Intent in *Headwater II* by placing the document on the joint trial exhibit list. There is no reason any portion of Dr. Perryman's Interdigital LOI opinions should be excluded, as the LOI is no doubt relevant to and probative of an appropriate reasonable royalty in this case. *See, e.g.*,

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7670833, at *1 (E.D. Tex. Sept. 21, 2016) (finding damages expert opinions based on patent purchase agreements reliable and relevant to the calculation of a reasonable royalty).

Headwater seeks wholesale exclusion of the Interdigital LOI, but it identifies only alleged "speculation" by Dr. Perryman regarding why the deal was never consummated as the basis for its claimed prejudice. However, Samsung has already agreed not to speculate as to InterDigital's reasons for walking away from the deal, which directly addresses and resolves the prejudice concerns raised by Headwater as it did in the earlier cases.[1]  While Samsung again represents that it does not intend to offer speculative testimony about InterDigital's reasons for walking away from the transaction, Dr. Perryman's opinions in this case are not speculation. Rather, they describe ███████████████████████████████████████████████████████

████████████████████████. *See* Ex. 1 (Perryman Rpt.) ¶¶ 142, 344, 367.

The LOI—which Headwater signed—explicitly provided ████████████████



████████████████████████████████ Headwater points to Dr. Raleigh's testimony that ████████████████████████████ as undermining Dr. Perryman's opinions on these contract terms, but the testimony does not undermine the reliability of Dr. Perryman's

---

[1] *Headwater II,* Dkt. 360 at 1-2, (confirming Samsung's stipulation as to "not offer speculation as to why the InterDigital Letter of Intent was not consummated").

opinion.  Dkt. 157 at 3.  Dr. Perryman does not offer any opinion about *why* Interdigital ultimately declined to move forward; instead, ████████████████████████████████████████

████████████████████████████████████████.  *See* Ex. 1 (Perryman Rpt.) ¶¶ 142, 344, 367.  Notably, as Headwater admits, Samsung and Dr. Perryman previously presented these same facts during the *Headwater II* trial, and at no point did the Court rule this presentation of terms in signed LOI violate the stipulation precluding speculation.  Ex. 2 (*Headwater II* Trial Tr.) at 967:14-973:8, 975:5-11.

Second, Headwater attempts an end-run around the Court's previous rulings allowing evidence and testimony on the Interdigital agreement by claiming that its prejudicial nature outweighs its probative value because the agreement was never consummated.  But the Interdigital LOI is relevant because it is different than mere third party offers to buy Headwater that Headwater did not accept.  In contrast, the Interdigital LOI was an agreement *signed by Headwater* where it agreed to sell its entire portfolio—including the asserted patents—████████████████████

████████████████.  Dkt. 157-5 (Headwater/Interdigital LOI) at § 5; pg. 7.  As the Court has repeatedly recognized, "[b]ecause the Letter of Intent was executed by Headwater, it has relevance as an indication of Headwater's willingness to accept that purchase price at that point in time."  *See Headwater I,* Dkt. 435 (Order).

Moreover, the cross-examination testimony from Dr. Raleigh in *Headwater II*—cited in Headwater's motion—is irrelevant to Dr. Perryman's opinions in this case.  Dr. Perryman does not rely on Dr. Raleigh's prior testimony in forming his views on the Interdigital LOI.  *See* Dkt. 157 at 5.  Accordingly, there is no valid basis for excluding the Interdigital LOI or Dr. Perryman's related opinions, which are grounded in the terms of the agreement and undisputed facts—not speculation.

### B. Dr. Perryman's Opinions On Other Offers and Valuations Are Relevant and Will Comply with Prior Orders

Each of the offers and valuations for Headwater and ItsOn identified by Headwater for striking from Dr. Perryman's report are directly relevant to his damages analysis. Samsung will stipulate to certain limitations to comply with the Court's prior orders and resolve unnecessary disputes. However, Dr. Perryman's discussions of third party offers to purchase or invest in Headwater and ItsOn are relevant, supported opinions that do not unduly prejudice Headwater.

### 1. Offers to Purchase Headwater and ItsOn

In the interest of narrowing the disputes in this case, and consistent with the orders and stipulations in the prior cases, Samsung will again agree to stipulate to the following: "Samsung further stipulates (1) not to introduce testimony, evidence, or argument regarding **the amount** of offers from ████████████████, . . . ." *Headwater II,* Dkt. 360 at 1-2 (emphasis added). With this stipulation, Samsung will continue to be in compliance with the Court's order in *Headwater I,* Dkt. 435 at 5. Further, Samsung stipulates not to introduce at trial the dollar amount of the offers from ████████████████████████, as currently listed in Dr. Perryman's report at ¶¶143-148, 155-159. This resolves Headwater's motion as to Dr. Perryman's report at ¶¶ 143-147, 155-158.

