IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00641-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

I. Headwater MIL #1: "Exclude Evidence or Argument Previously Barred by this Court Regarding Alleged Spoilation or Failure to Preserve by Headwater or ItsOn"....................1

II. Headwater MIL #2: "Exclude any argument regarding Interdigital's state of mind or business practices or behavior toward Headwater after Headwater signed the non-binding Interdigital Letter of Intent (LOI), including any express or implied speculation about why the LOI was not consummated"...................................................................................4

III. Headwater MIL #3: "Exclude reference, testimony, evidence, cross examination, or argument regarding *other* Headwater patents asserted in *other* litigations to avoid jury confusion regarding the patents asserted here, including by excluding all testimony from Dr. Wesel and Mr. Lavine regarding the '976 patent in the 422 Action"............................6

IV. Headwater MIL #4: "Exclude Evidence Or Argument that Bugs or Failures of ItsOn's Software Were Caused by Practicing the Asserted Claims" ................................................9

# EXHIBIT INDEX AND NOTES

| Exhibit | Description |
| --- | --- |
| A | Excerpts from the Hearing Transcript, dated June 18, 2025 |
| B | Excerpts from the Trial Transcripts of *Headwater Research LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00103-JRG-RSP |
| C | Excerpts from 2025-06-20 Rebuttal Expert Report of Erik de la Iglesia |
| D | Excerpts from 2024-01-31 Deposition Transcript of James Lavine |
| E | Excerpts from the Hearing Transcript, dated December 16, 2024, from *Headwater Research LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00103-JRG-RSP |
| F | Excerpts from 2025-03-28 Headwater's Amended Objections and Responses to Defendants' First Request for Admission |

\*   Emphasis added unless otherwise noted.

I.  **Headwater MIL #1: "Exclude Evidence or Argument Previously Barred by this Court Regarding Alleged Spoliation or Failure to Preserve by Headwater or ItsOn"**

The Court should deny this MIL regarding evidence or argument that "Headwater or ItsOn spoliated or otherwise failed to preserve relevant documents or ESI" (MIL at 1) because: (1) this case is distinct from *Verizon*,[1] such that (2) the loss of relevant ItsOn ESI directly impacts Samsung's defenses and its ability to explain this evidentiary dearth to the jury. At a minimum, Headwater's MIL is premature given Samsung's outstanding spoliation motion and whatever relief that Court may fashion should it grant that motion.

The *Samsung* and *Verizon* Litigations are not "identical." Headwater asks the Court to equate this case with *Verizon,* forego an evaluation of the facts unique to this case, and instead rule as it did in *Verizon*. Headwater is wrong for at least two reasons.

*First,* Headwater says the Court's denial of *Verizon's* spoliation motion dictates granting Headwater's MIL here. MIL at 1. But this case and *Verizon* have materially different facts. Indeed, the Court held an evidentiary hearing on Samsung's pending spoliation motion, tacitly rejecting Headwater's contention that the hearing was unnecessary given the Court's spoliation ruling in *Verizon*. *See* Dkt. 136 (seeking parties' positions "on the necessity of holding this evidentiary hearing" in view of whether the Court had ruled on "what ***appears*** to be an identical issue" in *Verizon*); Dkt. 137 (outlining Headwater's contention that the spoliation issues rest on the "same arguments" and "relevant factual background" and Samsung's contention that the evidence in this case differs markedly from *Verizon*). Thus, at that evidentiary hearing, the Court observed that the spoliation motion in this case would be decided based on the distinct (and voluminous) factual record presented at that hearing:

---

[1] *Headwater v. Verizon*, No. 2:23-CV-00352-JRG-RSP (E.D. Tex.).

1

> THE COURT: Mr. Graubart, it probably would be worth noting on the record now that I understand that Samsung was not a party to the hearing that you're referring to, and I do not intend to hold Samsung to the factual issues determined in that hearing.
>
> I do think that the law that was being applied is the same, and certainly you can expect that I'm going to have the same view of the law in this case that I did in that case. But I do fully acknowledge and I think it's important for the record to reflect that your motion will be decided based on the factual record that is established in this case.

Ex. A (June 18, 2025 Hr'g Tr.) at 7:17-8:3; *see generally id.* (Samsung outlining myriad factual differences between the cases).