As to Headwater's attempt to further exclude Dr. Perryman's opinions at ¶¶ 148, 149-154, and 159, Headwater overstates the Court's prior ruling. The Court did not, as Headwater now argues, rule that all unaccepted offers by third parties were irrelevant and unfairly prejudicial. Dkt. 157 at 7. The Court ruled to the contrary, declining to grant Headwater's motion to exclude Dr. Ugone's opinions discussing third-party offers that were not accepted by Headwater. *Headwater I,* Dkt. 435 at 4. Previously, Headwater made the same argument that third-party unaccepted offers were "irrelevant," but the Court held that "[t]his argument fails because Dr. Ugone does rely upon

these facts as part of his analysis." *Headwater I,* Dkt. 435 at 4.  The only portion that was struck was the ***amounts*** of the unaccepted offers ████████████████.  *Headwater I,* Dkt. 435 at 5.  Accordingly, Dr. Ugone was permitted to discuss the existence of prior third-party offers to Headwater as well as Headwater's attempts to sell itself during trial and how these would have factored into the parties' hypothetical negotiation under the *Georgia-Pacific* factors. Ex. 3 (*Headwater I* Trial Tr.) at 886:13-888:13. Dr. Perryman was likewise permitted to offer his own conclusions based on his analysis of third-party offers to purchase Headwater and/or ItsOn during the *Headwater II* trial as relevant to the hypothetical negotiation. Ex. 2 (*Headwater II* Trial Tr.) at 961:15-962:13.  Accordingly, contrary to Headwater's arguments, this Court has permitted discussion and opinions based on offers to purchase Headwater as relevant to the parties' hypothetical negotiation.

In this case, Dr. Perryman again opines that the prior offers from third parties such as ███████████████████████████████████████ illustrate under Factor 1 a lack of an established royalty to license the patents and Headwater's willingness "to solicit and engage in licensing and investment discussions." Ex. 1 (Perryman Rep.) ¶¶ 170-171.  Additionally, Dr. Perryman considers offers or discussions to acquire ItsOn as also relevant to the parties' hypothetical negotiation because Headwater maintains in the present suit that ItsOn's software practices the Asserted Patents, Dkt. 151-1 (de la Iglesia Open. Rep.) at ¶37, and during at least one of the ItsOn acquisition discussions Headwater ██████████████████████████ ███████████ Ex. 1 (Perryman Rep.) ¶ 150.  Dr. Perryman does not identify any specific dollar amounts and does not intend to opine on dollar amounts as to Headwater's attempts to solicit offers for ItsOn.  Ex. 1 (Perryman Rep.) ¶¶ 149-154.  Thus, such opinions should not be excluded because they are directly relevant to and relied upon in Dr. Perryman's Factor 1 analysis.

Because Headwater offers no basis other than relevance for exclusion of these offers to purchase Headwater and ItsOn from Dr. Perryman's report, the motion must be denied.

## 2.    Stock Offer Letter ████████ to Make Further Investments

While the Court has previously excluded the 2018 offer letter ████████ to purchase stock in Headwater, Ex. 4 (████████████████████████ Samsung recently obtained new fact discovery not previously available which clarifies the relevance of the valuation included in the letter and supports Dr. Perryman's analysis thereof.  In view of new deposition testimony and document production from Mr. Roger Sippl, Samsung respectfully requests the Court reconsider its rulings from prior cases on the relevance and admissibility of the ████ Offer Letter and related evidence to the present case.

On June 6, 2025, Samsung took the deposition of Mr. Roger Sippl of Sippl Investments, pursuant to a subpoena Samsung served on Feb. 18, 2025.  Mr. Sippl is a long-time board member of Headwater and his company Sippl Investments prepared ████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████████ ███████████████████████

**PUBLIC VERSION**



Specifically, after confirming ██████████████████████████████████████

███████████████, Mr. Sippl testified:

Ex. 5 (Sippl Dep.) at 55:16-56:19; *see gen. id.* at 54:5-57:8.