***Second***, Headwater states incorrectly and without explanation that "the Court's MIL ruling [on the same proposed MIL] in the *Verizon* case is fully justified here." MIL at 1-2. Not so. For example, in ruling on this MIL in *Verizon*, the Court recognized that Headwater had not "even argue[d]" that Verizon copied the ItsOn Solution, but instead relied on alleged copying by ***Samsung*** to bootstrap copying allegations against Verizon, and the Court granted summary judgement of no copying by Verizon. *Verizon*, 2025 WL 1903478 (E.D. Tex. June 16, 2025), *report and recommendation adopted*, 2025 WL 1903170 (E.D. Tex. July 9, 2025). Conversely, in this case, Headwater advances a persistent copying narrative against Samsung that permeates Headwater's complaint, discovery responses, expert reports, and damages theories. *See generally* Dkts. 59, 74. Thus, Headwater's (disputed) copying claim against Samsung in this case renders Headwater's failure to preserve relevant evidence particularly relevant in this case.

2

<u>Headwater's MIL Would Prevent the Jury from Consideration Relevant Facts</u>. Headwater incorrectly contends that the only reason for Samsung to tell the jury about Headwater or ItsOn's failure to preserve the ItsOn ESI/documents is to "prejudice Headwater." MIL at 2.

But Headwater's argument ignores that its failure to preserve evidence about the ItsOn software bears directly on Samsung's ability to rebut Headwater's copying allegations in this case.[2] For example, in support of its willfulness and secondary considerations arguments, Headwater contends the ItsOn Solution was so inventive and successful that Samsung allegedly copied it. Yet Headwater's failure to preserve the ItsOn code, emails, and technical documents hampers Samsung's ability to rebut those copying allegations, e.g., by demonstrating that Samsung's accused features do not make use of any ItsOn technology. Therefore, if the Court permits Headwater to tell its disputed copying story (over Samsung's objection),[3] then the jury is entitled to know *why* Samsung is unable to present technical evidence to rebut such prejudicial claims.

Similarly, as to Samsung's inventorship defense, most of the ItsOn emails and certain other documents (*e.g.*, ItsOn employment contracts) are gone. The jury is entitled to know why certain communications and documents relevant to improper inventorship are not available for the jury's consideration in evaluating these claims and defenses.

Moreover, Headwater's attempt to equate the present MIL with CMIL No. 1 misses the mark. MIL at 2. CMIL No. 1 precludes parties from "introducing evidence, testimony, or argument regarding pretrial proceedings or issues including but not limited to discovery disputes,

---

[2] For completeness, the missing ItsOn ESI refers to the ItsOn Solution source code and the majority of ItsOn emails and other ItsOn ESI (technical documents). The majority of ItsOn emails and ItsOn ESI (stored in cloud-based repositories) are gone/were never preserved. Further, while it is believed that the ItsOn Solution source code still exists in encrypted form, the password was misplaced, so neither party has been able to recover it. *See* Dkts. 59, 59-20, 59-27, and 69.

[3] *See* Samsung's pending MIL No. 4. Dkt. 203 at 9-12.

3

dispositive motion practice, or dropped claims or defenses." Headwater's MIL goes far beyond that, seeking to bar the jury from hearing why vast amounts of ItsOn email and ESI relevant to the parties' claims and defenses are not available. Even if the Court denies Samsung's spoliation motion, Samsung should not be precluded from telling the jury that certain relevant ItsOn information existed and was not maintained when ItsOn went out of business; otherwise, the jury could conclude such evidence never existed, to **Samsung's** detriment.[4]

## II. Headwater MIL #2: "Exclude any argument regarding Interdigital's state of mind or business practices or behavior toward Headwater after Headwater signed the non-binding Interdigital Letter of Intent (LOI), including any express or implied speculation about why the LOI was not consummated"

Samsung has already agreed that it will not speculate about InterDigital's reasons for walking away from a deal with Headwater—just as it stipulated in the -103 case and consistent with the Court's order in the -422 case. Dkt. 480 (-422 case) at 1; Dkt. 360 (-103 case) at 1–2 (confirming Samsung's stipulation "not [to] offer speculation as to why the InterDigital Letter of Intent was not consummated"). Samsung acknowledges that this necessarily encompasses speculation about InterDigital's state of mind following the execution of the Letter of Intent, as requested in Headwater's Motion in *Limine* No. 2.