Mr. Sippl also testified regarding several new email documents he produced relating to the creation of the Series B-1 Term Sheet.  Mr. Sippl confirmed, as shown in a June 1, 2018 email, that ██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████

Dr. Perryman relies on Mr. Sippl's direct personal knowledge, his testimony, and his documents regarding the valuation included in the ████████ Offer Letter to support his opinions. Specifically, Dr. Perryman observes from Mr. Sippl's testimony that

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

Ex. 1 (Perryman Rep.) ¶160 (citing Ex. 5 (Sippl Dep.) at p 10-11, 15, 32, 42, 56, 58-60, and Exs. 7-9 (Sippl Dep. Exs. 2, 3, 4)).  Accordingly, Mr. Sippl's newly available testimony and documents

are evidence that Mr. Sippl, the financier and Headwater board member responsible for preparing

████████████████████████████████████████████████ Ex. 5 (Sippl Dep.)

at 55:16-24, *see also id.* at 30:15-23.  And further are evidence that ███████████████

████████████████████████████████████████████████

at 56:11-19.  Dr. Perryman uses this relevant new evidence to support his analysis of the ████

Offer Letter under *Georgia-Pacific* Factor 1 and Factor 15.  Specifically, Dr. Perryman opines

that, given Mr. Sippl's testimony, ██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██

Headwater does not challenge Dr. Perryman's opinions regarding the ██████ Offer Letter

as based on insufficient facts and evidence, as not tailored to and relevant to the facts of the case,

nor as outside Dr. Perryman's expertise.  Headwater only moves to exclude these opinions as

"inconsistent" with the Court's prior rulings, Dkt. 157 at 8, yet fails to address the effect of the

new Sippl evidence.  For the reasons set forth above, Samsung respectfully submits the new Sippl

evidence has demonstrated adequate Fed. R. Evid. 402 relevance of the ██████ Offer Letter, the

Series B-1 Term Sheet, and Mr. Sippl's testimony and documents regarding same, to the issues for

trial.  Any remaining concerns or challenges to the sufficiency of the evidence or Dr. Perryman's

opinions based thereon can be addressed by Headwater through vigorous cross examination of Dr.
Perryman and/or Mr. Sippl at trial. The Court should deny Headwater's motion to strike Dr.
Perryman's opinions relating to the ████ Offer Letter and the Headwater valuation therein
given the new evidence.

**3.** ████████ ████

Samsung represents and agrees it will not offer the opinions within Paragraph 36 that cite
or mention the ████████████, nor will it seek to use the ████████████
produced at HW_00058386. Specifically, Samsung agrees to withdraw the two sentences in
Paragraph 36 ending in footnotes 35 and 36 (which cite ████████). The remainder of Paragraph
36 relates to other issues and does not rely on the ████████████. Thus, Headwater
has not provided any basis for striking the rest of the discussion in this paragraph.

## C.    Dr. Perryman's Opinions Considering *Headwater I* Verdict are Relevant to the Hypothetical Negotiation Context

Dr. Perryman considers Headwater's damages demand in *Headwater I* because the accused
features in this case substantially overlap with the accused features at issue in *Headwater I*, and
Headwater described the alleged technical and economic benefits of the previously asserted patents
in nearly identical terms and based on a nearly identical methodology. Accordingly, the parties
would be aware that Headwater had previously demanded a much larger amount for the alleged
value of the same battery life savings benefit of one single patent covering nearly the same accused
features. Ex. 1 (Perryman Rep.) ¶¶164-169. Dr. Perryman does not directly use the prior damages
demand dollar value nor factor that dollar value into his calculations, but rather points to the
parties' awareness of the duplicative and overlapping allegations as a factor Samsung would take
into consideration during the hypothetical negotiation for three additional patents not previously
asserted, particularly where the hypothetical negotiation is only for a license for three patents.

Tellingly, Headwater has not moved to exclude similar opinions from Dr. Schonfeld opining on the relevance and outcome of *Headwater I*. For example, Dr. Schonfeld opines that "[t]he jury in the -422 Case found no infringement of any accused feature, including Data Saver, Power Saving Mode, App Standby, Doze, or Roaming Reduction," where Dr. Wesel previously presented his unreliable testing evidence in support of Headwater's infringement claims. Ex. 10 (Schonfeld Rebuttal Rep.) at ¶¶685-686, 693. Similarly, Dr. Schonfeld will point to the failure to prove the reliability of Headwater's prior claims *on these same Accused Features* at issue in this case as relevant to his opinion on infringement, just as Dr. Perryman finds it similarly relevant to the parties' negotiations under *Georgia-Pacific*. Headwater cannot distinguish Dr. Perryman's reliance on the prior jury verdict and allegations from Dr. Schonfeld's opinions, yet Headwater apparently has no objection to Dr. Schonfeld's opinions.