What Headwater seeks now, however, goes much further, and the Court should deny that additional relief. Headwater's MIL asks the Court also to preclude any "statements by Samsung about InterDigital conducting diligence into Headwater's patents, considering their validity, or otherwise discussing InterDigital's . . . behavior toward Headwater." Dkt. 200 at 5. While Samsung does not intend to offer speculation about InterDigital's reasons for not consummating the transaction, it should be permitted to describe the terms of the LOI, ▮▮▮▮

---

[4] Notably, none of Headwater's cited cases presented the unique factual record here, regarding admittedly missing ESI relevant to claims/defenses to be resolved by the jury.

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████. Dkt. 157-5 at 1-4.

The Court has already decided—and repeatedly instructed the parties on—the metes and bounds of the parties' use of the InterDigital LOI. As the Court instructed counsel during trial in the -103 case trial, the parties are precluded from "offering speculation as to why the InterDigital letter of intent was not consummated. However, the Court makes it clear that ***it does not preclude otherwise a full discussion and use of the evidence relating to the letter of intent***." Dkt. 200-3 at 248:12-16. Testimony on the LOI's terms and the fact that a deal was not struck are within these bounds, including Samsung's specific questioning of Dr. Raleigh from the -103 trial, which Headwater now claims violated the court's rulings on this issue. MIL at 4 ("████████

████████████████████████████████████████

████████  ████████████  ████████████████

████████████████████████████████████████

████████████████████████████. In fact, Samsung later presented similar testimony through Dr. Perryman during the -103 trial, and at no point did the Court rule this presentation violated the stipulation precluding speculation as to why the deal was not consummated.[5] *See* Ex. B (-103 Trial Tr.) at 967:14-973:8, 975:5-11.

Consistent with its previous rulings, the Court should again preclude the parties only from offering "speculation as to why the InterDigital Letter of Intent was not consummated," just as it did in the -422 case, and consistent with the parties' agreement in the -103 case. Dkt. 480 (-422

---

[5] Headwater claims the InterDigital LOI was non-binding, but ████████████████
████████████████████████████████████████
████████████████████████████████████. Dkt. 157-5 at § 1.

5

case) at 1; Dkt. 360 (-103 case) at 1-2.

**III.    Headwater MIL #3: "Exclude reference, testimony, evidence, cross examination, or argument regarding *other* Headwater patents asserted in *other* litigations to avoid jury confusion regarding the patents asserted here, including by excluding all testimony from Dr. Wesel and Mr. Lavine regarding the '976 patent in the 422 Action"**

Counter to Headwater's characterizations, Samsung does not intend to present testimony about patents not asserted in this case or the "meaning of claim[s] terms in unasserted patents" (MIL at 6). Rather, the objected-to testimony from the -422 case is relevant to other issues in this case, including the operation of the accused features (and prior testing of those features), which bears on claim limitations in the asserted patents here.[6] Thus, the Court should deny Headwater's MIL for at least five reasons.

*First*, the challenged testimony concerns the operation of overlapping accused features at issue both in this case and the -422 case. Indeed, ***every single feature accused of infringement in the -422 case is also accused of infringement in this case***. Thus, Headwater is incorrect that "all . . . analysis and testimony" offered by its expert in the -422 case, Dr. Wesel, "focused on the claimed inventions of the patents asserted in the [-422 case]." MIL at 7-8. Dr. Wesel offered testimony both in deposition and at trial concerning the general functionality and operation of features accused in this case (e.g., Power Saving Mode, Data Saver, Doze, App Standby, Roaming Reduction, Network Policy, Connectivity Manager, etc.). As explained in Samsung's pending collateral estoppel motion (Dkt. 154), Headwater's infringement theories in this case hinge on, just as they did in the -422 case, the operation of the accused Android Network Policy Framework. As such, Dr. Wesel's testimony on that framework in the -422 case is also relevant here.

---

[6] Samsung understands the Court issued a MIL ruling consistent with this approach in the *Headwater v. Verizon* case recently before the Court. Headwater has advised Samsung that MIL No. 3 seeks relief beyond that ordered by the Court in the *Verizon* case, namely, the exclusion of the entirety of Dr. Wesel's prior testimony.