As to the Court's standing MIL No. 13, Samsung submits that the interconnectedness and substantial overlap between the parties and—importantly—the accused features suggests good cause for a limited exemption to be defined by the Court for this specific instance. There is substantial overlap in the allegations, the evidence, Headwater's arguments, Headwater's experts and their methodologies, the claimed benefits, and the accused features between *Headwater I* and the present case. For example, in addition to the overlapping accused features such as Data Saver, Power Saving Mode, App Standby, Doze, a key claim term substantively discussed during *Headwater I* included "interacting . . . with the user," *see, e.g.,* Claim 1 of '976 Patent (*Headwater I*, Dkt. 42-6), will likewise be in dispute for the '359 Patent, claim 26, which also recites "a user interaction." Dkt. 1-3. This combined with the limited and targeted nature of Samsung's experts' opinions referring to the *Headwater I* case—with Dr. Schonfeld primarily raising it regarding the unreliability of Dr. Wesel's testing and with Dr. Perryman primarily raising it as one consideration

**PUBLIC VERSION**

of many of the parties at the hypothetical negotiation—supports a finding that the relevance of the opinions referring to the prior case here outweighs any prejudice or potential confusion. Samsung is willing to discuss the most appropriate phraseology, context, and procedure with Headwater and the Court for referring to the *Headwater I* matter during this trial to ensure careful compliance with any exemption to CMIL No. 13.

However, no such limited exemption is justified or supported for any references to the *Headwater II* case precisely because of the ***lack*** of interconnectedness and overlap. There were different accused features (FCM and SPP), different technology (push notification servers), different fact witnesses (Mr. Hansen on behalf of Google), and different experts (Dr. Foster). The claims, arguments, evidence, and jury verdict in that case were inherently tied to push notification server technology, which is not at issue in this case nor related to this case. The Court's CMIL No. 13 should continue to apply to references to *Headwater II*. Similarly, the Court's CMIL should continue to apply to any references to the recent *Headwater v. Verizon* matter (or any upcoming matters against AT&T and/or T-Mobile) because of the different parties: Samsung is not a party to that case.

Accordingly, Samsung requests the Court deny Headwater's motion on this issue with guidance for a limited exemption to CMIL No. 13.

**D.    Samsung Agrees Not to Present Dr. Perryman's Opinion as to Disclaimed Claims as NIAs**

In accordance with Samsung's similar representation in its Response to Headwater's Motion to Strike Dr. Schonfeld (Dkt. 173), Samsung will likewise agree to strike the single sentence in Dr. Perryman's ¶ 310 referring to a non-infringing alternative theory based on the "unenforceable claim 1 of the '359 patent," which Headwater disclaimed in conjunction with an IPR proceeding. Ex. 1 (Perryman Rpt.) at ¶ 310 ("I also understand that Headwater has dismissed

as unenforceable claim 1 of the '359 patent, which would allow the claim to be used without infringement.") Dr. Perryman will not rely on or refer to any non-infringing alternative theory based on the "unenforceable claim 1 of the '359 patent;" however, Dr. Perryman will continue to rely on the remainder of any NIA theories referred to in ¶ 310 which are presented by Dr. Schonfeld.  This agreement moots Headwater's motion on this point.

## II.      CONCLUSION

For the foregoing reasons, Headwater's motion to strike portions of Dr. Perryman's opinions should be denied as to all bases which Samsung has not agreed to stipulate.


Dated: July 28, 2025                               Respectfully submitted,


                                    By:   */s/ Thad C. Kodish*
                                          Ruffin B. Cordell
                                          TX Bar No. 04820550
                                          Michael J. McKeon
                                          DC Bar No. 459780
                                          Jared Hartzman (*pro hac vice*)
                                          DC Bar No. 1034255
                                          Brendan F. McLaughlin
                                          DC Bar No. 1671658
                                          FISH & RICHARDSON P.C.
                                          1000 Maine Avenue, SW, Ste 1000
                                          Washington, D.C. 20024
                                          Telephone: (202) 783-5070
                                          SERVICEFRSamsung-Headwater@fr.com

                                          Thad C. Kodish
                                          GA Bar No. 427603
                                          Sara C. Fish
                                          GA Bar No. 873853
                                          Christopher O. Green
                                          GA Bar No. 037617
                                          Benjamin K. Thompson
                                          GA Bar No. 633211
                                          Steffen C. Lake
                                          GA Bar No. 512272
                                          Ashley A. Bolt
                                          GA Bar No. 231197
                                          Noah C. Graubart

**PUBLIC VERSION**

GA Bar No. 141862
Erin P. Alper
GA Bar No. 940408
Peter Hong (*pro hac vice*)
GA Bar No. 365188
Katherine H. Reardon
NY Bar No. 5196910
Kevin Collareno (*pro hac vice*)
GA Bar No. 914951
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
SERVICEFRSamsung-Headwater@fr.com

John-Paul Fryckman
CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com

**PUBLIC VERSION**

**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS**
**SAMSUNG ELECTRONICS CO., LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**



### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 28, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*