Inconsistencies between Mr. de la Iglesia's opinions about the operation of the accused features in this case and Dr. Wesel's prior testimony regarding the same features go directly to Mr. de la Iglesia's and Headwater's credibility.

***Second***, Headwater incorrectly claims that Dr. Wesel has "never been involved" in this case. MIL at 7. But, Headwater's technical expert in this case, Mr. de la Iglesia, specifically relies on Dr. Wesel's testing from in the -422 case, e.g., testing of Power Saving Mode (also accused in this case), and claims that past testing supports Mr. de la Igelsia's opinions as to the accused features' purported battery savings. Dkt. 151-2 ¶¶ 632-33. Thus, Mr. de la Iglesia's opinions place Dr. Wesel's testimony in the -422 case directly at issue here.

***Third***, Headwater is wrong about the degree of overlap between the claim scope of the asserted '359 patent and the '976 patent asserted in the -422 case, as evidenced by its identical infringement theories. *See generally* Dkt. 154. For example, as explained in Samsung's collateral estoppel motion, Headwater's tardy claim construction of '359 patent claim 26 requires that the "active application determination" (which is based on "interaction") affects whether the application would have Internet data service (i.e., how the policy in claim 1 is applied). *Id.* at 3. Likewise, according to Headwater, the '976 patent similarly claims a "differential traffic control policy that's applied such that internet activity on behalf of the first end user application is disallowed, is blocked when the processor classifies it as not interacting." *Id.* at 10. In other words, according to Headwater, both patents require applying a policy to disallow Internet access based on a determination of interaction. Tellingly, to argue that Samsung products satisfy this "interaction" limitation of the '359 patent, Headwater relies on the very same arguments it presented in the -422 case for the '976 patent: namely, that Android Network Policy framework disallows application network access based on a determination/classification of application

7

"interaction." *Id.* at 9-10. Hence, the testimony Headwater seeks to exclude is not irrelevant simply because Headwater incorrectly believes the two patents have a different claim scope.

***Fourth***, as to the testimony of named-inventor James Lavine, Headwater incorrectly claims it should be excluded because it makes reference to "interacting in the device display foreground with the user," which is a limitation of the '976 patent. But Mr. Lavine's testimony makes no specific mention of the '976 patent. Rather, his testimony addresses his understanding of general technical concepts as a named inventor of both patents, such as the degree of difference between determinations of foreground/background and interaction—which are concepts central to the parties' disputes in this case.[7] Indeed, Mr. Lavine's testimony mirrors the below language used by Mr. de la Iglesia to describe the '359 patent asserted here:



Ex. C (de la Iglesia Reb. Rpt.) ¶ 132; *see also id*. ¶¶ 113, 335, 349, 363, 384, 402, 652.[8]

***Fifth***, to the extent Headwater broadly seeks exclusion of the entirety of Mr. Lavine's testimony from the -422 case, the Court should deny that request because the testimony addresses other relevant topics beyond those highlighted in Headwater's MIL. For example, Mr. Lavine testified at length about ItsOn's products, operations, and eventual collapse. *See, e.g.*, Ex. D (Lavine Dep. Jan. 31, 2024) at 28:10-34:6. Mr. Lavine also testified about Headwater's familiarity with Android and ItsOn's reliance on Android's operating system for its products. *Id.* at 63:10-

---

[7] As explained in Samsung collateral estoppel briefing, Headwater has long conflated "interacting" and "interacting in the device display foreground." *See* Dkt. 189 at 3-4.

[8] For this same reason, Dr. Wesel's testimony referencing "interacting in the device display foreground" in the context of the overlapping accused features is equally relevant here.

8

64:14. None of this testimony was specific, or even related, to any patent asserted in the -422 case.

IV. **Headwater MIL #4: "Exclude Evidence Or Argument that Bugs or Failures of ItsOn's Software Were Caused by Practicing the Asserted Claims"**

The Court should deny Headwater's MIL No. 4 because (1) the Court has repeatedly found ItsOn's failures relevant and admissible; (2) Headwater itself contends ItsOn practiced the Asserted Patents and that Samsung is using ItsOn's technology; and (3) ItsOn's failures are relevant to the history of the parties, willfulness, secondary considerations, and the value of the patented technology as it relates to damages.

***First***, this Court has repeatedly and consistently denied in prior cases Headwater's request—just like this one—to exclude evidence of ItsOn's failures. For example, in the -422 case, Headwater sought to exclude several exhibits relating to technical issues and bugs with ItsOn's software, arguing they were irrelevant and/or prejudicial. *See* Dkt. 351 (-422 case) at 218:21-222:4. Rejecting Headwater's arguments, the Court found the exhibits relevant and overruled Headwater's objections:

```
17          THE COURT:  All right, thank you.  I've heard
18   enough to show relevance.  And the only objection I'm
19   hearing is that the Plaintiff will have to rebut it.
```

*Id.* at 221:17-222:4; *see also* Dkt. 344 (-422 case) at 49:2-4 ("You know, I just read your Complaint over the lunch hour and it's full of references to Samsung using ItsOn's technology.").

Similarly, in the -103 case, Headwater filed a MIL to exclude, *inter alia*, "evidence of the precise operational details of ItsOn software, including bugs and security issues." Ex. E (12/16/24 Pre-Trial Conf. (-103 case) Tr.) at 33:13-39:14. The Court denied Headwater's MIL, finding evidence of ItsOn's failures "relevant" and explaining that the Court "[does not] think that there is an effective way to draw a line" between allowing Headwater to "tell the jury that the ItsOn

development was an important part of the story of Headwater" and prohibiting Samsung from addressing "how successful or not ItsOn was." *See id.* Notably, the Court found evidence of ItsOn's failures relevant in the -103 case even though, unlike here, neither party argued that ItsOn practiced the asserted patents. Thus, here, where Headwater contends ItsOn did practice the Asserted Patents, evidence regarding ItsOn's failures and technical woes is even more relevant.

Despite now seeking a third bite at the apple, Headwater fails to identify any basis for a different outcome. Thus, consistent with its rulings in the -422 and -103 cases, the Court should deny MIL No. 2 because evidence of ItsOn's failures remain relevant.

***Second***, Headwater's insistence that ItsOn's failures are irrelevant because Samsung's expert, Dr. Schonfeld, disputes the nexus between ItsOn and the asserted claims ignores Headwater's and its experts' own repeated claims that ItsOn's software practiced the Asserted Patents. Headwater unequivocally admitted as much in RFA responses:

> **REQUEST FOR ADMISSION NO. 10:**
> Admit that the ItsOn Software practiced Asserted Patent No. 8,588,110. See HW_00010163.
>
> **RESPONSE TO REQUEST NO. 10**
> Admit.

> **REQUEST FOR ADMISSION NO. 12:**
> Admit that the ItsOn Software practiced Asserted Patent No. 9,179,359. See HW_00010163.
>
> **RESPONSE TO REQUEST NO. 12**
> Admit.

10



Ex. F (3/28/25 Supp. RFA Resp.) at RFA Nos. 10, 12-13. Consistent with Headwater's RFA admissions, Mr. de la Iglesia repeatedly opines that ItsOn practiced the Asserted Patents:

- ███████████████████████████████████
- ███████████████████████████████████
- ███████████████████████████████████
- ███████████████████████████████████
- ███████████████████████████████████

Headwater's damages expert, Mr. Dell, similarly opines that ItsOn software "practiced the Patents at Issue in this case." Dkt. 151-2 ¶ 325. Thus, the fact that Dr. Schonfeld opines he is unaware of any **nexus between the asserted patents and any commercial success** ItsOn may have had in the context of secondary considerations does not negate the relevance of ItsOn evidence, given Headwater's own positions.

***Third***, the Court should deny Headwater's MIL No. 4 because ItsOn-related evidence, including evidence of ItsOn's failures, is relevant to the history of the parties, willfulness, and secondary considerations. For example, Headwater's technical expert, Mr. de la Iglesia, discusses

11

at length the history between Samsung and ItsOn, including opining on: (a) Samsung's first awareness of ItsOn; (b) ItsOn software's implementation on certain Sprint-bound Samsung devices (including opining that Samsung became aware of Headwater patents through such implementation); and (c) that Samsung replaced ItsOn with its own solution. *See* Dkt. 151-1 ¶¶ 37-42. In his rebuttal report, Mr. de la Iglesia further expands on the history of the parties, and offers opinions on secondary considerations based on ItsOn, including incorrectly opining that: (a) ███████████████████████████████████████; (b) "The History Between ItsOn, Sprint, and Samsung Shows That Others, Including Samsung, Failed to Solve the Long-Felt Need for the Claimed Inventions and the Benefits They Provide"; and (c) "the history between ItsOn, Sprint, and Samsung illustrates industry recognition for the claimed inventions and the ItsOn solution that was marked on the ItsOn virtual marking webpage to indicate that it practiced the asserted patents." *See* Ex. C (de la Iglesia Reb. Rpt.) ¶¶ 616-625, 655-680. Given Mr. de la Iglesia's opinions and the underlying false accusation that Samsung copied ItsOn when developing its own, independent replacement solution, Samsung should be allowed to tell the jury exactly why it removed ItsOn from its phones—namely, due to repeated and protracted ItsOn failures, bugs, and security issues. In this same vein, evidence of ItsOn's failures, bugs, and security issues are highly relevant to rebutting Headwater's willfulness theories, particularly to show the jury why Samsung would not want to use Headwater's patented technology. That relevance aside, evidence of ItsOn's failures directly rebuts the secondary considerations opinions offered by Mr. de la Iglesia (as identified above).

Finally, evidence of ItsOn's failures speaks directly to the value of the patented technology as it relates to damages. Because Headwater has taken the position that ItsOn practiced each Asserted Patent, Samsung should be allowed to introduce evidence of ItsOn's failures—and

12

Samsung's and Sprint's knowledge of such failures—to call into question the value of Headwater's patents and to further argue that Samsung would not have viewed a license to the Asserted Patents as valuable. As explained by Samsung's damages expert, Dr. Perryman, the fact that " ▮ ▮ ▮ ▮ " Dkt. 174-1 ¶¶ 344-45.

In short, Headwater cannot pick and choose which parts of ItsOn's history are revealed to the jury and which remain hidden. Doing so would allow Headwater to present a one-sided version of events as to ItsOn—leaving the jury with the misimpression that ItsOn was successful and giving Headwater and Dr. Raleigh industry credibility—while shielding itself from any ItsOn evidence it views as unfavorable. As with the -422 and -103 cases, Samsung must be permitted to present the full picture.

13

|  |  |
|---|---|
| Dated: August 25, 2025 | Respectfully submitted,<br><br>*/s/ Noah C. Graubart*<br>Ruffin B. Cordell<br>TX Bar No. 04820550<br>Michael J. McKeon<br>DC Bar No. 459780<br>Jared Hartzman (*pro hac vice*)<br>DC Bar No. 1034255<br>Brendan F. McLaughlin<br>DC Bar No. 1671658<br>**FISH & RICHARDSON P.C.**<br>1000 Maine Avenue, SW, Ste 1000<br>Washington, D.C. 20024<br>Telephone: (202) 783-5070<br>SERVICEFRSamsung-Headwater@fr.com<br><br>Thad C. Kodish<br>GA Bar No. 427603<br>Sara C. Fish<br>GA Bar No. 873853<br>Christopher O. Green<br>GA Bar No. 037617<br>Benjamin K. Thompson<br>GA Bar No. 633211<br>Steffen C. Lake<br>GA Bar No. 512272<br>Ashley A. Bolt<br>GA Bar No. 231197<br>Noah C. Graubart<br>GA Bar No. 141862<br>Erin P. Alper<br>GA Bar No. 940408<br>Peter Hong (*pro hac vice*)<br>GA Bar No. 365188<br>Katherine H. Reardon<br>NY Bar No. 5196910<br>Kevin Collareno (*pro hac vice*)<br>GA Bar No. 914951<br>**FISH & RICHARDSON P.C.**<br>1180 Peachtree St. NE, Fl. 21<br>Atlanta, GA 30309<br>Telephone: (404) 892-5005<br>SERVICEFRSamsung-Headwater@fr.com |

███████████████████████████

John-Paul Fryckman
CA Bar No. 317591
Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
**FISH & RICHARDSON P.C.**
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Plaintiff through its counsel of record via email on August 25, 2025.

*/s/ Noah C. Graubart*

16